**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |
|---|---|
| *In re*: | Chapter 11 |
|  | (Joint Administration Pending) |
| River City Renaissance, LC, & |  |
| River City Renaissance III, LC, |  |
|  |  |
| *Debtors*. | Case No. 14-34080-KLP |

**INTERIM ORDER GRANTING EMERGENCY MOTION UNDER § 543 FOR LIMITED WAIVER OF TURNOVER REQUIREMENT**

Upon the Emergency Motion Under § 543 For Limited Waiver Of Turnover Requirement (the "Motion") filed by River City Renaissance, LC ("RCR") and River City Renaissance III, LC ("RCR III"; collectively, the "Debtors"), as debtors and debtors-in-possession, through their proposed counsel, pursuant to 11 U.S.C. §§ 105(a), 542, and 543, and Rules 6002, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Rules");  and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estate, their creditors, restitution claimants, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause

Robert H. Chappell, III, Esq. (VSB No. 31698)
Neil E. McCullagh, Esq. (VSB No. 39027)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:      (804) 697-2000
Facsimile:       (804) 697-2100
*Proposed Counsel for the Debtors & Debtors-In-Possession*

appearing therefor;

IT IS HEREBY FOUND THAT:

    A.    On the Petition Date, the Debtors filed a petition for relief under chapter 11 of the Code.

    B.    Since the Petition Date, the Debtors remain debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or committee has been appointed in the Debtors' chapter 11 case.

    C.    Good cause has been shown for entry of this Order, and, absent this relief, the Debtors' estates will suffer a diminution in value. This Order is in the best interests of the Debtors, their creditors, the restitution claimants, tenants, and other parties-in-interest.

    D.    On April 22, 2014, in each of the pending Circuit Court cases that comprise the Receiver Action, the Circuit Court entered the Receivership Orders, which do *not* authorize, but instead prohibit, the Receiver from marketing or selling the Properties, and also provide, in part, that:

    a. The Receiver may take possession of the Properties, and incidental personal property and collateral.
    b. The Receiver shall provide notice to creditors pursuant to Virginia law.
    c. The Receiver shall take an inventory of the tangible and intangible property related to the Properties.
    d. The Receiver has the power to operate and manage the Properties, including the right to pay the costs and expenses incurred in doing so, provided that excess funds available shall be paid to U.S. Bank National Association, as trustee, successor-in-interest to Bank of America, N.A., as trustee, successor to Wells Fargo Bank, N.A., as trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2005-C22 and U.S. Bank National Association, as trustee, successor-in-interest to Bank of America, N.A., as trustee, successor to Wells Fargo Bank, N.A., as trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C23 (collectively, "Noteholders") and the right to establish bank and operating accounts in the Receiver's name.
    e. The Receiver has the power to appoint and retain agents, independent contracts, and

      counsel.

f. The Receiver has the power to issue demands relating to and to freeze bank accounts.

g. The Receiver also has powers relating to the continuation and transfer of utilities services and post office boxes, as well as opening and reviewing mail.

h. The Receiver has the power to identify all sources of revenue and make demand related thereto, as well as to demand deposits.

i. The Receiver has the power to pay current operating expenses associated with the Properties and collateral, and its fees and administrative expenses.

j. The Receiver has the power to maintain, modify, terminate, and obtain insurance for the Properties and to be named as loss payee under any applicable and related policies.

k. The Receiver has the right to enter into leases, contracts, and other agreements regarding the occupancy and use of the Properties.

l. The Receiver has the power to make improvements to the Properties and apartments situated thereon.

m. The Receiver has the power to borrow funds from Noteholders as required to cover operating expenses, which are treated as advances under the Debtors' existing loan documents and shall become a part of the indebtedness due from the Debtors to Noteholders.

n. The Receiver has the power to request law enforcement assistance as necessary.

o. The Receiver is directed to prepare, if appropriate, an operating budget within 60 days of its appointment.

p. The Receiver may make a distribution of funds in excess of operating costs, according to a priority schedule, which priority schedule is as follows: Noteholders, Chevron, and an escrow account.

q. The Receiver shall prepare monthly reports and file with the Court and serve those reports.

r. The Receiver shall report to the Commissioner of Accounts.

s. The Receiver shall be compensated by a monthly flat fee of $500, a court appearance fee of $500 per appearance, and a monthly management fee of, the greater of, 4.0% of gross collections or $10,900.00.

t. The Receiver's disbursements are limited to $10,000.00 at any one time.

u. The Receiver may utilize the Debtors' federal tax ID numbers but is not obligated to prepare or file tax returns on the Debtors' behalf.

v. The Receiver may obtain and pay any and all fees associated with any lawful licenses or permits.

w. The Receiver has the power to negotiate contracts.

x. The Debtors' may not sell any parcel or part of the Properties.

THE COURT HEREBY ORDERS AS FOLLOWS:

1. The Motion is GRANTED on an interim basis in accordance with the terms and conditions of this Order.

2. Subject to further order of this Court, no provision of the Receivership Orders shall operate to restrain, limit, or otherwise affect the Debtors' rights under the Code and applicable law as debtors, debtors-in-possession, and trustees, including, without limitation their rights under § 363.

3. The Receiver is directed to continue to manage the Properties in the same fashion and for the same commission as it has previously provided through September 30, 2014, during which period of time the Debtors and the Liquidating Representative may determine the appropriate course of action for ongoing management, maintenance, and preservation of the operations at the Properties.

