**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| *In re*: | ) ) | Chapter 11 |
| | ) | (Joint Administration Pending) |
| River City Renaissance, LC, & | ) | |
| River City Renaissance III, LC[1], | ) | |
| | ) | |
| *Debtors*. | ) | Case No. 14-34080-KLP |
| | ) | |

**INTERIM ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL,
(II) GRANTING ADEQUATE PROTECTION, AND
(III) SCHEDULING A FINAL HEARING**

Upon the motion (the "*Motion*")[2] of the debtors and debtors-in-possession in the above-captioned case (the "*Debtors*"), for an interim order (this "*Order*") (a) authorizing the Debtors to use the Cash Collateral of U.S. Bank National Association, as trustee, successor-in-interest to Bank of America, N.A., as trustee, successor to Wells Fargo Bank, N.A., as trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2005-C22 and U.S. Bank National Association, as trustee, successor-in-interest to Bank of America, N.A., as trustee, successor to Wells Fargo Bank, N.A., as trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C23 (collectively, "*Noteholders*"), (b) granting Noteholders adequate protection upon the terms set forth in interim

---

[1] The final four digits of the federal tax ID numbers for River City Renaissance, LC and River City Renaissance III, LC, respectively, are 8910 and 8102.

[2] All capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

Robert H. Chappell, III, Esq. (VSB No. 31698)
Neil E. McCullagh, Esq. (VSB No. 39027)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:      (804) 697-2000
Facsimile:       (804) 697-2100
*Proposed Counsel for the Debtors & Debtors-In-Possession*

and final orders, and (c) scheduling a final hearing on the Motion and approving the form and manner of notice thereof; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estate, their creditors, restitution claimants, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY FOUND THAT[3]:

    A.    On the Petition Date, the Debtors filed a petition for relief under chapter 11 of the Code.

    B.    Since the Petition Date, the Debtors remain debtors-in-possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or committee has been appointed in the Debtors' chapter 11 cases.

    C.    Without waiving any of the Debtors' rights to challenge the extent, validity, and priority of the liens created and conveyed by the Security Instruments, the Debtors stipulate and agree that they are obligated to Noteholders under the RCR Note, the RCR III Note, the RCR Loan, and the RCR III Loan, as those terms are defined in the Motion, which obligations purport to be secured by the Security Instruments.

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "*Rules*"), made applicable to this proceeding pursuant to Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

D.     Good cause has been shown for entry of this Order.  Without use of Cash Collateral, the Debtors, and for an interim period, the Receiver, will not be able to fund day-to-day operations.  Unless the Court authorizes the use of Cash Collateral, the Debtors will be unable to pay for the goods and services necessary to preserve and maximize the value of the Debtors' Properties and assets.  Accordingly, this Order is required to avoid immediate and irreparable harm to the Debtors' estates.  Entry of this Order is in the best interests of the Debtors, their creditors, their estate, the restitution claimants, and other parties-in-interest.

E.     Noteholders are adequately protected within the meaning of § 361 of the Code.

THE COURT HEREBY ORDERS, AS FOLLOWS:

1.     The Motion is GRANTED on an interim basis in accordance with the terms and conditions of this Order.

2.     <u>Use of Cash Collateral</u>.  Subject to the terms and conditions set forth in this Order, the Debtors are, through and including the earlier of (a) the date of the final hearing on the Debtors' use of Cash Collateral or (b) termination of this Order following issuance of a Termination Notice as set forth in paragraph 7 below, authorized pursuant to §§ 105, 361, 362, and 363 of the Code, and Rules 2002, 4001, 6003, and 9014 to use Cash Collateral on an interim basis pending a final determination by the Court.  The Cash Collateral may only be used to fund the types and corresponding amounts of itemized expenditures contained in the budget, in the form and manner of **Exhibit 2**, as presented to and admitted by the Court at the Expedited Hearing convened on Friday, August 1, 2014 at 9:00 AM (the "<u>Budget</u>"), including, without limitation, an allocation of $20,000.00 to the Liquidating Representative, which funds shall be held and not disbursed pending further Order of this Court. Notwithstanding anything to the contrary set forth herein, no Cash Collateral may be used to prosecute actions, claims, demands

3

or causes of action against Noteholders, or to object to or contest in any manner, or to raise any defense in any pleading to the validity, perfection, priority or enforceability of Noteholders' liens and security interests.

