**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

_____
                                              )
*In re*:                                       )        Chapter 11
                                              )        (Joint Administration Pending)
River City Renaissance, LC, &           )
River City Renaissance III, LC[1],      )
                                              )
          *Debtors*.                    )        Case No. 14-34080-KLP
_____)

### SECOND INTERIM ORDER (I) AUTHORIZING THE USE OF CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, AND (III) RE-SCHEDULING A FINAL HEARING

Upon the motion (the "Motion") of the debtors and debtors-in-possession in the above-captioned case (the "Debtors"), filed with the Court on July 31, 2014 (Doc. No. 11), for an interim order (a) authorizing the Debtors to use the Cash Collateral of U.S. Bank National Association, as trustee, successor-in-interest to Bank of America, N.A., as trustee, successor to Wells Fargo Bank, N.A., as trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2005-C22 ("Trust 2005-C22") and U.S. Bank National Association, as trustee, successor-in-interest to Bank of America, N.A., as trustee, successor to Wells Fargo Bank, N.A., as trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C23 ("Trust 2006 C-23", collectively, with Trust 2005-C22 the "Holders") by and through CWCapital

---

[1] The final four digits of the federal tax ID numbers for River City Renaissance, LC and River City Renaissance III, LC, respectively, are 8910 and 8102.

_____
Robert H. Chappell, III, Esq. (VSB No. 31698)
Neil E. McCullagh, Esq. (VSB No. 39027)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:      (804) 697-2000
Facsimile:       (804) 697-2100
*Proposed Counsel for the Debtors & Debtors-In-Possession*

Asset Management LLC, solely in its capacity as Special Servicer (the "Special Servicer"), (b) granting the Holders adequate protection upon the terms set forth in interim and final orders, and (c) scheduling a final hearing on the Motion and approving the form and manner of notice thereof; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estate, their creditors, the restitution claimants, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY FOUND THAT:

  A. On the Petition Date, the Debtors each filed a petition for relief under chapter 11 of the Code.

  B. Since the Petition Date, the Debtors remain debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. No trustee or committee has been appointed in the Debtors' chapter 11 cases.

  C. Without waiving any of the Debtors' rights to challenge the extent, validity, and priority of the liens created and conveyed by the Security Instruments, the Debtors stipulate and agree that they are obligated to the Holders under the RCR Note, the RCR III Note, the RCR Loan, and the RCR III Loan, as those terms are defined in the Motion, which obligations purport to be secured by the Security Instruments.

D.      On August 1, 2014, proposed counsel for the Debtors and counsel for the Holders through the Special Servicer appeared before the Court as to the Debtors' Motion, and on August 1, 2014, the Court entered the *Interim Order (I) Authorizing The Use Of Cash Collateral, (II) Granting Adequate Protection, And (III) Scheduling A Final Hearing* (the "First Interim Order"; Doc. No. 24).

E.      The First Interim Order established the Final Hearing on the Motion for September 3, 2014 at 9:00 AM, and, based on the consent and representations of the Debtors and the Holders, and there being no objection on either the Court's docket or before the Court on September 3, 2014, the Final Hearing shall be rescheduled, as indicated below.

F.      Good cause has been shown for entry of this Second Interim Order.  Without use of Cash Collateral, the Debtors, and for an interim period, the Receiver, will not be able to fund day-to-day operations.  Unless the Court authorizes the use of Cash Collateral, the Debtors will be unable to pay for the goods and services necessary to preserve and maximize the value of the Debtors' Properties and assets.  Accordingly, this Second Interim Order is required to avoid immediate and irreparable harm to the Debtors' estates.  Entry of this Second Interim Order is in the best interests of the Debtors, their creditors, their estate, the restitution claimants, and other parties-in-interest.

G.      The Holders are adequately protected within the meaning of § 361 of the Code.

THE COURT HEREBY ORDERS, AS FOLLOWS:

1.      The Motion is GRANTED on an interim basis in accordance with the terms and conditions of this Second Interim Order.

