## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

_____

|  |  |  |
|---|---|---|
| *In re*: | ) | Chapter 11 |
|  | ) | (Joint Administration) |
| River City Renaissance, LC, & | ) |  |
| River City Renaissance III, LC[1], | ) |  |
|  | ) |  |
| *Debtors*. | ) | Case No. 14-34080-KLP |

_____)

### INTERIM ORDER (I) APPROVING SALE AND BID PROCEDURES; (II) APPROVING THE FORM AND MANNER OF NOTICE; AND (III) GRANTING RELATED RELIEF

On the modified motion (the "Motion"[2]) of River City Renaissance, LC ("RCR") and River City Renaissance III, LC ("RCR III"; collectively, the "Debtors"), as debtors and debtors-in-possession, through counsel and pursuant to 11 U.S.C. § 105(a) and 363 and Rules 2002, 3003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking (i) approval of the procedures, substantially in the form attached at **Exhibit 1** (the "Sale & Bid Procedures"), to be employed with respect to the proposed sales of all or substantially all of the Debtors' Properties; (ii) approving the form and manner of notice thereof; and (iii) granting related relief as is just and proper, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the requested relief under 28 U.S.C. §§ 157 and 1334; and in consideration that the Motion and the requested relief presents a core proceeding under 28 U.S.C. § 157(b); and venue

_____

[1] The final four digits of the federal tax ID numbers for River City Renaissance, LC and River City Renaissance III, LC, respectively, are 8910 and 8102.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in either the Motion or the Sale & Bid Procedures, as applicable.

_____

Robert H. Chappell, III, Esq. (VSB No. 31698)
Timothy G. Moore, Esq. (VSB No. 41730)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:      (804) 697-2000
Facsimile:      (804) 697-2100
*Counsel for the Debtors & Debtors-In-Possession*

being proper before the Court under 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

Motion having been provided; and no other or further notice needing to be provided; and the relief

requested in the Motion being in the best interests of the Debtors, their creditors, and parties-in-

interest; and the Court having reviewed the Motion and having held a hearing on October 30, 2014

(the "Hearing") at which parties-in-interest appeared; and the Court having determined that the

legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief

granted herein, and upon all of the proceedings had before the Court; and after due deliberation

and sufficient cause appearing therefor;

**THE COURT HEREBY FINDS AS FOLLOWS**:[3]

A.    Sale & Bid Procedures.  The Debtors have established good and sufficient reasons

for authorization and approval of the Sale & Bid Procedures, attached hereto as **Exhibit 1**, which

are fair, reasonable, appropriate under the circumstances, and are designed to maximize the value

realized by the Debtors for the benefit of the Debtors' estates, the Debtors' creditors, and other

parties-in-interest.

B.    Notice Of Sale.  The Sale Notice, attached hereto as **Exhibit 2**, is reasonably

calculated to provide all interested parties with timely and proper notice of the Sale & Bid

Procedures and any proposed sales, including: (i) the Sale & Bid Procedures, the Schedule, and

associated dates and deadlines; and (ii) other relevant details and information reasonably calculated

to provide adequate and sufficient notice.

C.    Credit-Bid Objection Continued.  The portion of the Holders'[4] Limited Objection,

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact.  Fed. R. Bankr. P. 7052.

[4] For purposes of this Order, and its Exhibits and any other attachments, the "Holders" are: (1) U.S. Bank National Association, as trustee, successor-in-interest to Bank of America, N.A., as trustee, successor to Wells Fargo Bank, N.A., as trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2005-C22 ("Trust 2005-C22"), by and through CWCapital Asset Management LLC, in its capacity as special servicer; and (2) U.S. Bank National Association, as trustee, successor-in-interest to

filed with the Court on October 29, 2014 (Doc. No. 173, at 3-4), that objects to the manner in which an order on the Motion would establish a process by which the Holders may submit a credit-bid (the "Credit-Bid Objection") is continued until November 7, 2014, at 9:00 AM (the "Continued Hearing"), and the remaining portions of the Motion are granted as set forth herein.  Nothing in this Interim Order shall be construed to determine, construe, limit, or otherwise approve a process by which the secured claims of the Holders are adjudicated, including, without limitation, the status of their claims as allowed or otherwise for any purpose, including the Holders' rights under 11 U.S.C. § 363(k) to assert or submit a credit-bid at the Auction.  Any such process of adjudication concerning the Holders' credit-bid rights will be addressed by an order of this Court entered on or after the Continued Hearing.

D.    _Marketing Expense_.  Subject to the terms of the "*Third Interim Order (I) Authorizing The Use Of Cash Collateral, And (II) Granting Adequate Protection*" (the "Third Cash Collateral Order"), entered on October 16, 2014, up to $50,000 in funds from the Holders' Cash Collateral may be used for advertising of the sale and auctions contemplated herein.  (Doc. No. 150, at 4.)  Further subject to the terms of the Third Cash Collateral Order, up to $30,000 in funds from the Holders' Cash Collateral may be used in connection with obtaining inspection reports of the Properties.  (Doc. No. 150, at 4.)  To the extent approved by the Holders, or in a later order of the Court, these Marketing and Advertising Expenses are just, reasonable, and appropriate exercises of the Debtors' business judgment.

E.    _Closing Costs_.  The following costs, only, shall be deducted from the sale proceeds at closing: (i) the Debtors' prorated portion of any fees for utilities services due to municipal and

---

Bank of America, N.A., as trustee, successor to Wells Fargo Bank, N.A., as trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2006-C23 ("Trust 2006 C-23"), by and through CWCapital Asset Management LLC, in its capacity as special servicer.  Each of the Trust 2005 C-22 and Trust 2006 C-23 is a "Holder" for purposes of this Order, and its Exhibits and any other attachments.

governmental authorities only that may be due adjusted to the date of closing, (ii) the Virginia grantor's tax due upon recordation of the deed or deeds of conveyance, and (iii) the Debtors' prorated portion of any real estate taxes that may be due adjusted to the date of closing (each of the preceding items (i) through (iii) shall be referred to herein as "Customary and Reasonable Closing Costs").

F.      Commissions.  In all respects, the Auctioneer and any applicable co-brokers shall be compensated in accordance with: (i) the order retaining the Auctioneer, and (ii) the Third Cash Collateral Order.

**AND IT IS HEREBY ORDERED THAT**:

1.      The relief requested in the Motion is hereby GRANTED, on an interim basis and as modified by this Interim Order.  The Holders' Credit-Bid Objection is continued and will be addressed at the Continued Hearing.  Any briefs or memoranda in connection with the Continued Hearing must be filed with the Court on or before November 5, 2014 at 5:00 PM.

