```
 1              IN THE UNITED STATES BANKRUPTCY COURT
                EASTERN DISTRICT OF VIRGINIA (RICHMOND)
 2

 3
                                        )   Case No. 14-34080-KLP
 4   In re                              )   Richmond, Virginia
                                        )
 5   RIVER CITY RENAISSANCE, LC, et al.,)
                                        )   December 23, 2014
 6              Debtors.                )   11:03 AM
                                        )
 7   _____)

 8
                          TRANSCRIPT OF HEARING ON
 9         [159] CONTINUED MOTION TO APPROVE SALE AND BID PROCEDURES
     [271] MOTION TO APPROVE SALE PURSUANT TO SALE & BID PROCEDURES
10                                 ORDER
             [267] AMENDED MOTION TO APPROVE USE OF CASH COLLATERAL
11           [268] MOTION TO EXPEDITE HEARING AND SHORTEN NOTICE

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1   APPEARANCES:

 2   Debtors:                  ROBERT H. CHAPPELL, III, ESQ.
                               JED DONALDSON, ESQ.
 3                             SPOTTS FAIN PC
                               411 East Franklin Street
 4                             Suite 600
                               Richmond, VA 23218
 5
     CWCapital Asset           ROBBIN S. RAHMAN, ESQ.
 6   Management LLC:           KILPATRICK TOWNSEND & STOCKTON LLP
                               1100 Peachtree Street NE
 7                             Suite 2800
                               Atlanta, GA 30309
 8
                               MARK D. TAYLOR, ESQ.
 9                             VLP LAW GROUP LLP
                               555 Bryant Street
10                             Suite 820
                               Palo Alto, CA 94301
11
     Chevron U.S.A., Inc.:     AUGUSTUS C. EPPS, JR., ESQ.
12                             CHRISTIAN & BARTON, L.L.P.
                               909 East Main Street
13                             Suite 1200
                               Richmond, VA 23219
14

15

16

17

18

19

20

21   Transcription Services:              eScribers
                                          700 West 192nd Street
22                                        Suite #607
                                          New York, NY 10040
23                                        (973) 406-2250

24   PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.

25   TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```

1           THE CLERK:  Bankruptcy Court for the Eastern District
2    of Virginia is now in session, the Honorable Keith L. Phillips
3    presiding.  Please be seated and come to order.
4           THE CLERK:  The matter of River City Renaissance.
5           MR. CHAPPELL:  Good morning, Your Honor.
6           THE COURT:  Good morning.
7           MR. CHAPPELL:  May it please the Court, Robert
8    Chappell on behalf of River City Renaissance, LC and River
9    City Renaissance III, LC.
10          If I could, here in the court today are Mark Taylor
11   and Robbin Rahman here on behalf of the holders.  Jed
12   Donaldson is here from my firm.  Gus Epps is here on behalf of
13   Chevron U.S.A., Inc., and Joe Luzinski, the liquidating
14   representative, is here, and also Tim Dudley from Motleys
15   Auction is here as well.
16          And what we'd like to do today, we've just in the
17   past little while, sort of, reached a general framework for
18   how we'd like to proceed.  And so I think what we now know is
19   the purpose of this hearing is to give the Court an update on,
20   sort of, where things stand and what the process is from here.
21          Since we were last here on the le -- well, other than
22   the emergency hearing, where Your Honor was kind enough to
23   hear us, the hearing before that was the lease motion.  The
24   notice was served on all of the tenants, including notice of
25   the cure amount.  And we've heard, literally, from no one,

1  Your Honor.  No one has asked to opt in.  No one's raised a
2  question about the cure amount, et cetera.  And so that notice
3  was completed.
4       As the Court knows from last Thursday, we held the
5  sale last Thursday.  At the conclusion of the sale, the high
6  bidder for the RCR properties were the holders, at a bid of
7  30,500,000 dollars, and on RCR III the high bidder was the RCR
8  III holder, at a bid of 6,235,000 dollars.
9       Our backup bidders, and we filed an amended
10 schedule -- our backup bidders are Federal Capital Partners on
11 the RCR property, with a high bid of 30 million dollars, and a
12 group of individuals with a high bid of 6,135,000 dollars on
13 the RCR properties.
14       So the question is, what does that do for us in terms
15 of the payoff?  And obviously, as the Court knows, the payoff
16 is subject to dispute.  The Court entered an order, the credit
17 bid order, on 12/5, requiring that we get a payoff within five
18 days.  It actually did not come until the 12th.  So we
19 received a payoff on the 12th.  And the payoff that we
20 received on the 12th, for RCR it was 31,375,000 dollars and
21 change and for RCR III it was 6,643,000 dollars and change.
22      At the sale, after the emergency hearing, we heard
23 from Mr. Rahman, who was attending on behalf of the holders,
24 that the number was different.  And whether it was a payoff or
25 whether it was a reduction in their bid was the subject of, I

1    think, some confusion at the sale.  But we were given a sheet
2    of paper that showed a payoff of 30,637,000 dollars and change
3    on RCR and 6,520,000 dollars and change on RCR III.
4            And I'm to tender an exhibit to the Court, if I
5    might, and Mr. Rahman has a copy of this, and I'd ask that
