IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| RIVER CITY RENAISSANCE, LC, & RIVER ) | (Joint Administration) |
| CITY RENAISSANCE III, LC, ) | |
| ) | |
| Debtors. ) | Case No. 14-34080-KLP |
| ) | |

**DECLARATION OF ALEX KILLICK
IN SUPPORT OF RCR HOLDER'S REQUEST FOR FINDING
THAT IT IS A GOOD FAITH PURCHASER AND ENTITLED TO THE
PROTECTIONS OF SECTIONS 363(M) AND (N) OF THE BANKRUPTCY CODE**

Alex Killick declares as follows:

1. I am the Vice President of CWCapital Asset Management LLC, acting solely in its capacity as Special Servicer for U.S. Bank National Association, as trustee, successor-in-interest to Bank of America, N.A., as trustee, successor to Wells Fargo Bank, N.A., as trustee for the registered holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2005-C22 (the "RCR Holder" or, the "Purchaser"). I make this declaration based on my personal knowledge of the facts and circumstances relevant to this matter and my review of the business records and files of the Purchaser, and I am competent to testify to the same.

2. I reviewed all of the various materials prepared by Debtor River City Renaissance, LC (the "Seller") and its professionals with respect to their efforts to sell the properties referred to in the *Motion for Order (I) Approving Sale of Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [ECF No.

271] (the "Sale Motion") as the "RCR Properties". In connection with this review, I am familiar with all of the facts and circumstances related to the auction process established by the Debtors, including the River City Renaissance Agreement for Purchase and Sale of Real Property (as modified, the "APA") that sets forth the terms and conditions upon which the Purchaser will purchase the RCR Properties from the Seller. In addition, I am familiar with the facts and circumstances surrounding the sale process and can make the assertions and declarations set forth herein from personal knowledge.

3. The Purchaser negotiated, drafted, and entered into the APA without collusion with, or any undisclosed agreements with or promised benefits to, any other party or bidder, and has acted at all times in good faith and on an arm's length basis.

4. Each of the Purchaser and the Seller was represented by independent legal counsel in connection with the negotiations and drafting of the APA and all related agreements and documents.

5. The Purchaser has (i) full corporate power and authority to execute the APA and all other documents contemplated thereby, (ii) all corporate authority necessary to consummate the transactions contemplated by the APA (the "Sale"), and (iii) taken all corporate action necessary to authorize and approve the APA and the consummation of the Sale.

6. The Sale has been duly and validly authorized by all necessary corporate action. No further consents or approvals, other than those expressly provided for in the APA, are required for the Purchaser to consummate the Sale or the APA.

7. The Purchaser is not an "insider" or "affiliate" of the Seller as I understand the definitions of those terms as set forth in the Bankruptcy Code, and no common identity of incorporators, directors or stockholders exists between the Purchaser and the Seller.

8. The Purchaser has not engaged in any collusive or other improper conduct in connection with the Seller's efforts to sell the RCR Properties, including without limitation any bid-rigging or efforts to manipulate the sale process.

9. The Purchaser is not aware of any material adverse claims to the RCR Properties.

10. The Purchaser is purchasing the RCR Properties in good faith and is a good faith buyer and has proceeded in good faith in connection with all aspects of the Sale.

11. Throughout the process established by the Debtors to market and sell the RCR Properties, the Purchaser has not interfered with or otherwise sought to impair or impact the Seller's freedom to deal with any other party interested in purchasing the RCR Properties.

12. Pursuant to the APA, the Purchaser has the right to direct the Seller to convey title to the RCR Properties to a single-purpose entity (the "SPE") in connection with the closing of the Sale. The SPE's assets will consist solely of the RCR Properties, which have a value of no less than $30 million. The SPE will retain a property manager to manage the day-to-day affairs of the RCR Properties, including all tenant issues. Under these circumstances, all non-debtor parties to unexpired leases are provided with adequate assurance of future performance.

I declare under the penalty of perjury under the laws of the State of Maryland that the foregoing is true and correct.

EXECUTED at Bethesda, Maryland this 13th day of January, 2015 by Alex Killick.

_____
Alex Killick