**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |
|---|---|
| *In re*: ) | Chapter 11 |
| ) | (Joint Administration) |
| River City Renaissance, LC, & ) |  |
| River City Renaissance III, LC, ) |  |
| ) |  |
| *Debtors*. ) | Case No. 14-34080-KLP |
| ) |  |

**ORDER (I) AUTHORIZING CONTINUANCE; (II) AUTHORIZING AMENDMENT TO SALE & BID PROCEDURES; AND (III) GRANTING RELATED RELIEF**

On the Reply of River City Renaissance, LC ("RCR") and River City Renaissance III, LC ("RCR III"; collectively, the "Debtors"; each a "Debtor"), as debtors and debtors-in-possession, through counsel and pursuant to 11 U.S.C. §§ 105(a), 363, and 365 and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

**THE COURT HEREBY FINDS AND DETERMINES**:

A. This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157(b) and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B. Venue of the Debtors' chapter 11 proceedings and the Motions before this Court in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. On November 6, 2014, the Court entered that certain "*Interim Order (I) Approving Sale And Bid Procedures; (II) Approving The Form And Manner Of Notice; And (III) Granting Related Relief*" (the "Sale & Bid Procedures Order"), which approved the Sale & Bid Procedures and the Sale Notice that governed the auction of the Debtors' Properties that commenced on or about December 18, 2014 (the "Auction"). (Doc. No. 201.)

D. On November 6, 2014, the Court entered that certain "*Order Authorizing*

1

*Employment And Retention Of Auctioneer*", which authorized the Debtors' retention of Sperry Van Ness Auction Services, LLC, and its affiliates (collectively, the "Auctioneer"), to facilitate and conduct the Auction and Sale, as defined below. (Doc. No. 164.)

E. On December 5, 2014, the Court entered that certain "*Order Determining Credit Bid Rights Of Holders*" (the "Credit Bid Order"), which determined, conditioned, and established the credit-bid rights of the Holders, defined below, at the Auction. (Doc. No. 250.)

F. On December 18, 2014, the Debtors commenced the Auction in order to facilitate the sale of all of the Debtors' Properties in accordance with the Sale & Bid Procedures and the Sale & Bid Procedures Order (generally, the "Sale").

G. On December 19, 2014 and in accordance with the Sale & Bid Procedures, the Debtors filed with the Court that certain "*Motion For Order (I) Approving Sale Of Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests; (II) Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases; And (III) Granting Related Relief*" (the "Preliminary Sale Motion"). (Doc. No. 271.)

H. On January 12, 2015, the Holders filed the "*Holders': (A) Limited Response To Debtors' Motion For Order (I) Approving Sale Of Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests; (II) Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases; And (III) Granting Related Relief; And (B) Request For Finding That Holders Are Good Faith Purchasers And Entitled To the Protections Of Sections 363(m) and (n) Of The Bankruptcy Code*" (the "Holders' Response"). (Doc. No. 323.)

I. On January 13, 2015, the Debtors filed the "*Debtors' Reply Seeking Continuance And Amendment To Sale & Bid Procedures*" (the "Debtors' Reply").

J. Based on the Preliminary Sale Motion, the Holders' Response, the Debtors' Reply,

2

and the statements and arguments made before the Court at the January 14, 2015 hearing (the "Hearing"), a dispute exists between the Debtors and the Holders concerning the outcome of the Auction.

**THE COURT HEREBY ORDERS THAT**:

1. The Sale & Bid Procedures and the Credit Bid Order are expressly modified as set forth below.

2. Unless set forth herein, the Court's findings of fact and conclusions of law in each of the Sale & Bid Procedures Order, and the Assumption Procedures Order, and the Credit Bid Order, as well as the record of the Hearing, and any other hearings related thereto, are expressly incorporated herein by reference.

3. In the event of any inconsistency between this Order, the Motions, the Sale & Bid Procedures, Sale & Bid Procedures Order, the Assumption Procedures, and the Assumption Procedures Order, as well as any other or prior order, motion, or pleading filed or entered in these bankruptcy cases, this Order shall govern in all respects.

4. The Court shall convene a status conference as to the issues raised in the Holders' Response and re-convene the continued Hearing on February 10, 2015 at 10:00 AM.

5. The Debtors, through their advisors and professionals, including, without limitation, the Auctioneer, have the express authority to re-solicit bids for the purchase of the Properties to determine the market interest and willingness of interested parties to submit bids and/or act as a stalking-horse bidder (generally, the "Re-Solicitation Process").

6. The Credit-Bid Order is expressly modified as follows, and the Debtors and the Auctioneer are expressly authorized to represent to interested parties that, with the exception of accruing costs and expenses, including, without limitation, attorneys' fees, the payoff figures,

through January 23, 2015, for each respective Debtor are not greater than the following figures:

    a. RCR:     $30,887,372.78; and

    b. RCR III:     $6,520,222.32.

7. The Hearing shall be continued until February 10, 2015 at 10:00 AM, at which time the parties shall advise the Court as to the issues raised in the Holders' Response and the Debtors shall present to the Court the results of the Re-Solicitation Process.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. The Court shall retain exclusive jurisdiction to hear, determine, and dispose of any disputes, litigation, or arguments arising from or related to this Order.

DATED: Jan 16 2015

/s/ Keith L. Phillips
United States Bankruptcy Judge

ENTERED ON DOCKET: Jan 16 2015

*I Ask For This*:

/s/ James K. Donaldson
Robert H. Chappell, III, Esq. (VSB No. 31698)
Timothy G. Moore, Esq. (VSB No. 41730)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:     (804) 697-2000
Facsimile:      (804) 697-2100
*Counsel for the Debtors &*
*Debtors-In-Possession*

*Seen And No Objection As To Form Only*:

/s/ Mark D. Taylor (*by James Donaldson with permission via e-mail on January 15, 2015*)
Mark D. Taylor, Esq. (VSB No. 42416)
VLP Law Group
1629 K Street, NW, Suite 300
Washington, D.C. 20006
*Counsel for the Holders*

Robbin S. Rahman, Esq. (admitted *pro hac vice*)
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528
*Counsel for the Holders*

## CERTIFICATION

The undersigned certifies that the foregoing Order has been endorsed by or served on all necessary parties as required by Local Bankruptcy Rule 9022(C)(1).

| January 15, 2015 | /s/ James K. Donaldson |
|---|---|
| Date | Counsel |

**PARTIES TO RECEIVE COPIES:**

Robert H. Chappell, III, Esq.
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219

Mark D. Taylor, Esq.
VLP Law Group
1629 K Street, NW, Suite 300
Washington, D.C. 20006

Robbin S. Rahman, Esq.
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528

Robert Van Arsdale
Office of the U.S. Trustee
701 E. Broad Street, Suite 4304
Richmond, Virginia 23219


645813.v.1.doc