4. Within seven (7) days of the date of entry of this Order, the Debtors, with the consent of the Office of the U.S. Trustee, shall have made appropriate arrangements so that existing bank accounts operated by and under the control of the Receiver, shall be operated and controlled by an entity, person, or professional with fiduciary obligations to the Debtors' bankruptcy estates.

5. Compensation due to the Receiver through August 31, 2014 shall be paid as provided for in the Budget, which was submitted and admitted to the Court as **Exhibit 2**, at the Friday, August 1, 2014 Expedited Hearing before the Court, subject to the approval of the Liquidating Representative and the Office of the U.S. Trustee, as well as future review by the Court.

6. The Receiver is directed to provide access to and, as requested, to turnover to the Debtors' professionals, including the Liquidating Representative, any and all documents, business records, accountings, audit reports, and other records incidental to the Debtors' business and the operation of the Properties, or copies thereof, in the Receiver's possession and control so as to permit the Debtors to accurately complete their Schedules and Statement of Financial Affairs and to provide access to the Debtors' Properties.

7. The provisions of this Order are expressly subject to the provisions and terms of any interim and final order entered on the Debtors' Cash Collateral Motion, and to the extent that excess funds are derived from the revenues and operation of the Properties, beyond the sum of funds necessary to cover costs and expenses relating to the Receiver's continued management and operation of the Properties, the Court directs the Receiver to turnover to the Debtors, or to the Debtors' authorized professionals, including the Liquidating Representative, those excess funds on going-forward basis in accordance with the Cash Collateral Motion.

8. The terms and provisions of this Order shall expire at 5:00 PM, prevailing Eastern Time, on September 30, 2014, unless, either (i) the Court orders otherwise after convening a final hearing on the Motion, or (ii): (1) the Debtors, through their professionals, including, without limitation, the Liquidating Representative, provide written notice of the Debtors' intent to assume management of the Properties via e-mail and/or first class postage prepaid U.S. Mail to: (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) the Debtors' 20 largest unsecured creditors; (c) counsel to Noteholders; (d) the Receiver and counsel to the Receiver, and (e) Chevron and counsel for Chevron, and (2) Noteholders are afforded such notice and an opportunity to be heard regarding the Debtors' proposed assumption of the

management of the Properties.  This paragraph is without prejudice to any parties' rights to seek expedited relief or shortened notice as to the duration of this Order.

9. In connection with paragraph 6, above, the Receiver is directed to cooperate fully with the efforts of the Debtors, and their respective professionals, including, without limitation, the Liquidating Representative to insure that any transition or change in management does not have an adverse effect on the Debtors' estates, the Properties, or the tenants at the Properties.

10. Except as explicitly provided for herein, this Order does not create any rights for the benefit of any third party, creditor, equity holders, or any direct, indirect or incidental beneficiary.

11. This Order shall be effective upon its entry and not subject to any stay, notwithstanding anything to the contrary contained in the Rules.  The provisions of this Order and any actions taken pursuant hereto, shall survive the entry of any order which may be entered (a) confirming any plan of reorganization; (b) dismissing either one or both of these chapter 11 cases; (c) converting either one or both of these chapter 11 cases to cases under any other chapter under the Code; (d) withdrawing of the reference of either one or both of these chapter 11 cases from the Court; and (e) providing for abstention from handling or retaining of jurisdiction of either one or both of these chapter 11 cases in the Court.

12. The Debtors, the Receiver, and Noteholders may amend, modify, supplement or waive any provision of this Order in writing if such amendment, modification, supplement or waiver is not material, without any need to apply to, or receive further approval from, the Court. The Debtor shall provide notice of any such nonmaterial amendment, modification, supplement or waiver to counsel for any official committee of creditors appointed in this case and the office of the Office of the United States Trustee.  Any material amendment, modification, supplement

or waiver shall be in writing, signed by the Debtors, either through the undersigned counsel or the Liquidating Representative, and Noteholders, and approved by the Court on appropriate notice by the Debtors.

13. In the event of any inconsistency between the provisions of this Order and the Motion, the provisions of this Order shall govern.

DATE: August 1, 2014

/s/ Kevin R. Huennekens
United States Bankruptcy Judge

ENTERED ON DOCKET: Aug 1, 2014

*I ask for this*:

/s/ James K. Donaldson
Robert H. Chappell, III, Esq. (VSB No. 31698)
Neil E. McCullagh, Esq. (VSB No. 39027)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:    (804) 697-2000
Facsimile:    (804) 697-2100
*Proposed Counsel for the Debtors & Debtors-In-Possession*

## **CERTIFICATION**

The undersigned certifies that the foregoing Interim Order has been endorsed by or served on all necessary parties as required by Local Bankruptcy Rule 9022(C)(1).


| _8/1/2014_ | _/s/ James K. Donaldson_ |
|---|---|
| Date | Proposed Counsel |


**PARTIES TO RECEIVE COPIES:**

Robert H. Chappell, III, Esquire
Spotts Fain PC
411 East Franklin Street; Suite 600
Richmond, VA 23219

Robert B. Van Arsdale, Esquire
Office of the U.S. Trustee
701 E. Broad St., Suite 4304
Richmond, VA 23219

Jim Pulliam, Esquire
Kilpatrick Townsend & Stockton LLP
214 North Tryon Street, Suite 2400
Charlotte, NC
28202-2381