3.  Reporting.  Within twenty (20) business days after the end of each calendar month, the Debtors, either directly or through the Receiver or other professionals employed by the Debtors, including, without limitation, the Liquidating Representative, will submit to Noteholders a monthly report reflecting the Debtors' actual cash inflows and outflows for such month as compared against the Budget.

4.  Adequate Protection; Replacement Liens.  Noteholders are entitled, pursuant to §§ 361 and 363(e) of the Code, to adequate protection of its interests in prepetition collateral, including, without limitation, the Cash Collateral, for any diminution in value of its interests in prepetition collateral, including, without limitation, any such diminution resulting from the Debtors' use of Cash Collateral and the imposition of the automatic stay pursuant to § 362 of the Code.  As security for and solely to the extent of any diminution in the value of Noteholder's Prepetition Collateral from and after the Petition Date, calculated in accordance with § 506(a) (a "*Diminution in Value*"), Noteholders are hereby granted senior priority replacement liens upon its Prepetition Collateral (the "*Replacement Liens*") to the extent of the liens conveyed by and created by the Security Instruments, but excluding all claims and causes of action, and the products and proceeds thereof, arising under or permitted by §§ 502(d), 506(c), 544, 545, 547, 548, 549, and 550 of the Code and any other avoidance claims and causes of action arising under state or federal law; provided, however, that the Replacement Liens shall be subject and subordinate to any prior senior liens.  The Replacement Liens so granted are in addition to all security interests, liens, and rights of setoff existing in favor of

4

Noteholders on the Petition Date, and are and shall be valid, perfected, enforceable and effective as of the Petition Date, to the extent of the liens conveyed by the Security Interests in the Prepetition Collateral, without any further action of the Debtor or Noteholders and without the necessity of the execution, filing, or recording of any financing statements, security agreements, mortgages, or other documents. The Security Interests shall continue in full force and effect, and in the same priority, with respect to the Prepetition Collateral.

5. Adequate Protection; 507(b) Priority Claim. Noteholders are hereby granted an administrative claim with a priority equivalent to a claim under § 364(c)(1), 503(b) ,and 507(b) of the Code, on a dollar-for-dollar basis for and solely to the extent of any Diminution in Value, which administrative claim shall, among other things, have priority over all other costs and expenses of the kind specified in, or ordered pursuant to, §§ 105, 328, 330, 331, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 1113 and 1114 of the Code (the "*Super-Priority Administrative Claim*").

6. Events of Default. Each of the following shall constitute an event of default ("*Event of Default*") with respect to the Debtor's authorization to use Cash Collateral, unless otherwise waived in writing by Noteholders:

(a) entry of an order or orders converting either one or both of the Debtors' chapter 11 cases to a case proceeding under chapter 7 of the Code;

(b) entry of an order or orders dismissing either one or both of the Debtors' chapter 11 cases;

(c) entry of an order or orders appointing or directing the election of a trustee under § 1104 of the Code or an examiner under § 1106(b) for either one or both of the Debtors;

(d) the Debtors use Cash Collateral for any purpose or in a manner other than as permitted in this Order and in the Budget or otherwise fails to comply with any term of this Order; or

(e) a breach by the Debtors of their obligations under this Order.

5

7. <u>Termination Notice</u>.  Immediately upon the occurrence or existence of an Event of Default, Noteholders shall be authorized to issue a notice (a "*Termination Notice*") thereof to the Debtors, their counsel, the Liquidating Representative, counsel to any Committee, and the U.S. Trustee, which Termination Notice must be delivered by prepaid, certified U.S. Mail to the Liquidating Representative and the Debtors' proposed undersigned counsel and must also be delivered by either (i) electronic mail, or (ii) facsimile to all parties-in-interest named in this paragraph.  Upon the Debtors receipt of such Termination Notice, the Debtors shall have ten (10) days to cure the applicable event of default, if possible; and, unless, within 14 (fourteen) days after the Debtors' receipt of such written notice, the Court determines that the applicable Event of Default has not occurred or does not exist, the Debtor's authority to use Cash Collateral shall terminate.