2.      <u>Use of Cash Collateral</u>.  Subject to the terms and conditions set forth in this Order, the Debtors are, through and including the earlier of (a) the date of the Rescheduled Final

Hearing, defined below, on the Debtors' use of Cash Collateral or (b) termination of this Order following issuance of a Termination Notice as set forth in paragraph 7 below, authorized pursuant to §§ 105, 361, 362, and 363 of the Code, and Rules 2002, 4001, 6003, and 9014 to use Cash Collateral on an interim basis pending a final determination by the Court.  The Cash Collateral may only be used to fund the Debtors' operating expenses of the types and corresponding amounts of itemized expenditures contained in the budget, in the form and manner of that certain second interim budget, filed with the Court on September 10, 2014 (the "<u>Second Interim Budget</u>"; Doc. No. 74).  Any amount of funds generated by the Debtors in excess of the Debtors' operating expenses shall be held in the Debtors' operating DIP accounts, subject to the Holders' liens, to the extent, validity, and priority of such liens existing as of the Petition Date.  Notwithstanding anything to the contrary set forth herein, no Cash Collateral may be used to prosecute actions, claims, demands or causes of action against the Holders, or to object to or contest in any manner, or to raise any defense in any pleading, to the validity, perfection, priority or enforceability of the Holders' liens and security interests.

      3.      <u>Reservation of Rights</u>.  Nothing in this Order should be construed as an agreement by the Holders, beyond the term of this Second Interim Order, to:  (a) the use of Cash Collateral by the Debtor; (b) the sufficiency of the Adequate Protection provided herein; or (c) the use of the Holders' Cash Collateral to pay the types and categories of expenses set forth in the Second Interim Budget.  Nothing in this Order should be construed as an agreement by the Debtors to the amounts claimed by the Holders under the RCR Note, the RCR III Note, the RCR Loan, or the RCR III Loan, nor as a waiver of any rights of the Debtors, including those under § 506 of the Code.  It is understood that the Holders and the Debtors reserve all rights.

4

4. <u>Reporting</u>. Within twenty (20) business days after the end of each calendar month, the Debtors, either directly or through the Receiver or other professionals employed by the Debtors, including, without limitation, the Liquidating Representative, will submit to the Holders a monthly report reflecting the Debtors' actual cash inflows and outflows for such month as compared against the Second Interim Budget.

5. <u>Adequate Protection; Replacement Liens</u>. The Holders are entitled, pursuant to §§ 361 and 363(e) of the Code, to adequate protection of their interests in prepetition collateral, including, without limitation, the Cash Collateral, for any diminution in value of their interests in prepetition collateral, including, without limitation, any such diminution resulting from the Debtors' use of Cash Collateral and the imposition of the automatic stay pursuant to § 362 of the Code. As security for and solely to the extent of any diminution in the value of the Holders' Prepetition Collateral from and after the Petition Date, calculated in accordance with § 506(a) (a "<u>Diminution in Value</u>"), the Holders are hereby granted senior priority replacement liens upon their Prepetition Collateral (the "<u>Replacement Liens</u>") to the extent of the liens conveyed by and created by the Security Instruments, but excluding all claims and causes of action, and the products and proceeds thereof, arising under or permitted by §§ 502(d), 506(c), 544, 545, 547, 548, 549, and 550 of the Code and any other avoidance claims and causes of action arising under state or federal law; <u>provided</u>, <u>however</u>, that the Replacement Liens shall be subject and subordinate to any prior senior liens. The Replacement Liens so granted are in addition to all security interests, liens, and rights of setoff existing in favor of the Holders on the Petition Date, and are and shall be valid, perfected, enforceable and effective as of the Petition Date, to the extent of the liens conveyed by the Security Interests in the Prepetition Collateral, without any further action of the Debtor or the Holders and without the necessity of the execution, filing, or

recording of any financing statements, security agreements, mortgages, or other documents. The Security Interests shall continue in full force and effect, and in the same priority, with respect to the Prepetition Collateral.