2.      The Sale & Bid Procedures, in the form of **Exhibit 1**, attached hereto, are hereby approved in their entirety, and the Debtors are authorized to solicit bids, offers, and otherwise take any and all actions necessary to implement the Sale & Bid Procedures.  Any Sale is subject to the credit-bid rights of each applicable Holder, pursuant to 11 U.S.C. § 363(k).  The scope of such credit-bid rights shall be determined by the Court in a subsequent order, the entry of which order is a precondition to the commencement of the Auction, which Auction is currently scheduled for December 18, 2014.

3.      The Sale Notice, in the form of **Exhibit 2**, attached hereto, is hereby approved in all respects, including, without limitation, its intended service on (i) the Core Parties; and (ii) all creditors and parties-in-interest, with no further notice of the Motion or the Sale Notice being

required.  The Debtors are authorized to, and shall, serve the Sale Notice on (i) the Core Parties;

and (ii) all creditors and parties-in-interest.  The Debtors shall add to the list of Core Parties any

party-in-interest that requests notice of and service of any pleadings, motions, documents, and

other papers concerning the sale and auction process and the events and dates contained in the

Schedule.

4.    CompassRock Real Estate, LLC, in its capacity as court-appointed receiver for the

Properties (the "Receiver") to the extent of, and consistent with, the terms of the Second § 543(d)

Order, and any subsequent related order, shall cooperate fully with the Debtors, the Liquidating

Representative, and the Auctioneer with respect to the sale and auction process and related requests

concerning the sale and auction process, including, without limitation, providing documentation,

information, and access to and concerning the Properties.

5.    If either of the Debtors is able to obtain or procure an offer for all, or substantially

all, of such Debtor's Properties, then the Debtors may seek expedited relief, with limited and

shortened notice, and Court approval to deem such an offeror a stalking-horse bidder, and award to

such stalking-horse bidder appropriate bid protections, including, without limitation, break-up fee

or topping fee awards, or such other protections that the Debtors may request and the Court may

order.

6.    In accordance with and subject to the terms of the Third Cash Collateral Order, up

to $50,000 in funds from the Holders' Cash Collateral may be used for advertising of the sale and

auctions contemplated herein.  Further subject to the terms of the Third Cash Collateral Order, up

to $30,000 in funds from the Holders' Cash Collateral may be used in connection with obtaining

inspection reports of the Properties.  To the extent approved by the Holders, or in a later order of

the Court, these Marketing and Advertising Expenses are just, reasonable, and appropriate

exercises of the Debtors' business judgment.

7.      Prior to any closing of any Sale, each Debtor shall establish its own debtor-in-possession escrow account to hold sale proceeds from the sales of their respective Properties. Properties shall convey free and clear of all pledges, liens, security interests, encumbrances, claims, charges, and options, which interests will attach to sale proceeds in the form, amount, manner, extent, priority, and validity of interest as existed on the Petition Date.  Properties shall remain subject to all properly recorded and enforceable easements, rights of way, and permissive or restrictive covenants, and all valid tenancies.

8.      Upon the closing of any Sale, without further court approval, the Debtors shall be authorized to pay at closing Customary and Reasonable Closing Costs.

9.      The Auctioneer shall be compensated in accordance with: (i) the Third Cash Collateral Order, and (ii) the Court's order approving the retention of the Auctioneer.  Any co-broker fees shall be paid in accordance the Court's order approving the retention of the Auctioneer, and subject to further order of the Court.

10.     The Debtors shall serve and provide notice of motions, applications, hearings, and other matters pertaining to the sale process on additional parties that are not Core Parties, if such non-Core Party either files with the Court such request or serves such written request on the Debtors' counsel via e-mail, hand-delivery, overnight, or U.S. Mail.

11.     Notice of the Motion on the Core Parties is sufficient and adequate, and any objections, responses, or other disputes asserted or raised by any one of the Core Parties as to the Motion or the relief requested therein or awarded in this Order that have not been adjourned, continued, resolved, or withdrawn are overruled in all respects on the merits.

12.     This Order shall not prejudice the right of the Debtors to seek relief with respect to

the assumption and assignment or rejection of contracts and unexpired leases that affect or concern the Properties, or any portions thereof, including, without limitation the Debtors' rights under 11 U.S.C. § 365.

13.    In the event of any inconsistency between this Order, the Motion, and the Sale & Bid Procedures, this Order shall govern in all respects.

14.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15.    The requirement under Local Bankruptcy Rule 9013-1(G), of a separate memorandum of points and authorities to accompany a motion, is hereby waived with respect to the Motion.

16.    Notice of the Motion provided by the Debtors shall be deemed good and sufficient notice.

17.    Notwithstanding any Bankruptcy Rule, including, without limitation, Rule 6004(h), or any one of the Local Rules that may otherwise delay the effectiveness of this Order, the requirements of each of which are hereby waived; the terms and conditions of this Order shall be effective and enforceable immediately upon entry on the Court's docket.

18.    This Court shall retain exclusive jurisdiction over any and all matters, disputes, or issues arising from or related to the implementation interpretation of this Order and any related sales or transactions.

DATED: Nov 5 2014

/s/ Keith L. Phillips
United States Bankruptcy Judge

ENTERED ON DOCKET: Entered on Docket: Nov 6 2014

*I Ask For This*:

/s/ James K. Donaldson
Robert H. Chappell, III, Esq. (VSB No. 31698)
Timothy G. Moore, Esq. (VSB No. 41730)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:      (804) 697-2000
Facsimile:      (804) 697-2100
*Counsel for the Debtors &*
*Debtors-In-Possession*


*Seen And Agreed*:

/s/ Robbin S. Rahman (*by James Donaldson with permission via e-mail on Nov. 3*)
Robbin S. Rahman, Esquire (admitted *pro hac vice*)
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528
*Counsel for the Holders*

## CERTIFICATION

The undersigned certifies that the foregoing Order has been endorsed by or served on all

necessary parties as required by Local Bankruptcy Rule 9022(C)(1).


November 3, 2014                          /s/ James K. Donaldson
  Date                                    Counsel



626103.v.7.doc

**PARTIES TO RECEIVE COPIES:**

Robert H. Chappell, III, Esquire
Spotts Fain PC
411 East Franklin Street; Suite 600
Richmond, VA 23219

Robert B. Van Arsdale, Esquire
Office of the U.S. Trustee
701 E. Broad St., Suite 4304
Richmond, VA 23219

Robbin S. Rahman, Esquire
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528

Phil Wang, Esquire
Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127

## INTERIM ORDER (I) APPROVING SALE AND BID PROCEDURES; (II) APPROVING THE FORM AND MANNER OF NOTICE; AND (III) GRANTING RELATED RELIEF

**EXHIBIT 1 - SALE & BID PROCEDURES**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

_____
                                                    )
*In re*:                                            )        Chapter 11
                                                    )        (Joint Administration)
River City Renaissance, LC, &                       )
River City Renaissance III, LC[5],                  )
                                                    )
           *Debtors*.                               )        Case No. 14-34080-KLP
_____)

## SALE AND BID PROCEDURES

These sale and bid procedures (the "Sale & Bid Procedures") shall be employed with respect to the proposed sales (individually or collectively, the "Sale") of all the Debtors' Properties under 11 U.S.C. § 363, such Sale being subject to the approval of the U.S. Bankruptcy Court for the Eastern District of Virginia (the "Court") in the above-captioned proceedings.