6    these be admitted.  These are simply the two e-mail payoffs we
7    got and then the handwritten sheet that we got.  I'd ask that
8    they be admitted.
9            THE COURT:  Any objection?
10           MR. RAHMAN:  Your Honor, I'm not aware of what basis
11    they're being submitted for, so I reserve my objection to know
12    what they're being --
13           MR. CHAPPELL:  They're being submitted for the
14    purpose of updating the Court on where we are in the sale
15    process.
16           THE COURT:  Do you intend to put on any evidence
17    today?
18           MR. CHAPPELL:  No, Your Honor.  Not beyond this.
19    Where we are, and I'll jump ahead.  We expect that we will be
20    moving to close on a sale with the holders sometime in
21    January, we hope before the outside closing date of the 21st,
22    but we are not looking to put on our evidence at this point.
23           There have been discussions among the parties since
24    the conclusion of the sale, and as of this morning I think
25    it's decided that we're going to go forward on a closing, but

1    we're not prepared, as yet, to put on our evidence.  They may
2    need to put on evidence for the Court about good faith.  And
3    so we're expecting -- we're going to ask if the Court can
4    accommodate us with a day on January 6th.
5            THE COURT:  All right.  Well, what would be the
6    purpose of admitting these payoffs at this point?
7            MR. CHAPPELL:  Purely to provide the Court with an
8    update.  If the Court would prefer not to take them into
9    evidence they can be withdrawn.
10           THE COURT:  Yes.  I'll just reserve my ruling on
11   that.  It looks like you've given me two copies of the same
12   thing.
13           MR. CHAPPELL:  Yes.  You're right, Your Honor.
14   They're the same thing.  I had -- just habit is to hand up two
15   copies, and I note the law clerk is not with us today.
16           THE COURT:  Oh, fine.  Well, I can have them marked,
17   if you like, for identification purposes.
18           MR. CHAPPELL:  Okay.  That would be fine.
19           THE COURT:  All right.
20   (E-mail payoffs and handwritten sheet received by the debtors
21   was hereby marked for identification as Plaintiffs' Exhibit 1,
22   as of this date.)
23           THE COURT:  And this was the payoff that was
24   originally given to -- 6,643,946 dollars was the amount that
25   was submitted in accordance with the order requiring a payoff

1  be submitted prior to the sale?
2         MR. CHAPPELL:  Well, correct.  I mean, so there are
3  three documents here, Your Honor.  One is an e-mail from Mr.
4  Rahman, Friday, December 12 at 8:14 p.m.  The next is December
5  12th, 8:13 p.m.  And then the next is a handwritten statement.
6         THE COURT:  All right.  Well, these documents,
7  collectively, are identified as Plaintiffs' Exhibit 1.
8         MR. CHAPPELL:  And we received these on the 12th.  I
9  mean, one of the points I want to make to the Court is we
10 should have had them by the 10th.
11        THE COURT:  All right.
12        MR. CHAPPELL:  We got them on the 12th.  And then
13 there was a subsequent -- what we discovered in the middle of
14 the sale, shortly before the entireties bidding commenced, was
15 that there had been an error in that calculation and that the
16 actual payoffs were lower.
17        THE COURT:  Okay.
18        MR. CHAPPELL:  And so that's -- I just want to alert
19 the Court to where we are, because this feeds into how the
20 sale did, what recovery there is, and that sort of thing.
21        So what we heard on a call this morning is that the
22 actual payoff, with interest through January 23rd but fees
23 only through December 12th, on RCR was $30,887,372.78, and on
24 RCR III it was $6,520,222.32.
25        So laying these payoffs up against the sale price,

1  where are we?  And the answer is we don't know.  Obviously we
2  haven't validated these payoffs.  We have funds in the debtor-
3  in-possession account.  We also have expenses that remain to
4  be paid.  And so where we stand in terms of having recovery
5  for the creditors from the real estate assets is, as yet,
6  uncertain, but after talking with the sales team we feel like
7  where we need to move is to move forward with these closings.
8          The holders have informed us they're prepared to move
9  forward.  But there is some work that we need to do in order
10 to be ready to close.  The contracts need to be slightly
11 altered.  There is a nonresidential lease that needs to be
12 discussed, form of sale order that's going to need some
13 tweaking.  And just between the sale and today all that ground
14 has not yet been covered.
15         So our hope is, with the Court's consent, to be back
16 here on the 6th to lay out all of that evidence and to, we
17 hope, obtain a final order that would allow us to close on the
18 transaction.
19         THE COURT:  So on the sale motion you're asking that
20 it be continued until January 6th.
21         MR. CHAPPELL:  That is correct, with that update to
22 the Court.
23         With regard to the cash collateral motion, we filed a
24 motion to extend the use of cash collateral.  The holders
25 filed a response.  We have reached conceptual agreement on an

1  order that will pay the operating expenses of the properties
2  through the date of the closing, with any remaining funds to
3  be held in the debtor-in-possession account pending further
4  order of the Court.
5         That budget needs to be drafted and revised from what
6  we filed with the Court last week, but we don't believe
7  there'll be a problem doing that, and so we intend to submit