8. <u>No Third Party Rights.</u> Except as explicitly provided for herein, this Order does not create any rights for the benefit of any third party, creditor, equity holders, or any direct, indirect or incidental beneficiary.

9. <u>Effect of Order</u>.  This Order shall be effective upon its entry and not subject to any stay, notwithstanding anything to the contrary contained in the Rules including, without limitation, Rule 4001(a)(3).  The provisions of this Order and any actions taken pursuant hereto, shall survive the entry of any order which may be entered (a) confirming any plan of reorganization; (b) dismissing either one or both of these chapter 11 cases; (c) converting either one or both of these chapter 11 cases to cases under any other chapter under the Code; (d) withdrawing of the reference of either one or both of these chapter 11 cases from the Court; and (e) providing for abstention from handling or retaining of jurisdiction of either one or both of these chapter 11 cases in the Court.

10. <u>Amendments and Waivers</u>.  The Debtors and Noteholders may amend, modify, supplement or waive any provision of this Order in writing if such amendment, modification, supplement or waiver is not material, without any need to apply to, or receive further approval from, the Court.  The Debtor shall provide notice of any such nonmaterial amendment, modification, supplement or waiver to counsel for any official committee of creditors appointed in this case and the office of the Office of the United States Trustee.  Any material amendment, modification, supplement or waiver shall be in writing, signed by the Debtors, either through the undersigned counsel or the Liquidating Representative, and Noteholders, and approved by the Court on appropriate notice by the Debtors. Entry of this Order is without prejudice to Debtors and Noteholders in all respects, including but not limited to (i) the amount and timing of adequate protection payments; and (ii) the amount of carve-outs for professional fees from the priority of the Replacement Liens and the Super-priority Administrative Claim.

11. <u>Order Governs</u>.  In the event of any inconsistency between the provisions of this Order and the Motion, the provisions of this Order shall govern.

12. <u>Final Hearing</u>.  A final hearing on the Motion will be scheduled for September 3, 2014, at 9:00 a.m. (the "*Final Hearing*").  The Debtors will provide notice of the Final Hearing by first class mail upon (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) the Debtors' 20 largest unsecured creditors; (c) counsel to Noteholders; (d) the Receiver and counsel to the Receiver, (e) Chevron and counsel for Chevron, and (f) the U.S. Attorneys' Office for the Eastern District of Virginia, and (g) such other parties as this Court may order.  Any party wishing to object to the relief granted herein being granted on a permanent basis shall file such objection with the Court, together with proof of service thereof, and served upon:  (a) counsel for the Debtors, (b) counsel for Noteholders, (c) counsel for any

official committee of creditors appointed in this case, (d) the Liquidating Representative, and (e) the office of the Office of the United States Trustee, so as to be received no later than August 27, 2014 at 5:00 p.m. EST (the "*Objection Deadline*"). If no objections are filed and served on or before the Objection Deadline, at the Final Hearing, the Court may enter a final order permitting the use of cash collateral by the Debtor.

DATED: August 1, 2014

/s/ Kevin R. Huennekens
_____
United States Bankruptcy Judge

ENTERED ON DOCKET: Aug 1, 2014

*I ask for this*:

/s/ James K. Donaldson
Robert H. Chappell, III, Esq. (VSB No. 31698)
Neil E. McCullagh, Esq. (VSB No. 39027)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:    (804) 697-2000
Facsimile:    (804) 697-2100
*Proposed Counsel for the Debtors &
Debtors-In-Possession*

## **CERTIFICATION**

The undersigned certifies that the foregoing Interim Order has been endorsed by or served on all necessary parties as required by Local Bankruptcy Rule 9022(C)(1).

| | |
|---|---|
| _8/1/2014_ | _/s/ James K. Donaldson_ |
| Date | Proposed Counsel |

**PARTIES TO RECEIVE COPIES:**

Robert H. Chappell, III, Esquire
Spotts Fain PC
411 East Franklin Street; Suite 600
Richmond, VA 23219

Robert B. Van Arsdale, Esquire
Office of the U.S. Trustee
701 E. Broad St., Suite 4304
Richmond, VA 23219

Jim Pulliam, Esquire
Kilpatrick Townsend & Stockton LLP
214 North Tryon Street, Suite 2400
Charlotte, NC
28202-2381