6. <u>Adequate Protection; 507(b) Priority Claim</u>. The Holders are hereby granted an administrative claim with a priority equivalent to a claim under § 364(c)(1), 503(b) ,and 507(b) of the Code, on a dollar-for-dollar basis for and solely to the extent of any Diminution in Value, which administrative claim shall, among other things, have priority over all other costs and expenses of the kind specified in, or ordered pursuant to, §§ 105, 328, 330, 331, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 1113 and 1114 of the Code (the "<u>Super-Priority Administrative Claim</u>").

7. <u>Events of Default</u>. Each of the following shall constitute an event of default ("<u>Event of Default</u>") with respect to the Debtor's authorization to use Cash Collateral, unless otherwise waived in writing by the Holders:

    (a)    entry of an order or orders converting either one or both of the Debtors' chapter 11 cases to a case proceeding under chapter 7 of the Code;

    (b)    entry of an order or orders dismissing either one or both of the Debtors' chapter 11 cases;

    (c)    entry of an order or orders appointing or directing the election of a trustee under § 1104 of the Code or an examiner under § 1106(b) for either one or both of the Debtors, except that any order under § 1104 that appoints the Debtors' Liquidating Representative as a trustee shall not be an Event of Default;

    (d)    the Debtors use Cash Collateral for any purpose or in a manner other than as permitted in this Order and in the Budget or otherwise fails to comply with any term of this Order; or

    (e)    a breach by the Debtors of their obligations under this Order.

8. <u>Termination Notice</u>. Immediately upon the occurrence or existence of an Event of Default, the Holders shall be authorized to issue a notice (a "<u>Termination Notice</u>") thereof to

counsel to the Debtors, the Liquidating Representative, counsel to any Committee, and the U.S. Trustee, which Termination Notice must be delivered by prepaid, certified U.S. Mail to the Liquidating Representative and the Debtors' proposed undersigned counsel and must also be delivered by either (i) electronic mail, or (ii) facsimile to all parties-in-interest named in this paragraph. Upon the Debtors receipt of such Termination Notice, the Debtors shall have ten (10) days to cure the applicable event of default, if possible; and, unless, within 14 (fourteen) days after the Debtors' receipt of such written notice, the Court determines that the applicable Event of Default has not occurred or does not exist, the Debtors' authority to use Cash Collateral shall terminate.

9. <u>No Third Party Rights.</u> Except as explicitly provided for herein, this Order does not create any rights for the benefit of any third party, creditor, equity holders, or any direct, indirect, or incidental beneficiary.

10. <u>Effect and Duration of Order</u>. This Order shall be deemed effective as of entry of this Order on the Court's docket, and not subject to any stay, notwithstanding anything to the contrary contained in the Rules including, without limitation, Rule 4001(a)(3). The First Interim Order shall be deemed to have been in full effect until the date and time of entry of this Order on the Court's docket, regardless of any contrary provisions of the First Interim Order that would otherwise render the provisions of the First Interim Order ineffectual at an earlier date and time. The provisions of this Order and any actions taken pursuant hereto, shall survive the entry of any order which may be entered (a) confirming any plan of reorganization; (b) dismissing either one or both of these chapter 11 cases; (c) converting either one or both of these chapter 11 cases to cases under any other chapter under the Code; (d) withdrawing of the reference of either one or both of these chapter 11 cases from the Court; (e) providing for abstention from handling or

retaining of jurisdiction of either one or both of these chapter 11 cases in the Court; and (f) entry of an order under § 1104 of the Code appointing the Liquidating Representative to the role of chapter 11 trustee.

11. <u>Amendments and Waivers</u>.  The Debtors and the Holders may, by written agreement signed by both counsel for the Debtors and counsel for the Holders, amend, modify, supplement or waive any provision of this Order if such amendment, modification, supplement or waiver is not material, without any need to apply to, or receive further approval from, the Court. The Debtors shall provide notice of any such nonmaterial amendment, modification, supplement or waiver to counsel for any official committee of creditors appointed in this case and the Office of the United States Trustee.  Any material amendment, modification, supplement or waiver shall be in writing, signed by the Debtors, either through the undersigned counsel or the Liquidating Representative, and the Holders, and approved by the Court on appropriate notice by the Debtors. Entry of this Order is without prejudice to the Debtors and the Holders in all respects.