## I. BACKGROUND

On July 30, 2014, the Debtors each commenced a chapter 11 proceeding by filing with the Court a voluntary petition for relief under title 11 of the United States Code, which proceedings are jointly administered pursuant to Court order.

On October 15, 2014, the Court entered an Order approving the employment and retention of Development Specialists, Inc. as the Debtors' Liquidating Representative, and the Liquidating Representative will make operational decisions on the Debtors' behalf, including, without limitation, review and final approval of the Sale.  (Doc. No. 148.)

On October 22, 2014, the Debtors filed with the Court their modified motion (the "Motion"[6]) seeking entry of an Order (I) Approving Sale And Bid Procedures; (II) Approving The Form And Manner Of Notice; And (III) Granting Related Relief pursuant to 11 U.S.C. §§ 105(a) and 363 and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure and Local Rule 6004-2 of the Local Rules for the Court.  (Doc. No. [**X**].)

On October [**X**], 2014, the Court entered an Interim Order granting the Motion (the "Sale & Bid Procedures Order") and authorized the Debtors to conduct a sale and marketing process designed to procure a Sale of the Properties.  (Doc. No. [**X**].)

These Sale & Bid Procedures describe, among other things, (a) the Properties to be

_____

[5] The final four digits of the federal tax ID numbers for River City Renaissance, LC and River City Renaissance III, LC, respectively, are 8910 and 8102.

[6] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion or the Sale & Bid Procedures Order, as applicable.

marketed, advertised, and available for sale, (b) qualification of bidders; (c) the manner in which potential bidders may submit bids; (d) coordination of due diligence and inspection periods; (e) the submission and receipt of bids; (f) the selection of bids; (g) the auction process; (h) the Court's approval of executed purchase agreements; and (i) closing of the Sale. The Schedule, **Exhibit 1**, attached hereto, sets forth the deadlines and timelines that govern the Sale. The Schedule is subject to modification as the Debtors, after consultation with the Holders, deem prudent in the exercise of their business judgment, and the Debtors reserve all rights to modify or shorten applicable time periods and, as necessary, to seek appropriate relief from the Court to do so.

## II. PROPERTY TO BE SOLD

Subject to the limitations described in these Sale & Bid Procedures, the Debtors are offering for sale all right, title, and interest in assets and properties that comprise each Debtor's portfolio of multi-family residential apartment buildings located in the City of Richmond, Virginia, including, without limitation, any and all personalty and improvements located therein or thereon, more particularly described at **Exhibit 2**, attached hereto (collectively, the "Properties"), subject to the rights of tenants in the Properties pursuant to residential lease agreements. Except as may be provided in definitive documentation with respect to the Sale, all of the Debtors' rights, title, and interest in and to the Properties shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, and options, in accordance with section 363 of title 11 of the United States Code (11 U.S.C. §§ 101 through 1532; the "Code"), provided that Properties shall remain subject to all properly recorded and enforceable easements, rights of way, and permissive or restrictive covenants, and all valid tenancies. Additionally and subject to further order of the Court, the Holders shall be entitled to submit credit-bids, pursuant to § 363(k) of the Code, with respect to each Debtor's portfolio of Properties. Any Sale shall be on an "as is, where is" basis without representations or warranties of any kind, nature, or description by the Debtors, their professionals, agents, equity security holders, or their bankruptcy estates. Title to the Properties shall be conveyed by Special Warranty Deed.

## III. NATURE OF SALE

Bidders and Potential Bidders, each defined below, that meet the Participation Requirements, defined below, and that meet the terms of these Sale & Bid Procedures may submit Bids, defined below, to purchase the Properties in bulk, individually, or any combination thereof. Bids shall include an executed purchase agreement, in form substantially similar to the form purchase agreement provided in the Data Room (the "Form Purchase Agreement"), and the Debtors reserve all rights to make reasonable modifications to the Form Purchase Agreement. In all instances, such executed purchase agreements shall be expressly subject to Court approval.

Generally and as more fully described below, only those Bidders who submit Bids that represent the highest and best two-thirds (2/3) of the Bids may participate in the Auction, defined below. At the conclusion of the Auction, Bidders that submit the highest and best Bids shall be deemed Prevailing Bidders, defined below. The Court shall preside over a hearing to approve the Prevailing Bidders' related purchase agreement(s), at which the Debtors shall seek entry of appropriate Court orders approving the Sale(s).

2

Any Sale is subject to the credit-bid rights of each applicable Holder, pursuant to 11 U.S.C. § 363(k).  The scope of such credit-bid rights shall be determined by the Court in a subsequent order, the entry of which order is a precondition to the commencement of the Auction, which Auction is currently scheduled for December 18, 2014.

## IV. PARTICIPATION REQUIREMENTS

In order to submit an offer and to participate in the Auction, each interested party (a "Potential Bidder") must first deliver to the Debtors, unless previously delivered, the following items (collectively, the "Participation Requirements"):

### A. Confidentiality And Indemnity Agreement

Each Potential Bidder shall be required to execute a Confidentiality Agreement, defined below.

### B. Proof Of Financial Ability To Perform

In order to participate, each Potential Bidder must submit to the Debtors either (i) its most current audited and latest unaudited financial statements (collectively, the "Financials"); (ii) if the Potential Bidder is an entity formed for the purpose of the Sale, then the Financials of the equity holder(s) of the Potential Bidder; or (iii) such other written form of financial disclosure evidencing the Potential Bidder's ability to close a Sale, the sufficiency of which shall be determined by the Debtors in their discretion.  Such proof may include, without limitation, letters of credit, proof of marketable securities, proof of cash and bank statements, and other information that the Debtors deem necessary in their business judgment. The Debtors shall keep confidential, and refrain from disclosing to third-parties, other than the Debtors professionals and representatives, all Potential Bidders' Financials.

### C. Corporate Authority

As to Potential Bidders that are entities, such Potential Bidders shall provide written evidence of: (i) entity existence in good standing in the jurisdiction in which the entity is organized; (ii) to the extent required, proof of the entity's authority to conduct business in Virginia; (iii) authority, including its signatory's authority, to enter into, consummate, and close the transaction proposed by the Bid, and (iv) at the Debtors' request, identification, in writing, of any such Potential Bidder's investors, members, officers, directors, and all direct and indirect legal and beneficial owners.