8  an order and a budget to Your Honor before the 31st for entry.
9         THE COURT:  Fine.  So I don't need to hear anything
10 in connection with the cash collateral because the parties
11 have reached some consent.
12        MR. CHAPPELL:  Yes.
13        THE COURT:  And an order will be submitted prior to
14 the 31st that will continue the cash collateral agreement
15 through the sale date?
16        MR. CHAPPELL:  Yes.  It will be different than the
17 third order.  This will go back to the first order that Your
18 Honor entered, which will allow the payment of operating
19 expenses, with all other funds simply being held in the
20 debtor-in-possession account pending further order from Your
21 Honor.  And obviously we'll ask Mr. Rahman to confirm this
22 when we proceed.
23        And the only other point that I would make to the
24 Court is that in terms of the path forward from here,
25 obviously we have some work to do to close these transactions,

1  and that will then conclude the liquidation of the real estate
2  assets.
3         We still have other assets in the estate in the form
4  of causes of action and recoveries that we will begin to look
5  at pursuing.  As we've advised the Court, we felt that getting
6  these real estate assets sold was the first order of business
7  and that we would then turn to Chapter 5 and other causes of
8  action, and we're going to begin looking at those promptly.
9         THE COURT:  Well, it must have taken quite an effort
10 to have the sale completed timely, and I commend you for those
11 efforts.
12        Does anyone else wish to be heard in connection with
13 either of these matters, the motion to approve the sale and
14 the cash collateral motion?
15        MR. RAHMAN:  Good morning, Your Honor.  Robbin Rahman
16 with Kilpatrick Townsend on behalf of the holders.  Your
17 Honor, I have only limited comments to add to what Mr.
18 Chappell just provided you.  The first is just to formalize my
19 objection to the exhibits that Mr. Chappell handed to you
20 before.  I generally agree with the representations about when
21 we provided the payoffs.  There are reasons behind that.  We
22 can certainly get into them if it becomes relevant in the
23 future.  But, in any event, I'm not sure what that would be
24 relevant to for purposes of the sale motion, other than the
25 fact that we are the high bidder.  So to the extent any

 1  evidence is offered today I would just ask that -- or just
 2  note my objection for the record.
 3          THE COURT:  I will defer ruling on whether or not to
 4  admit those documents into evidence until the hearing on
 5  January 6th.
 6          MR. RAHMAN:  Okay.  Thank you, Your Honor.
 7          The only other comment I would make is that I'm not
 8  sure there's as much uncertainty about where we are in this
 9  case as Mr. Chappell suggests.  I understand that we have to
10  do some reconciling of the amounts that are owed, some
11  reconciling of our own payoff number and some other
12  calculations.  And it gives me no pleasure to be the high
13  bidder for these assets.  That certainly was not the outcome
14  that we hoped for.
15          You will note that from the outset of this case it
16  was certainly an outcome that we thought was possible, and
17  that was, sort of, how we have proceeded in this case.  And so
18  I'm not sure there's as much uncertainty about where we are
19  now.  I think it's a difficult position for the estate to be
20  in.  I think there's limited funds for, really, anything at
21  this point, and I just hope that Your Honor understands as we
22  move forward our position in this case is now changing a good
23  bit, because, sort of, the negative side of what we thought
24  was possible has now come to be the actual reality, and so we
25  have to view everything in the future with that light.

1       There's a possibility we may not get paid off in
2   full.  I think that the numbers are very close.  So I'd just
3   ask Your Honor to understand that's where we are and that's
4   how we intend to proceed.  So with that --
5       THE COURT:  That's noted.
6       MR. RAHMAN:  Thank you.
7       MR. EPPS:  Good morning, Your Honor.  A.C. Epps, Jr.
8   on behalf of Chevron U.S.A. in this matter.  First I wanted to
9   note my appearance for the record and just to point out one
10  thing that has not been said so far, though, that there is the
11  claim to litigation.  Mr. Rahman has pointed out to the Court
12  that his number and the closing number might be such that they
13  might not be paid off in full.  But I want the Court not to
14  lose sight of the fact that they may -- there may be as much
15  as two and a half, three million dollars that comes back to
16  the debtor because of the claims litigation, which I fully
17  expect to go forward.  So there is that possibility as well.
18  No one else has mentioned that today.
19      THE COURT:  Well, I saw that in the pleadings, and I
20  do realize that that's the issue that we address in connection
21  with the supplemental order approving the credit bid
22  procedures.
23      MR. EPPS:  Right.  Thank you.
24      THE COURT:  Anyone else wish to be heard?
25      All right.  The Court is with the agreement of the

| | |
|---|---|
| | Colloquy                                                              13 |
| 1 | parties.  We will continue both of these matters until January |
| 2 | 6th at 2 o'clock p.m. |
| 3 |      MR. CHAPPELL:  Thank you, Your Honor. |
| 4 |      THE COURT:  All right.  Thank you. |
| 5 |      THE CLERK:  All rise.  The court is now adjourned. |
| 6 | (Whereupon these proceedings were concluded at 11:17 AM) |