12. <u>Order Governs</u>.  In the event of any inconsistency between the provisions of this Second Interim Order and the Motion, the provisions of this Second Interim Order shall govern.

13. <u>Final Hearing</u>.  A rescheduled final hearing on the Motion will be scheduled for October 1, 2014, at 9:00 AM EST (the "<u>Rescheduled Final Hearing</u>").  The Debtors will provide notice of the Rescheduled Final Hearing by first class mail upon (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) the Debtors' 20 largest unsecured creditors; (c) counsel to the Holders and the Special Servicer; (d) the Receiver and counsel to the Receiver, (e) Chevron and counsel for Chevron, (f) the U.S. Attorneys' Office for the Eastern District of Virginia, and (g) such other parties as this Court may order.

14. <u>Objections</u>. To date, no party in interest, creditor, or any other person or entity has filed with the Court an objection to the Debtors' interim or final use of cash collateral, as requested in the Motion by the Debtors or as granted in the First Interim Order, and the Objection Deadline of August 27, 2014 established by the First Interim Order has expired. With the exception of the Holders acting through the Special Servicer, any objection later-filed with the Court as to the interim or final use of cash collateral shall be overruled and deemed untimely. With respect to the Rescheduled Final Hearing, or if applicable *after* the Rescheduled Final Hearing, as to the Holders acting through the Special Servicer, alone, the Special Servicer may file with the Court, and serve concurrently on the undersigned counsel for the Debtors via e-mail, an objection to the final or interim use of cash collateral no later than seven (7) days prior to any hearing on cash collateral (the "<u>Objection Deadline</u>"), without regard to any objection deadline or notice period established by the Rules or the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Virginia. If no objections are filed and served on or before an Objection Deadline and no objections are asserted either at the Rescheduled Final Hearing or at future hearings on the Motion or the Debtors' use of cash collateral, then the Court may enter either an interim order or a final order permitting the use of cash collateral by the Debtor.

DATED: September ___, 2014
Sep 11 2014

/s/ Keith L. Phillips
United States Bankruptcy Judge

ENTERED ON DOCKET: Sep 12 2014

*I Ask For This*:

/s/ James K. Donaldson
Robert H. Chappell, III, Esq. (VSB No. 31698)
Neil E. McCullagh, Esq. (VSB No. 39027)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
*Proposed Counsel for the Debtors &
Debtors-In-Possession*

*Seen And Agreed*:

/s/ Mark D. Taylor (*with permission via e-mail by James Donaldson on Sept. 10, 2014*)
Mark D. Taylor, Esq. (VSB No. 42416)
VLP Law Group
1776 I Street, NW, Ninth Floor
Washington, DC 20006

&

James H. Pulliam, Esq.
Kilpatrick Townsend & Stockton LLP
214 North Tryon Street, Suite 2400
Charlotte, NC 28202
*Counsel for the Holders
By & Through The Special Servicer*

## **CERTIFICATION**

The undersigned certifies that the foregoing Second Interim Order has been endorsed by or served on all necessary parties as required by Local Bankruptcy Rule 9022(C)(1).

| | |
|---|---|
| 9/10/2014 | /s/ James K. Donaldson |
| Date | Proposed Counsel |

**PARTIES TO RECEIVE COPIES:**

Robert H. Chappell, III, Esquire
Spotts Fain PC
411 East Franklin Street; Suite 600
Richmond, VA 23219

Robert B. Van Arsdale, Esquire
Office of the U.S. Trustee
701 E. Broad St., Suite 4304
Richmond, VA 23219

Jim Pulliam, Esquire
Kilpatrick Townsend & Stockton LLP
214 North Tryon Street, Suite 2400
Charlotte, NC
28202-2381

613398.v.2.doc