3

## V. INSPECTION AND DILIGENCE

On specified terms and conditions, between November 3, 2014 and December 10, 2014, Potential Bidders shall be permitted to: (i) review, inspect and enter onto the Properties at certain times; and (ii) review, and inspect certain documents, files and other information relating to the Properties (collectively, the "Confidential Information").

In order to gain access to the Confidential Information and the Properties, Potential Bidders shall execute, deliver, and abide by all terms contained in a confidentiality, access and indemnity agreement in a form acceptable to Debtors (the "Confidentiality Agreement"), whereby the Potential Bidder shall, among other things: (i) accept all risks and liabilities associated with the Potential Bidder's review and inspection of the Confidential Information and the Properties; (ii) accept responsibility for any and all costs required to repair damage to the Properties caused by the Potential Bidder during the Potential Bidder's inspection or other activities on the Properties; (iii) keep all Confidential Information, as well as all results, and products of the Potential Bidder's review and inspection of the Confidential Information and the Properties, confidential, to be disclosed to certain other third parties only under the parameters set out in the Confidentiality Agreement; (iv) use the Confidential Information and any results or products of the Potential Bidder's review and inspection of the Confidential Information and the Properties solely for the purpose of developing the Potential Bidder's Bid; and (v) indemnify, defend, and hold harmless the Debtors, the Debtors' agents, the Auctioneer, and certain other parties identified in the Confidentiality Agreement, from all manner of damages, claims, demands and causes of action which arise by reason of, or on account of any losses resulting or arising from or related to the Potential Bidder's access to and inspection of the Confidential Information and the Properties.

Potential Bidders must acknowledge and agree that: (i) Potential Bidders are entering the Properties at Potential Bidder's own risk; (ii) Potential Bidders assume all risk of loss that may occur in connection with the access granted to the Confidential Information and the Properties, including all risk of loss related to activities conducted on the Properties by Potential Bidders; (iii) the Debtors have made no representations or warranties whatsoever, express or implied, with respect to the condition of the Properties; (iv) the Debtors have made no representations or warranties, express or implied, with respect to the content, completeness, or accuracy of any of the Confidential Information or any information contained in the Data Room, whether prepared by the Debtors, the Debtors' agents or representatives, or third-parties.

Potential Bidders that obtain the Debtors' permission to conduct and obtain their own independent inspection reports as to any of the Properties shall do so at their own expense and shall be required to provide the Debtors with a complete and accurate copy of all such reports.

## VI. BID REQUIREMENTS AND SUBMISSIONS

In addition to meeting the Participation Requirements, Potential Bidders must submit a binding contract and agreement to purchase the Properties in bulk, individually, or any combination thereof, in the form and manner of the Form Purchase Agreement (each, a "Bid"), and each Potential Bidder submitting such a Bid (each, a "Bidder"), must be determined by the Debtors to satisfy each of the following conditions:

(a)    Initial Deposit: Each Bid must be accompanied by a deposit in the amount of five percent (5%) of the proposed purchase price (the "Initial Deposit") to a non-interest bearing escrow account to be held by [**ESCROW AGENT**] (the "Escrow Agent"). Prior to the Bid Deadline, defined below, the Initial Deposit shall be delivered by the Bidder to the Escrow Agent, via wire transfer, or if approved by the Debtors, other manner of immediately available funds.  Wire transfer instructions may be obtained from the Escrow Agent.

(b)    Identification of Properties: The Debtors may, in an exercise of their business judgment, direct and require that a Bidder, other than either of the Holders, in each respective Bid, identify by address and tax map parcel number(s), the Properties that the Bidder seeks to purchase and, if such Bidder seeks to acquire more than one of the Properties, such Bid shall allocate on a per Property basis the respective proposed price and bid by dollar amount.

(c)    No Contingencies: A Bid (i) may not contain termination rights or due diligence or inspection contingencies, unless as expressly permitted by these Sale & Bid Procedures, and (ii) may not be conditioned on obtaining financing or any internal approval, or on the outcome or review of due diligence or similar terms.

(d)    Blackline Agreement: Bidders are advised that the submission of any Bid in a form other than the Form Purchase Agreement is strongly discouraged by the Debtors, and any variations from the Form Purchase Agreement shall be strongly disfavored. All Bids must include (1) a clean, original Bid and (2) a blacklined, comparison version between the executed Bid and the Form Purchase Agreement.  The clean version of the Bid shall be a duly executed original, signed by the authorized signatory of the Qualified Bidder, and the blacklined version shall show any changes to the Form Purchase Agreement.

(e)    Irrevocability: A Bid shall be irrevocable through the conclusion of the Auction, provided, however, that if such Bid is accepted as a Prevailing Bid or a Back-Up Bid, each as defined below, such Bid shall remain irrevocable, as set forth below.

(f)    Bid Deadline: The following parties must actually receive a Bid on or before December 10, 2014, at 5:00 PM (prevailing Eastern Time)[7] or such other date as may be specified by the Debtors (the "Bid Deadline"): (i) the Debtors' Liquidating Representative, Development Specialists, Inc., 200 South Biscayne Boulevard, Suite 1818, Miami, FL, 33131, ATTN: Joseph J. Luzinski, jluzinski@dsi.biz; (305) 374-2718 (facsimile); (ii) the Debtors' counsel, Robert H. Chappell, III, Spotts Fain, PC, 411 East Franklin Street, Suite 600, Richmond, VA, 23219, rchappell@spottsfain.com, (804) 697-2125 (facsimile); and (iii) the Auctioneer [**X**].

Each person or entity that submits a Bid, whether or not it complies with the terms of these Sale & Bid Procedures, shall be deemed to have consented to the Debtors making public the

---

[7] Unless stated otherwise, all times listed are prevailing Eastern time.

contents of such Bid, including, without limitation, in filings with the Court.

A Bid received from a Bidder before the Bid Deadline that meets the requirements stated above shall constitute a "Qualified Bid", and such Bidder shall be deemed a "Qualified Bidder". Upon receipt of a Qualified Bid, the Debtors shall promptly provide to the Holders, through counsel, an accurate copy of each Qualified Bid.

## VII. SELECTION OF BIDDERS

The Debtors shall evaluate and determine, in their discretion and business judgment, which Qualified Bids present the highest and / or best Bids for either all Properties, any one of the Properties, or any combinations thereof.

The Debtors shall rank Qualified Bids.  This determination shall take into account any factors that the Debtors, in their business judgment, deem relevant to the value of the Qualified Bid for the benefit of the Debtors' estates, including, without limitation, the following: (a) the amount of the consideration; (b) the number and manner of changes, if any, to the Form Purchase Agreement; (c) the promptness with which a Bidder can close a Sale; (d) the adequate assurance on the part of the Bidder to perform the existing obligations due to tenants at the Properties; (e) the Bidder's ability to close a transaction; (f) the number of Properties covered by the Bid; (g) the lack or number, if any, of contingencies in the Bid; and (h) the net benefit to the Debtors' estates.