```
 1                           I N D E X

 2

 3  EXHIBITS:   DESCRIPTION                      I.D.    EVID

 4  Plaintiffs:

 5  1           E-mail payoffs and handwritten    6

 6              sheet received by the debtors

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1
2                   **C E R T I F I C A T I O N**
3
4     I, Hana Copperman, the court approved transcriber, do
5 hereby certify the foregoing is a true and correct transcript
6 from the official electronic sound recording of the
7 proceedings in the above-entitled matter.
8
9 *Hana Copperman*
10
                                    December 24, 2014
11
12 _____        _____
    **HANA COPPERMAN**                          **DATE**
13
    **AAERT Certified Electronic Transcriber CET\*\*D 487**
14
15
16
17
18
19
20
21
22
23
24
25

Case 14-34080-KLP    Doc 282    Filed 12/24/14    Entered 12/24/14 14:47:45    Desc Main
                                Document    Page 16 of 19

RIVER CITY RENAISSANCE, LC, et al.
Case No. 14-34080-KLP                                                          December 23, 2014

## $

**$30,887,372.78 (1)**
  7:23
**$6,520,222.32 (1)**
  7:24

## A

**AC (1)**
  12:7
**accommodate (1)**
  6:4
**accordance (1)**
  6:25
**account (3)**
  8:3;9:3,20
**action (2)**
  10:4,8
**actual (3)**
  7:16,22;11:24
**actually (1)**
  4:18
**add (1)**
  10:17
**address (1)**
  12:20
**adjourned (1)**
  13:5
**admit (1)**
  11:4
**admitted (2)**
  5:6,8
**admitting (1)**
  6:6
**advised (1)**
  10:5
**against (1)**
  7:25
**agree (1)**
  10:20
**agreement (3)**
  8:25;9:14;12:25
**ahead (1)**
  5:19
**alert (1)**
  7:18
**allow (2)**
  8:17;9:18
**altered (1)**
  8:11
**amended (1)**
  4:9
**among (1)**
  5:23
**amount (3)**
  3:25;4:2;6:24
**amounts (1)**
  11:10
**appearance (1)**
  12:9
**approve (1)**
  10:13
**approving (1)**
  12:21
**assets (5)**
  8:5;10:2,3,6;11:13
**attending (1)**
  4:23
**Auction (1)**
  3:15
**aware (1)**
  5:10

## B

**back (3)**
  8:15;9:17;12:15
**backup (2)**
  4:9,10
**Bankruptcy (1)**
  3:1
**basis (1)**
  5:10
**becomes (1)**
  10:22
**begin (2)**
  10:4,8
**behalf (6)**
  3:8,11,12;4:23;
  10:16;12:8
**behind (1)**
  10:21
**beyond (1)**
  5:18
**bid (7)**
  4:6,8,11,12,17,25;
  12:21
**bidder (4)**
  4:6,7;10:25;11:13
**bidders (2)**
  4:9,10
**bidding (1)**
  7:14
**bit (1)**
  11:23
**both (1)**
  13:1
**budget (2)**
  9:5,8
**business (1)**
  10:6