The Debtors may conduct Auction sales of the Properties (each, an "Auction") in order to determine the highest and best Qualified Bid.  Except in instances where only a limited number of Qualified Bids are submitted for particular Properties or other good cause exists, which cause the Debtors shall determine in their business judgment, only the Qualified Bids that represent the highest and best 2/3 (two-thirds) of the Qualified Bids, and only those corresponding Qualified Bidders may participate in the Auction.

## VIII. POTENTIAL STALKING HORSE BIDDER

If either of the Debtors are able to obtain or procure an offer for all, or substantially all, of either Debtor's Properties, then the Debtors may seek expedited relief, with limited and shortened notice, and Court approval to deem such an offeror a stalking-horse bidder, and award to such stalking-horse bidder appropriate bid protections, including, without limitation, break-up fee or topping fee awards, or such other protections that the Debtors may request and the Court may order.

## IX. AUCTIONS

If by the Bid Deadline, there is only one Qualified Bid, either for an entire portfolio of the Debtors' properties or for an Auction Lot, defined below, then the Debtors reserve the right not to conduct an Auction, and such Qualified Bid, including a stalking-horse bid, may be deemed the Prevailing Bid, subject to the terms of the Sale & Bid Procedures Order.

The Debtors shall direct and preside over Auctions in accordance with the following terms:

### A. Location And Time

As necessary and applicable, Qualified Bidders shall be notified, either via writing, including via e-mail, or via telephone, of their selection to participate in those Auctions pertaining to Properties for which they have submitted Qualified Bids, on or before December 16, 2014 at 5:00 PM.  Only the selected Qualified Bidders and the Holders will be entitled to Bid at Auction. Auctions shall take place beginning at 10:00 AM on December 18, 2014 at Spotts Fain PC, 411 East Franklin Street, Suite 600, Richmond, Virginia 23219, or such other place and time as the Debtors shall provide notice to selected Qualified Bidders, and the Holders.

### B. General Procedures

i)　　　The Debtors may announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time to make subsequent Overbids) for conducting an Auction so long as such rules are not inconsistent with these Sale & Bid Procedures.

ii)　　　Auctions may be transcribed by a certified court reporter and may be audiotaped or videotaped, if the Debtors so elect.

iii)　　　Properties shall be conveyed and sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and interests thereon and there against, provided that Properties shall remain subject to all properly recorded and enforceable easements, rights of way, permissive or restrictive covenants, and all valid tenancies.  The Properties shall be conveyed by Special Warranty Deed, in their then-present condition, "AS IS, WITH ALL FAULTS, AND WITHOUT ANY WARRANTY WHATSOEVER, EXPRESS OR IMPLIED."

iv)　　　Only (i) the Debtors, and their professionals; (ii) Qualified Bidders, and their professionals and representatives; (iii) the Holders' professionals and representatives; and (iv) such other persons that the Debtors permit, in their business judgment, may attend an Auction in person.  With the express consent and approval of the Debtors, Qualified Bidders may participate in an Auction via Internet.

v)　　　At the start of an Auction, the Debtors shall describe the terms of the highest and best Qualified Bid received prior to the Bid Deadline (such Qualified Bid, an

"Auction Baseline Bid").

vi) Each Qualified Bidder participating in the Auction must confirm in writing that it has not engaged in any collusion with respect to the bidding or sale of the Properties.

vii) Absent Court Approval, no Bidder may request, or be entitled to, any fee or manner of bid protection that may be analogous to protections offered to a stalking-horse bidder, such as a break-up fee, expense reimbursement, or similar fee or payment. The submission of a Bid, shall be deemed to be acknowledgement on the part of the Bidder that it shall not be entitled to such fee.

viii) All Bidders, including Prevailing Bidders and Back-Up Bidders, shall bear their own expenses in connection with their Bid and any proposed Sale, whether or not such Sale is ultimately approved by the Court, in accordance with the terms of the purchase agreement executed by such a Bidder, Prevailing Bidder, or Back-Up Bidder, as applicable.

ix) A Bid may only be assigned by a Bidder with the express consent of the Debtors, which consent shall not be unreasonably withheld, conditioned, or delayed if the assignee is an affiliate of the Bidder, and the Bidder remains liable for the performance contemplated by the Bid.

x) After the conclusion of the Auction, the Court shall preside over the Sale Hearing, in accordance with the Schedule, as may be modified.  All Prevailing Bids, defined below, shall be subject to the express approval of the Court.  The Sale Hearing may be adjourned or rescheduled without notice other than by an announcement of the adjourned date at the Sale Hearing.  The Debtors reserve all rights to execute purchase agreements on earlier dates and seek expedited relief and approval from the Court of such purchase agreements at earlier dates as the circumstances may warrant.

**C. Auction Lots And Partial Bids**

If any Qualified Bids submitted by the Bid Deadline are structured as a purchase of less than all of either of the Debtors' Properties (each such bid a "Partial Bid"), the Debtors may, in an exercise of their business judgment, conduct separate Auctions for each "lot" of assets and individual Properties (each, an "Auction Lot") subject to a Partial Bid (each such separate auction, an "Auction", as defined herein).  The Debtors may designate each Auction Lot at any time.

As to a Qualified Bidder selected to participate at Auction that submits a Partial Bid, such Qualified Bidder shall be entitled to participate, as applicable, in a separate Auction for any subset of the Properties that comprises the respective Auction Lot.  A Qualified Bidder selected to participate at Auction that submits a Bid for an entire portfolio of all of either Debtors' Properties may participate in any separate Auction for individual or groups of Properties of the relevant Debtor.  Additionally, the Holders shall be deemed to be a Qualified Bidder with respect to the

Auction of any Auction Lot.

## D. Process For Overbids

An "Overbid" is any Bid made at an Auction after the Debtors' announcement of the applicable Auction Baseline Bid.  To submit an Overbid for purposes of an Auction, a Qualified Bidder must comply with the following:

i)     Incremental Bids - Any incremental Bid increases above the Auction Baseline Bid shall be made in increments that the Debtors deem appropriate in their business judgment.  After consultation with the Holders, the Debtors shall announce the increments of each Overbid at the Auction.  Additional consideration in excess of the amount set forth in the minimum Overbid shall include only cash consideration.

ii)     Overbid Terms - Except as modified herein, an Overbid must comply with the conditions and terms for a Qualified Bid, stated above, provided, however, that the Bid Deadline shall not apply.

iii)     Announcing Overbids - The Debtors shall announce at an Auction the material terms of each Overbid.

iv)     Consideration Of Overbids - The Debtors reserve their rights, in their business judgment, to make one or more reasonable continuances of an Auction to, among other things: (i) facilitate discussions between the Debtors and Bidders; (ii) allow Bidders to consider how they wish to proceed; and (iii) give Bidders the opportunity to provide the Debtors with such additional information or evidence as the Debtors, in their business judgment may require, including whether the Bidder has sufficient resources to consummate the proposed transaction at the prevailing Overbid amount.