## C

**calculation (1)**
  7:15
**calculations (1)**
  11:12
**call (1)**
  7:21
**can (4)**
  6:3,9,16;10:22
**Capital (1)**
  4:10
**case (4)**
  11:9,15,17,22
**cash (5)**
  8:23,24;9:10,14;
  10:14
**causes (2)**
  10:4,7
**certainly (3)**
  10:22;11:13,16
**cetera (1)**
  4:2
**change (4)**
  4:21,21;5:2,3
**changing (1)**
  11:22
**CHAPPELL (19)**
  3:5,7,8;5:13,18;
  6:7,13,18;7:2,8,12,
  18;8:21;9:12,16;
  10:18,19;11:9;13:3
**Chapter (1)**
  10:7
**Chevron (2)**
  3:13;12:8
**City (3)**
  3:4,8,9
**claim (1)**
  12:11
**claims (1)**
  12:16
**CLERK (4)**
  3:1,4;6:15;13:5
**close (5)**
  5:20;8:10,17;9:25;
  12:2
**closing (4)**
  5:21,25;9:2;12:12
**closings (1)**
  8:7
**collateral (5)**
  8:23,24;9:10,14;
  10:14
**collectively (1)**
  7:7
**commenced (1)**
  7:14
**commend (1)**
  10:10
**comment (1)**
  11:7
**comments (1)**
  10:17
**completed (2)**
  4:3;10:10
**conceptual (1)**
  8:25
**conclude (1)**
  10:1
**concluded (1)**
  13:6
**conclusion (2)**
  4:5;5:24
**confirm (1)**
  9:21
**confusion (1)**
  5:1
**connection (3)**
  9:10;10:12;12:20
**consent (2)**
  8:15;9:11
**continue (2)**
  9:14;13:1
**continued (1)**
  8:20
**contracts (1)**
  8:10
**copies (2)**
  6:11,15
**copy (1)**
  5:5
**Court (44)**
  3:1,6,7,10,19;4:4,
  15,16;5:4,9,14,16;
  6:2,3,5,7,8,10,16,19,
  23;7:6,9,11,17,19;
  8:19,22;9:4,6,9,13,
  24;10:5,9;11:3;12:5,
  11,13,19,24,25;13:4,
  5
**Court's (1)**
  8:15
**covered (1)**
  8:14
**credit (2)**
  4:16;12:21
**creditors (1)**
  8:5
**cure (2)**
  3:25;4:2

## D

**date (4)**
  5:21;6:22;9:2,15
**day (1)**
  6:4
**days (1)**
  4:18
**debtor (1)**
  12:16
**debtor- (1)**
  8:2
**debtor-in-possession (2)**
  9:3,20
**debtors (1)**
  6:20
**December (3)**
  7:4,4,23
**decided (1)**
  5:25
**defer (1)**
  11:3
**different (2)**
  4:24;9:16
**difficult (1)**
  11:19
**discovered (1)**
  7:13
**discussed (1)**
  8:12
**discussions (1)**
  5:23
**dispute (1)**
  4:16
**District (1)**
  3:1
**documents (3)**
  7:3,6;11:4
**dollars (10)**
  4:7,8,11,12,20,21;
  5:2,3;6:24;12:15
**Donaldson (1)**
  3:12
**drafted (1)**
  9:5
**Dudley (1)**
  3:14

## E

**Eastern (1)**
  3:1
**effort (1)**
  10:9
**efforts (1)**
  10:11
**either (1)**
  10:13
**else (3)**
  10:12;12:18,24
**e-mail (3)**
  5:6;6:20;7:3
**emergency (2)**
  3:22;4:22
**enough (1)**
  3:22
**entered (2)**
  4:16;9:18
**entireties (1)**
  7:14
**entry (1)**
  9:8
**Epps (4)**
  3:12;12:7,7,23
**error (1)**
  7:15
**estate (5)**
  8:5;10:1,3,6;11:19
**et (1)**
  4:2
**event (1)**
  10:23
**evidence (8)**
  5:16,22;6:1,2,9;
  8:16;11:1,4
**exhibit (3)**
  5:4;6:21;7:7
**exhibits (1)**
  10:19

Case 14-34080-KLP    Doc 282    Filed 12/24/14    Entered 12/24/14 14:47:45    Desc Main
                                 Document      Page 17 of 19