## E. Back-Up Bidder

Notwithstanding anything in these Bidding Procedures to the contrary, the Bidder that submits the next highest Qualified Bid after the Bid made by the Prevailing Bidder, defined below, or otherwise next best Qualified Bid at the Auction, as determined by the Debtor, in the exercise of its business judgment, may be designated as a Back-Up Bid and Back-Up Bidder (the "Back-Up Bid" and "Back-Up Bidder", respectively).

If so designated by the Debtors, the Back-Up Bidder shall be required to keep its Back-Up Bid open and irrevocable until the earlier of either (i) 5:00 PM (prevailing Eastern time) on the date which is thirty (30) days after the date of the Sale Hearing (the "Outside Back-Up Date"); or (ii) the date of closing of a transaction with the Prevailing Bidder or with the Back-Up Bidder.

## F. Conclusion Of Auction

The Auctions shall conclude when, as to all of the Properties, the Debtors, in their business judgment have selected the Qualified Bids that provide the highest and best value to the Debtors'

estates, whether one or more, each a "<u>Prevailing Bid</u>", as submitted by a "<u>Prevailing Bidder</u>" and the Debtors have officially declared that the Auction has concluded.  The Debtors may, from time to time, adjourn or continue Auctions, as necessary.

## G. Supplemental Deposit And Release Of Deposit

The Prevailing Bidder shall within twenty-four (24) hours after the conclusion of the Auction as to the applicable Properties, wire an amount equal to the difference between the Initial Deposit and the amount equal to ten percent (10%) of the respective total purchase consideration agreed to be paid by the Prevailing Bidder (the "<u>Supplemental Deposit</u>"), as a result of the Auction in accordance with the instructions provided by the Escrow Agent.

In the event that the Prevailing Bidder cannot close a transaction, any Back-Up Bidder, or next highest and best Qualified Bidder, shall be required to provide the Supplemental Deposit within two (2) business days of notice of its selection to enter into an alternate purchase agreement, in accordance with these Sale & Bid Procedures.

The Initial Deposit and the Supplemental Deposit (collectively, the "<u>Deposit</u>") shall be retained by the Escrow Agent in accordance with the terms of the applicable and executed sale purchase agreement.

The Deposit of the Back-Up Bidder shall be released by the Escrow Agent on the earlier of two (2) business days after either (i) the closing of the transaction with the Prevailing Bidder; or (ii) the Outside Back-Up Date.

Initial Deposits submitted by Bidders other than Prevailing Bidders and Back-Up Bidders shall be released by the Escrow Agent no later than three (3) business days after the date of the conclusion of the Auction.

## X. FAILURE TO CLOSE

If a Prevailing Bidder fails to consummate and close the transactions contemplated by a Prevailing Bid as approved by order of the Court, for any reason other than a failure to close on the part of either of the Debtors, then the Debtors shall be entitled to retain the applicable and respective Deposit as liquidated damages for a default by a Prevailing Bidder, provided, however, that if a Holder fails to close pursuant to its Bid that is a credit-bid, the Debtors shall have all available rights and remedies available under Virginia law to a non-breaching party to a defaulted real estate contract.

In such event, the Debtors are authorized to enter into an alternate purchase agreement with the Back-Up Bidder in accordance with the Back-Up Bid. If such Back-Up Bidder cannot consummate a Sale in accordance with the Back-Up Bid within fourteen (14) days of notification that the Prevailing Bidder has failed to consummate and close the transactions contemplated by a Prevailing Bid as approved by order of the Court, then the Debtors are authorized to execute a purchase agreement and consummate a Sale with the next highest and best Qualified Bidder at Auction.  The Debtors are authorized, but not required to, consummate and close the transaction

contemplated by a Back-Up Bid, or the next highest and best Qualified Bidder.

In the event that the Debtors seek to close a transaction with the Back-Up Bidder, in accordance with terms stated above, and the Back-Up Bidder fails to consummate such transaction, the Debtors shall retain the Back-Up Bidder's Deposit as liquidated damages for a default by a Back-Up Bidder.

## XI. CO-BROKERAGE FEES

If two criteria are met, then co-brokers retained by purchasers that close and consummate sale transactions with the Debtors shall be entitled to a fee for their services (generally, "Co-Broker Fees"). First, for Co-Broker Fees to be paid, the co-broker must be unrelated to, disinterested from, and otherwise not an affiliate of either the purchaser or the purchaser's insiders or owners, as applicable (the "Independence Criteria"). Second, for Co-Broker Fees to be paid, the aggregate consideration paid and sale proceeds earned by a respective Debtor for the sale of all of its property must exceed the sum of (i) the allowed and final adjudicated amount due to the respective Holder for its secured claim; (ii) Customary and Reasonable Closing Costs, as defined in the Sale & Bid Procedures Order[8]; and (iii) fees due to the Auctioneer and Co-Broker Fees due in accordance with these Sale & Bid Procedures (the "Financing Criteria"). If, and only if, both the Independence Criteria and the Financing Criteria are satisfied as to a respective Debtor, then Co-Broker Fees shall be paid to a co-broker. The Co-Broker fees shall be (a) one percent (1.0%) of the purchase price for one or more sale transactions where the total consideration paid by a purchaser is less than ten million dollars ($10,000,000); or (b) one-half of one percent (0.5%) of the purchase price for one or more sale transactions where the total consideration paid by a purchaser is equal to or greater than ten million dollars ($10,000,000).

## XII. MISCELLANEOUS TERMS

### A. Reservation Of Rights

Notwithstanding anything to the contrary herein, the Debtors reserve the right, in their business judgment, to modify these Sale & Bid Procedures at any time, with applicable notice to Potential Bidders and Bidders and other parties-in-interest, including the Holders.