RIVER CITY RENAISSANCE, LC, et al.
Case No. 14-34080-KLP                                                    December 23, 2014

**expect (2)**
5:19;12:17
**expecting (1)**
6:3
**expenses (3)**
8:3;9:1,19
**extend (1)**
8:24
**extent (1)**
10:25

**F**

**fact (2)**
10:25;12:14
**faith (1)**
6:2
**far (1)**
12:10
**Federal (1)**
4:10
**feeds (1)**
7:19
**feel (1)**
8:6
**fees (1)**
7:22
**felt (1)**
10:5
**filed (4)**
4:9;8:23,25;9:6
**final (1)**
8:17
**fine (3)**
6:16,18;9:9
**firm (1)**
3:12
**first (4)**
9:17;10:6,18;12:8
**five (1)**
4:17
**form (2)**
8:12;10:3
**formalize (1)**
10:18
**forward (6)**
5:25;8:7,9;9:24;
11:22;12:17
**framework (1)**
3:17
**Friday (1)**
7:4
**full (2)**
12:2,13
**fully (1)**
12:16
**funds (4)**
8:2;9:2,19;11:20
**further (2)**
9:3,20
**future (2)**
10:23;11:25

**G**

**general (1)**
3:17
**generally (1)**
10:20
**given (3)**
5:1;6:11,24
**gives (1)**
11:12
**Good (6)**
3:5,6;6:2;10:15;
11:22;12:7
**ground (1)**
8:13
**group (1)**
4:12
**Gus (1)**
3:12

**H**

**habit (1)**
6:14
**half (1)**
12:15
**hand (1)**
6:14
**handed (1)**
10:19
**handwritten (3)**
5:7;6:20;7:5
**hear (2)**
3:23;9:9
**heard (5)**
3:25;4:22;7:21;
10:12;12:24
**hearing (5)**
3:19,22,23;4:22;
11:4
**held (3)**
4:4;9:3,19
**hereby (1)**
6:21
**high (6)**
4:5,7,11,12;10:25;
11:12
**holder (1)**
4:8
**holders (7)**
3:11;4:6,23;5:20;
8:8,24;10:16
**Honor (17)**
3:5,22;4:1;5:10,
18;6:13;7:3;9:8,18,
21;10:15,17;11:6,21;
12:3,7;13:3
**Honorable (1)**
3:2
**hope (4)**
5:21;8:15,17;
11:21

**hoped (1)**
11:14

**I**

**identification (2)**
6:17,21
**identified (1)**
7:7
**III (6)**
3:9;4:7,8,21;5:3;
7:24
**Inc (1)**
3:13
**including (1)**
3:24
**individuals (1)**
4:12
**informed (1)**
8:8
**in-possession (1)**
8:3
**intend (3)**
5:16;9:7;12:4
**interest (1)**
7:22
**into (4)**
6:8;7:19;10:22;
11:4
**issue (1)**
12:20

**J**

**January (6)**
5:21;6:4;7:22;
8:20;11:5;13:1
**Jed (1)**
3:11
**Joe (1)**
3:13
**Jr (1)**
12:7
**jump (1)**
5:19

**K**

**Keith (1)**
3:2
**Kilpatrick (1)**
10:16
**kind (1)**
3:22
**knows (2)**
4:4,15

**L**

**last (4)**
3:21;4:4,5;9:6
**law (1)**
6:15

**lay (1)**
8:16
**laying (1)**
7:25
**LC (2)**
3:8,9
**le (1)**
3:21
**lease (2)**
3:23;8:11
**light (1)**
11:25
**limited (2)**
10:17;11:20
**liquidating (1)**
3:13
**liquidation (1)**
10:1
**literally (1)**
3:25
**litigation (2)**
12:11,16
**little (1)**
3:17
**look (1)**
10:4
**looking (2)**
5:22;10:8
**looks (1)**
6:11
**lose (1)**
12:14
**lower (1)**
7:16
**Luzinski (1)**
3:13

**M**

**Mark (1)**
3:10
**marked (2)**
6:16,21
**matter (2)**
3:4;12:8
**matters (2)**
10:13;13:1
**May (5)**
3:7;6:1;12:1,14,14
**mean (2)**
7:2,9
**mentioned (1)**
12:18
**middle (1)**
7:13
**might (3)**
5:5;12:12,13
**million (2)**
4:11;12:15
**morning (6)**
3:5,6;5:24;7:21;
10:15;12:7
**motion (7)**
3:23;8:19,23,24;
10:13,14,24
**Motleys (1)**
3:14
**move (4)**
8:7,7,8;11:22
**moving (1)**
5:20
**much (3)**
11:8,18;12:14
**must (1)**
10:9