The Debtors reserve the right, in their business judgment to: (i) adjourn, continue, advance, or modify the dates and deadlines set forth in the Schedule, including the Sale Hearing; (ii) terminate these Sale & Bid Procedures at any time to pursue an alternative strategy for disposition of the Properties or reorganization of the Debtors that maximizes the value of the Debtors' estates; (iii) determine which Bid(s), if any, is the highest and best offer; (iv) reject at any time, any Bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code or these Sale & Bid Procedures, or (c) contrary to the best interests of the Debtors, their estates, their creditors, the restitution claimants, and any other parties-in-interest; or (v) accept a Bid from a Bidder that does not otherwise meet the requirements set forth in these Sale & Bid Procedures, provided that, upon submission of a Bid any such Bidder shall be deemed to have

---

[8] Under the Sale & Bid Procedures Order, Customary and Reasonable Closing Costs are: (i) the Debtors' prorated portion of any fees for utilities services due to municipal and governmental authorities only that may be due adjusted to the date of closing, (ii) the Virginia grantor's tax due upon recordation of the deed or deeds of conveyance, and (iii) the Debtors' prorated portion of any real estate taxes that may be due adjusted to the date of closing.

consented to the procedures, findings of fact, conclusions of law, and other requirements set forth in both these Sale & Bid Procedures and the Sale & Bid Procedures Order.

## B. Consent To Jurisdiction

Each Bidder and Qualified Bidder, by submitting a Bid, shall be deemed to acknowledge and agree that it consents to the jurisdiction of the U.S. Bankruptcy Court for the Eastern District of Virginia, Richmond Division to enter any final order resolving any dispute, contested matter, or adversary proceeding and waives any and all right to a jury trial in connection with any such dispute, contested matter, or adversary proceeding, including, without limitation, disputes pertaining or relating to the Debtors' qualification of Bids, the Sale, the construction and enforcement of these Sale & Bid Procedures or the Sale & Bid Procedures Order, and/or the definitive documents concerning the Sale.

## C. Assumption And Assignment Of Residential Leases And Related Obligations

As soon as practicable, the Debtors will file with the Court a motion seeking to assume and assign to the respective Prevailing Bidder(s) the Debtors' unexpired residential leases between the Debtors and the residential tenants (each, a "Residential Lease") at the Properties included within the respective Prevailing Bid. If any objection to the proposed assumption and assignment of a Residential Lease or a related cure amount is filed in accordance with the Assumption Procedures, a hearing with respect to such objection will be held before the Court, and any such hearing may be held before or after the closing of the Sale. The Debtors shall assume and assign to each Prevailing Bidder, and each Prevailing Bidder shall be obligated to assume obligations owed to residential tenants, provide adequate assurance of performance of any obligations owed to the residential tenants at the Properties, including, without limitation, the performance of obligations in connection with security deposits for Residential Leases. Nothing contained herein shall be deemed an assumption of, or have any legal effect on the status of any of the Debtors' unexpired leases or executory contracts other than the Residential Leases.

## E. No Warranties Or Representations

The Debtors make no representations and warranties whatsoever, express or implied, with respect to the content, completeness or accuracy of any of the Confidential Information or any other information contained in any statements, documents, and other materials concerning the Properties, contained in the Data Room or made available elsewhere or learned through an inspection of the Properties. Each Bidder and Qualified Bidder, by submitting a Bid, shall be deemed to acknowledge and agree that it is not relying on any of the Confidential Information, or any document or information contained in the Data Room or any written or oral statements, representations, promises, warranties, or guarantees of any kind, whether implied or express, by operation of law or otherwise, including those of the Debtors and their professionals, agents, employees, representatives, contractors, or counsel regarding the Debtors, the Properties, these Sale & Bid Procedures, the Sale & Bid Procedures Order, or any information in connection therewith.

## F. Conflict

12

Any conflict between the terms and conditions of these Sale & Bid Procedures and the terms of any purchase agreement executed by and among either of the Debtors and a Prevailing Bidder, and any other bidder or offeror, shall be resolved in favor of these Sale & Bid Procedures.

13

## EXHIBIT 1

Subject to the Debtors' reservation of rights to modify these Sale & Bid Procedures, this schedule of dates and timelines (the "Schedule") shall control the Sale process:

i) November 3, 2014, 9:00 AM - The Auctioneer shall be authorized to commence marketing, advertising, and promotional efforts on November 3, 2014. As necessary and deemed appropriate, between November 3 and December 10, 2014, the Auctioneer shall allow access to the Properties, including any preliminary inspections, tours, and open houses;

ii) December 10, 2014, 5:00 PM - Bids shall be received from Potential Bidders no later than December 10, 2014 at 5:00 PM, provided that Bids may be submitted earlier;

iii) December 10, 2014 through December 16, 2014 - The Debtors shall evaluate, select, and deem Bids as Qualified Bids, and notify Qualified Bidders of their status and, as applicable, selection to participate in the Auction;

iv) December 18, 2014, 10:00 AM - On December 18, 2014, at 10:00 AM, at the offices of Spotts Fain PC, 411 East Franklin Street, Suite 600, Richmond, VA, 23219, or such other place and time as the Debtors give notice to Qualified Bidders, the Auctioneer shall commence the Auction(s);

v) December 19, 2014, 2:00 PM - The Debtors shall file with the Court, and serve **only** on (i) the Core Parties; (ii) parties that request notice and service of papers by filing such request with the Court or serving such request on the Debtors' undersigned counsel via e-mail, hand-delivery, overnight, or U.S. Mail; and (iii) Qualified Bidders, a motion seeking the approval of purchase contracts and agreements, and other relief sought in conjunction therewith (the "Sale Motion Date"), which motion shall contain a summary of the relevant terms of applicable purchase contracts, provided further that interested parties may request copies of the full and complete purchase contracts from the Debtors' undersigned counsel;

vi) December 22, 2014, 11:00 AM - Any objections or responses to the notice or motion seeking the approval of purchase contracts and agreements filed and served by the Debtors on or before the Sale Motion Date shall be filed with the Court and served no later than December 22, 2014 at 11:00 AM, or no later than twenty-four (24) hours prior to an alternate hearing date;

vii) December 23, 2014, 11:00 AM - The Court shall convene a hearing to approve the Sale(s) of the Properties (the "Sale Hearing")[9]; and

viii) January 21, 2015, 5:00 PM - Outside Closing Date.

---

[9] The Debtors reserve all rights to modify or shorten the applicable notice period prescribed by the applicable Bankruptcy Rules with respect to any hearing and seek appropriate relief from the Court to do so.

**<u>INTERIM ORDER (I) APPROVING SALE AND BID PROCEDURES; (II) APPROVING
THE FORM AND MANNER OF NOTICE; AND (III) GRANTING RELATED RELIEF</u>**

**EXHIBIT 2 - FORM OF SALE NOTICE**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

_____
                                                      )
*In re*:                                              )        Chapter 11
                                                      )        (Joint Administration)
River City Renaissance, LC, &                         )
River City Renaissance III, LC[10],                   )
                                                      )
        *Debtors*.                                    )        Case No. 14-34080-KLP
_____)

### SALE NOTICE

**PLEASE TAKE NOTICE** that:

1.      On October 22, 2014, River City Renaissance, LC ("RCR") and River City Renaissance III, LC ("RCR III"; collectively, the "Debtors"), filed with the Court in the above-captioned bankruptcy cases a *Modified Motion For Entry Of An Order (I) Approving Sale And Bid Procedures; (II) Approving The Form And Manner Of Notice; And (III) Granting Related Relief* (Doc. No. [**X**]; the "Motion"). On October 30, 2014, the Court convened a hearing on the Motion, at which the Motion was approved, and the Court subsequently entered an Order granting the Motion (the "Sale & Bid Procedures Order"). (Doc. No. [**X**].)