**N**

**need (6)**
6:2;8:7,9,10,12;
9:9
**needs (2)**
8:11;9:5
**negative (1)**
11:23
**next (2)**
7:4,5
**nonresidential (1)**
8:11
**note (4)**
6:15;11:2,15;12:9
**noted (1)**
12:5
**notice (3)**
3:24,24;4:2
**number (4)**
4:24;11:11;12:12,
12
**numbers (1)**
12:2

**O**

**objection (4)**
5:9,11;10:19;11:2
**obtain (1)**
8:17
**obviously (4)**
4:15;8:1;9:21,25
**o'clock (1)**
13:2
**off (2)**
12:1,13
**offered (1)**
11:1
**one (6)**
3:25;4:1;7:3,9;
12:9,18
**one's (1)**
4:1
**only (4)**
7:23;9:23;10:17;
11:7
**operating (2)**
9:1,18
**opt (1)**

Case 14-34080-KLP    Doc 282    Filed 12/24/14    Entered 12/24/14 14:47:45    Desc Main
Document    Page 18 of 19

RIVER CITY RENAISSANCE, LC, et al.
Case No. 14-34080-KLP

December 23, 2014

4:1
**order (16)**
   3:3;4:16,17;6:25;
   8:9,12,17;9:1,4,8,13,
   17,17,20;10:6;12:21
**originally (1)**
   6:24
**out (3)**
   8:16;12:9,11
**outcome (2)**
   11:13,16
**outset (1)**
   11:15
**outside (1)**
   5:21
**owed (1)**
   11:10
**own (1)**
   11:11

**P**

**paid (3)**
   8:4;12:1,13
**paper (1)**
   5:2
**parties (3)**
   5:23;9:10;13:1
**Partners (1)**
   4:10
**past (1)**
   3:17
**path (1)**
   9:24
**pay (1)**
   9:1
**payment (1)**
   9:18
**payoff (11)**
   4:15,15,17,19,19,
   24;5:2;6:23,25;7:22;
   11:11
**payoffs (7)**
   5:6;6:6,20;7:16,
   25;8:2;10:21
**pending (2)**
   9:3,20
**Phillips (1)**
   3:2
**Plaintiffs' (2)**
   6:21;7:7
**pleadings (1)**
   12:19
**Please (2)**
   3:3,7
**pleasure (1)**
   11:12
**pm (3)**
   7:4,5;13:2
**point (5)**
   5:22;6:6;9:23;
   11:21;12:9
**pointed (1)**

12:11
**points (1)**
   7:9
**position (2)**
   11:19,22
**possibility (2)**
   12:1,17
**possible (2)**
   11:16,24
**prefer (1)**
   6:8
**prepared (2)**
   6:1;8:8
**presiding (1)**
   3:3
**price (1)**
   7:25
**prior (2)**
   7:1;9:13
**problem (1)**
   9:7
**procedures (1)**
   12:22
**proceed (3)**
   3:18;9:22;12:4
**proceeded (1)**
   11:17
**proceedings (1)**
   13:6
**process (2)**
   3:20;5:15
**promptly (1)**
   10:8
**properties (3)**
   4:6,13;9:1
**property (1)**
   4:11
**provide (1)**
   6:7
**provided (2)**
   10:18,21
**Purely (1)**
   6:7
**purpose (3)**
   3:19;5:14;6:6
**purposes (2)**
   6:17;10:24
**pursuing (1)**
   10:5
**put (4)**
   5:16,22;6:1,2

**Q**

**quite (1)**
   10:9

**R**

**Rahman (11)**
   3:11;4:23;5:5,10;
   7:4;9:21;10:15,15;
   11:6;12:6,11

**raised (1)**
   4:1
**RCR (11)**
   4:6,7,7,11,13,20,
   21;5:3,3;7:23,24
**reached (3)**
   3:17;8:25;9:11
**ready (1)**
   8:10
**real (3)**
   8:5;10:1,6
**reality (1)**
   11:24
**realize (1)**
   12:20
**really (1)**
   11:20
**reasons (1)**
   10:21
**received (4)**
   4:19,20;6:20;7:8
**reconciling (2)**
   11:10,11
**record (2)**
   11:2;12:9
**recoveries (1)**
   10:4
**recovery (2)**
   7:20;8:4
**reduction (1)**
   4:25
**regard (1)**
   8:23
**relevant (2)**
   10:22,24
**remain (1)**
   8:3
**remaining (1)**
   9:2
**Renaissance (3)**
   3:4,8,9
**representations (1)**
   10:20
**representative (1)**
   3:14
**requiring (2)**
   4:17;6:25
**reserve (2)**
   5:11;6:10
**response (1)**
   8:25
**revised (1)**
   9:5
**right (8)**
   6:5,13,19;7:6,11;
   12:23,25;13:4
**rise (1)**
   13:5
**River (3)**
   3:4,8,8
**Robbin (2)**
   3:11;10:15
**Robert (1)**