2.      The Debtors are soliciting offers and bids for the purchase of substantially all or any portion of the property of the Debtors via an auction (such property, the "Properties" and any such transaction a "Sale").

3.      Objections, if any, from any parties that are not one of the Core Parties, as defined in the Motion, to the relief requested in the Motion, **must**: (a) be in writing; (b) conform to applicable provisions of the Bankruptcy Rules, the Local Rules, and the Code, and any related Order entered in these cases providing for related relief; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served, so as to be **actually received** no later than [**fourteen (14) days after the date of certification of service of this Sale Notice[11]**], on: (i) the Debtors' counsel Robert H. Chappell, III, Spotts Fain PC, 411 East Franklin Street, Suite 600, Richmond, VA, 23219, rchappell@spottsfain.com; (804) 697-2125, and (ii) the Debtors' Liquidating Representative, Development Specialists, Inc., 200 South Biscayne Boulevard, Suite 1818, Miami, FL, 33131, ATTN: Joseph J. Luzinski, jluzinski@dsi.biz; (305) 374-2718 (facsimile).

4.      The Debtors are proceeding with a marketing, auction, and sale process to identify

_____

[10] The final four digits of the federal tax ID numbers for River City Renaissance, LC and River City Renaissance III, LC, respectively, are 8910 and 8102.

[11] The Debtors shall provide that date certain in the issued Sale Notice.

the potential bidders and transactions that provide for the highest and best recovery for the Debtors' estates and creditors. The Sales will take place pursuant to sale and bid procedures (the "Sale & Bid Procedures") approved by in the Sale & Bid Procedures Order.

     5.    Subject to the Debtors' reservation of rights to modify the Sale & Bid Procedures, the following schedule of dates and timeline (the "Schedule") shall control the Sale Process:

ix)    November 3, 2014, 9:00 AM - The Auctioneer shall be authorized to commence marketing, advertising, and promotional efforts on November 3, 2014. As necessary and deemed appropriate, between November 3 and December 10, 2014, the Auctioneer shall allow access to the Properties, including any preliminary inspections, tours, and open houses;

x)    December 10, 2014, 5:00 PM - Bids shall be received from Potential Bidders no later than December 10, 2014 at 5:00 PM, provided that Bids may be submitted earlier;

xi)    December 10, 2014 through December 16, 2014 - The Debtors shall evaluate, select, and deem Bids as Qualified Bids, and notify Qualified Bidders of their status and, as applicable, selection to participate in the Auction;

xii)    December 18, 2014, 10:00 AM - On December 18, 2014, at 10:00 AM, at the offices of Spotts Fain PC, 411 East Franklin Street, Suite 600, Richmond, VA, 23219, or such other place and time as the Debtors give notice to Qualified Bidders, the Auctioneer shall commence the Auction(s);

xiii)    December 19, 2014, 2:00 PM - The Debtors shall file with the Court, and serve *only* on (i) the Core Parties; (ii) parties that request notice and service of papers by filing such request with the Court or serving such request on the Debtors' undersigned counsel via e-mail, hand-delivery, overnight, or U.S. Mail; and (iii) Qualified Bidders, a motion seeking the approval of purchase contracts and agreements, and other relief sought in conjunction therewith (the "Sale Motion Date"), which motion shall contain a summary of the relevant terms of applicable purchase contracts, provided further that interested parties may request copies of the full and complete purchase contracts from the Debtors' undersigned counsel;

xiv)    December 22, 2014, 11:00 AM - Any objections or responses to the notice or motion seeking the approval of purchase contracts and agreements filed and served by the Debtors on or before the Sale Motion Date shall be filed with the Court and served no later than December 22, 2014 at 11:00 AM, or no later than twenty-four (24) hours prior to an alternate hearing date;

xv)    December 23, 2014, 11:00 AM - The Court shall convene a hearing to approve the Sale(s) of the Properties (the "Sale Hearing")[12]; and

---

[12] The Debtors reserve all rights to modify or shorten the applicable notice period prescribed by the applicable Bankruptcy Rules with respect to any hearing and seek appropriate relief from the Court to do so.

xvi)    January 21, 2015, 5:00 PM - Outside Closing Date.

6.     The Sale & Bid Procedures, the Sale & Bid Procedures Order, the Debtors' *Modified Motion For Entry Of An Order (I) Approving Sale And Bid Procedures; (II) Approving The Form And Manner Of Notice; And (III) Granting Related Relief* (Doc. No. [**X**]; the "Motion") and further information regarding the above-captioned chapter 11 cases may be available by contacting the Debtors' undersigned counsel, as well as on the Court's PACER web-site at https://ecf.vaeb.uscourts.gov/.  **All parties-in-interest, creditors, and interested bidders and purchasers should carefully read the Sale & Bid Procedures and the Sale & Bid Procedures Order**.

7.     As stated in the Sale & Bid Procedures, the Debtors may, in their reasonable judgment, modify the Sale & Bid Procedures at any time with notice to potential purchasers, including to adjourn or continue any sale and notice, Sale Hearing, or any of the dates set forth herein or therein one or more times for any reason or to terminate the Sale & Bid Procedures at any time to pursue an alternative transaction that maximizes the value of the Debtors' estates.

8.     If you wish to receive further notice and service of any pleadings, motions, documents, and other papers concerning the sale process and the events and dates contained in the Schedule, then please file such request with the Court or serve such request on the Debtors' counsel via e-mail, hand-delivery, overnight, or U.S. Mail, and you will also be added to the list of Core Parties.  Debtors' counsel may be reached as follows:

Robert H. Chappell, III, Esq. - rchappell@spottsfain.com
Timothy G. Moore, Esq. - tmoore@spottsfain.com
Jennifer J. West, Esq. - jwest@spottsfain.com
James K. Donaldson, Esq. - jdonaldson@spottsfain.com
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:     (804) 697-2000
Facsimile:     (804) 697-2100

DATED: [**MONTH**] [**X**], 2014      RIVER CITY RENAISSANCE, LC
                                    RIVER CITY RENAISSANCE III, LC

                                    By: /s/_____
                                                  Counsel

Robert H. Chappell, III, Esq. (VSB No. 31698)
Timothy G. Moore, Esq. (VSB No. 41730)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:     (804) 697-2000
Facsimile:      (804) 697-2100
*Counsel for the Debtors &*
*Debtors-In-Possession*

624585.v.3.doc