3:7
**ruling (2)**
   6:10;11:3

**S**

**sale (18)**
   4:5,5,22;5:1,14,20,
   24;7:1,14,20,25;
   8:12,13,19;9:15;
   10:10,13,24
**sales (1)**
   8:6
**same (2)**
   6:11,14
**saw (1)**
   12:19
**schedule (1)**
   4:10
**seated (1)**
   3:3
**served (1)**
   3:24
**session (1)**
   3:2
**sheet (3)**
   5:1,7;6:20
**shortly (1)**
   7:14
**showed (1)**
   5:2
**side (1)**
   11:23
**sight (1)**
   12:14
**simply (2)**
   5:6;9:19
**slightly (1)**
   8:10
**sold (1)**
   10:6
**sometime (1)**
   5:20
**sort (5)**
   3:17,20;7:20;
   11:17,23
**stand (2)**
   3:20;8:4
**statement (1)**
   7:5
**still (1)**
   10:3
**subject (2)**
   4:16,25
**submit (1)**
   9:7
**submitted (5)**
   5:11,13;6:25;7:1;
   9:13
**subsequent (1)**
   7:13
**suggests (1)**
   11:9

**supplemental (1)**
   12:21
**sure (3)**
   10:23;11:8,18

**T**

**talking (1)**
   8:6
**Taylor (1)**
   3:10
**team (1)**
   8:6
**tenants (1)**
   3:24
**tender (1)**
   5:4
**terms (3)**
   4:14;8:4;9:24
**there'll (1)**
   9:7
**third (1)**
   9:17
**though (1)**
   12:10
**thought (2)**
   11:16,23
**three (2)**
   7:3;12:15
**Thursday (2)**
   4:4,5
**Tim (1)**
   3:14
**timely (1)**
   10:10
**today (7)**
   3:10,16;5:17;6:15;
   8:13;11:1;12:18
**Townsend (1)**
   10:16
**transaction (1)**
   8:18
**transactions (1)**
   9:25
**turn (1)**
   10:7
**tweaking (1)**
   8:13
**two (4)**
   5:6;6:11,14;12:15

**U**

**uncertain (1)**
   8:6
**uncertainty (2)**
   11:8,18
**understands (1)**
   11:21
**up (2)**
   6:14;7:25
**update (3)**
   3:19;6:8;8:21

Case 14-34080-KLP    Doc 282    Filed 12/24/14    Entered 12/24/14 14:47:45    Desc Main
Document    Page 19 of 19

RIVER CITY RENAISSANCE, LC, et al.
Case No. 14-34080-KLP

December 23, 2014

**updating (1)**
  5:14
**USA (2)**
  3:13;12:8
**use (1)**
  8:24

### V

**validated (1)**
  8:2
**view (1)**
  11:25
**Virginia (1)**
  3:2

### W

**week (1)**
  9:6
**Whereupon (1)**
  13:6
**wish (2)**
  10:12;12:24
**withdrawn (1)**
  6:9
**within (1)**
  4:17
**work (2)**
  8:9;9:25

### 1

**1 (2)**
  6:21;7:7
**10th (1)**
  7:10
**11:17 (1)**
  13:6
**12 (1)**
  7:4
**12/5 (1)**
  4:17
**12th (7)**
  4:18,19,20;7:5,8,
  12,23

### 2

**2 (1)**
  13:2
**21st (1)**
  5:21
**23rd (1)**
  7:22

### 3

**30 (1)**
  4:11
**30,500,000 (1)**
  4:7
**30,637,000 (1)**
  5:2
**31,375,000 (1)**
  4:20
**31st (2)**
  9:8,14

### 5

**5 (1)**
  10:7

### 6

**6,135,000 (1)**
  4:12
**6,235,000 (1)**
  4:8
**6,520,000 (1)**
  5:3
**6,643,000 (1)**
  4:21
**6,643,946 (1)**
  6:24
**6th (5)**
  6:4;8:16,20;11:5;
  13:2

### 8

**8:13 (1)**
  7:5
**8:14 (1)**
  7:4