UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| *In re*: ) | Chapter 11 |
| ) | (Jointly Administered) |
| River City Renaissance, LC, & ) | |
| River City Renaissance III, LC,[1] ) | |
| ) | |
| *Debtors*. ) | Case No. 14-34080-KLP |
| ) | |

**DEBTORS' SECOND MOTION TO EXTEND EXCLUSIVE PERIODS
WITHIN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON**

River City Renaissance, LC and River City Renaissance III, LC (collectively, the "Debtors"), as debtors and debtors in possession in these proceedings, through counsel and pursuant to 11 U.S.C. §§ 105(a) and 1121 and Rule 9006 of the Federal Rules of Bankruptcy Procedure, files this Section Motion To Extend Exclusive Periods Within Which To File A Chapter 11 Plan And Solicit Votes Thereon (the "Motion"). In support of the Motion, the Debtors state as follows:

**I. PRELIMINARY STATEMENT**

1. Through this Motion, the Debtors seek an extension of their periods of exclusivity in which they may file a chapter 11 plan and solicit votes thereon, which periods currently expire on February 25, 2015 and April 27, 2015, respectively, per Order of this Court. (Doc. No. 231.) The Debtors submit that cause exists to grant this Motion, including, without limitation the

---

[1] The final four digits of the federal tax ID numbers for River City Renaissance, LC and River City Renaissance III, LC, respectively, are 8910 and 8102.

---

Robert H. Chappell, III, Esq. (VSB No. 31698)
Neil E. McCullagh, Esq. (VSB No. 39027)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:     (804) 697-2000
Facsimile:     (804) 697-2100
*Counsel for the Debtors & Debtors-In-Possession*

Debtors' continued and pending sale efforts concerning the disposition of their Properties, defined below.

## II. BACKGROUND

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and jurisdiction is proper before the Court pursuant to 28 U.S.C. § 1334(a). Venue is proper before the Court pursuant to 11 U.S.C. §§ 1408 and 1409.

3. On July 30, 2014 (the "Petition Date"), the Debtors each filed with the Court a voluntary petition seeking relief pursuant to chapter 11 of title of the United States Code (the "Code").

4. The Debtors incorporate by reference, as though fully restated herein, the facts and statements contained in the Declaration of Joseph J. Luzinski, the primary designee on behalf of the Debtors' Liquidating Representative (the "Liquidating Representative"). (Doc. Nos. 7, 37, as modified.)

5. On August 1, 2014, the Court entered an Order granting joint administration of the Debtors' pending chapter 11 cases. (Doc. No. 23.)

6. Each Debtor is a Virginia limited liability company and has a principal place of business in the City of Richmond, Virginia. The Debtors remain in possession of their estates as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

7. The Debtors filed these chapter 11 cases in order to pursue an orderly liquidation of their real property assets, which are comprised of twenty-nine (29) residential apartment buildings in the City of Richmond (collectively, the "Properties"), in lieu of scheduled foreclosure sales.

8. Previously, on October 29, 2014, the Debtors filed their Motion For Entry Of An

Order Extending Exclusive Periods Within Which To File A Chapter 11 Plan And Solicit Votes Thereon, which the Court granted by Order entered on November 24, 2014 (the "Extension Order"). (Doc. Nos. 176, 231.)

9. The Extension Order establishes two deadlines, the first of which sets February 25, 2015 as the current date on which the Debtor's exclusive period in which to file a chapter 11 plan expires. The Extension Order also establishes April 27, 2015, as the deadline by which the Debtors' period of exclusivity in which to solicit votes on a chapter 11 plan shall expire.

10. On December 18, 2014, the Debtors commenced and concluded an auction sale of the Properties. That auction sale, however, for reasons stated on the record before the Court, has not resulted in executed purchase agreements or closed transactions.

11. On January 16, 2015, the Court entered an Order (I) Authorizing Continuance; (II) Authorizing Amendment To Sale & Bid Procedures; And (III) Granting Related Relief (the "Re-Solicitation Order"). (Doc. No. 338.) In accordance with the Re-Solicitation Order, and the Debtors' further and continuing efforts to procure sales of the Properties to third-parties, which efforts have been fruitful but are not yet complete, the Debtors seek authority to extend the respective deadlines established by the first Extension Order.

## II. RELIEF REQUESTED

12. The Debtors seek entry of an order substantially similar in form to the proposed order attached hereto, at **Exhibit A**, which provides that (i) the Debtors' exclusive period to file a chapter 11 plan shall be extended from February 25, 2015 through and including June 26, 2015, and (ii) the Debtors' exclusive period in which to solicit votes on a chapter 11 plan shall be extended from April 27, 2015 through and including August 25, 2015.

13. The Debtors submit that any extensions granted as a result of this Motion and

3

related orders shall be without prejudice to the Debtors' rights to seek further extensions, and the Debtors reserve all rights to seek further relief.

### III. AUTHORITY

14.  Section 1121 of the Code governs the Debtors' rights concerning their exclusivity period in which they may file a plan. *See* 11 U.S.C. § 1121(b) (stating "only the debtor may file a plan until after 120 days after the date of the order for relief").

15.  Further, if the debtor files a plan during the period of exclusivity established by § 1121(b), then the debtor has sixty (60) days in which to solicit votes and acceptance of its plan, and no other party-in-interest may file a competing plan. *See* 11 U.S.C. § 1121(c)(3).

16.  "[O]n request of a party in interest . . . after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1). The limitations placed on § 1121(d)(1) are not applicable in this instance because the 120-day period would not be extended beyond a date that is 18 months after the Petition Date and the 180-day period would not be extended beyond a date that is 20 months after the Petition Date. *See* 11 U.S.C. § 1121(d)(2)(A)-(B).

17.  While the Code does not define "cause," the "determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity." *In re Borders Group, Inc.*, 460 B.R. 818, 821-822 (Bankr. S.D.N.Y. 2011) (internal citations omitted).

18.  Courts look to various factors to determine whether cause exists to extend the exclusivity periods, including

> (a) the size and complexity of the case; (b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information; (c) the existence of good faith progress toward reorganization; (d) the fact that the debtor is paying its bills as they become due; (e) whether the

> debtor has demonstrated reasonable prospects for filing a viable plan; (f) whether the debtor has made progress in negotiations with its creditors; (g) the amount of time which has elapsed in the case; (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and (i) whether an unresolved contingency exists.

*Id.* at 822 (quoting *In re Adelphia Commc'ns. Corp.,* 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006)).

19.  Here, after application of these factors, the Debtors submit that causes exists sufficient for an extension of each of the applicable deadlines concerning the Debtors' exclusivity of filing and soliciting votes on a chapter 11 plan. First, the Debtors submit that these causes are large and complex, as evidenced by the time and efforts that the Debtors and other parties in interest have exerted concerning, among other issues, (i) the sale and auction process for the Properties, and (ii) the pending claims allowance litigation between the Debtors and the Holders. Additionally, the Debtors assets include 29 multi-family apartment buildings, with over 300 hundred residents. The Debtors' management is also complex due to the incarceration of Billy Jefferson, the prepetition appointment of state court receiver, and the Debtors' engagement of the Liquidating Representative.

20.  Second, as stated before the Court at a hearing on February 10, 2015, the ultimate outcome of the sale and auction process, as well as the claims allowance litigation, will guide and inform the Debtors' strategy in these chapter 11 cases. The Debtors need sufficient time after those two issues are resolved to formulate a plan and have adequate information to do so.

21.  Next, the Debtors submit that they are acting good faith towards a reorganization and disposition of these issues, including their stated willingness to enter into mediation as to certain issues.

22.  Fourth, the Debtor has budgeted for and is paying expenses as they come due and addressing significant costs, including utilities and costs associated with the management of

hundreds of apartments as urgent needs arise. The payment of certain administrative expenses, however, has been deferred.

23. Fifth, the Debtors' prospects for filing a viable plan remain contingent on the outcome of the sale process; that process has reaped positive results in recent weeks and the prospect of a viable plan remains feasible.

24. Sixth, the Debtor has made progress in negotiations with creditors. First, to date, the Debtor has cooperated with Chevron, who filed a sizable claim in each Debtors' case. Second, as to the Holders, the recent steps in the sale process show progress between the Debtors and the Holders, as well as the Special Servicer.

25. Next, the Debtors' case is approximately six and a half months old at this time. An additional extension is warranted, in part, because the Debtors and their professionals had minimal prepetition time in which to address various issues, namely because Judge Gibney of the U.S. District Court did not enter an order releasing certain funds for the Debtors to pursue an orderly liquidation until 9 days before the scheduled foreclosure.

26. As to the final two elements, which are intertwined, the Debtor is not seeking an extension as a means to exert leverage over creditors but rather seeks an extension based on unresolved contingencies: the sale and the claims allowance litigation, each of which has been extended and continued to later dates than initially expected when the first Extension Order was entered.

27. The totality of the circumstances in light of the application of these factors supports a showing of cause to extend each of the applicable periods of the Debtors' exclusivity rights.

28. The Debtors submit that comparable relief has been entered in other chapter 11

cases pending before this Court.  *See, e.g., In re James River Coal Co.*, Case No. 14-31848-KRH (Bankr. E.D. Va.  July 10, 2014) (100-day extension); *In re Free Lance-Star Publ'g Co. of Fredericksburg, Va.*, Case No. 14-30315-KRH (Bankr. E.D.Va. May 27, 2014) (75-day extension of Exclusive Filing Period and 76-day extension of Exclusive Solicitation Period); and *In re AMF Bowling Worldwide Inc.*, Case No. 12-36495-KRH (Bankr. E.D.Va. Feb. 14, 2013) (90-day extension).

## IV. CONCLUSION

29. The Debtors request a waiver of Local Bankruptcy Rule 9013-1(G), which requires a separate memorandum of points and authorities to accompany a motion.

30. The Debtors will provide notice of this Motion on (a) the Office of the United States Trustee for the Eastern District of Virginia; (b) each of the Debtors' 20 largest unsecured creditors; (c) counsel to the Holders and the Special Servicer; (d) the Receiver and counsel to the Receiver, (e) Chevron and counsel for Chevron, (f) the U.S. Attorneys' Office for the Eastern District of Virginia, (g) the U.S. Internal Revenue Service (the "IRS"), and (h) Billy G. Jefferson, Jr. and his criminal counsel, which parties the Debtors submit constitute all necessary parties.  The Debtors will file with the Court a detailed certificate of service.

**WHEREFORE**, the Debtors respectfully request that the Court grant the relief sought in this Motion by entering an Order substantially similar to the form of the order, at Exhibit A, attached hereto, and by extending applicable periods of exclusivity for the Debtor to file a chapter 11 plan and solicit votes thereon, and that the Court award any other relief that it may deem proper.

Dated:  February 13, 2015                                        RIVER CITY RENAISSANCE, LC
                                                                 RIVER CITY RENAISSANCE III, LC

                                                                 By: /s/ James K. Donaldson
                                                                         Counsel

Robert H. Chappell, III, Esq. (VSB No. 31698)
Neil E. McCullagh, Esq. (VSB No. 39027)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:     (804) 697-2000
Facsimile:     (804) 697-2100
*Counsel for the Debtors & Debtors-In-Possession*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 13, 2015, the following parties were provided a copy of the foregoing via the Court's CM/ECF system, or via e-mail:

| | |
|---|---|
| Robbin S. Rahman, Esq. | Mark D. Taylor, Esq. |
| Kilpatrick Townsend & Stockton LLP | VLP Law Group |
| 1100 Peachtree Street NE, Suite 2800 | 1629 K. Street, NW, Suite 300 |
| Atlanta, GA 30309-4528 | Washington, DC 20006 |

Robert B. Van Arsdale, Esquire
Office of the U.S. Trustee
701 E. Broad St., Suite 4304
Richmond, VA 23219

                                            /s/ James Donaldson
                                              James Donaldson

**EXHIBIT A**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |
|---|---|
| *In re*: | Chapter 11 |
|  | (Jointly Administered) |
| River City Renaissance, LC, & |  |
| River City Renaissance III, LC,[2] |  |
|  |  |
| *Debtors*. | Case No. 14-34080-KLP |

## ORDER GRANTING DEBTORS' SECOND MOTION TO EXTEND EXCLUSIVE PERIODS WITHIN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON

This matter is before the Court on the Debtors' Second Motion To Extend Exclusive Periods Within Which To File A Chapter 11 Plan And Solicit Votes Thereon, filed with the Court on February 13, 2015 (the "Motion"[3]).  The Court having reviewed the Motion and heard the statements of counsel regarding the same at a hearing before the Court (the "Hearing"), and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Motion and the Hearing was sufficient under the circumstances and (d) cause, within the meaning of 11 U.S.C. § 1121, exists for the extension of the periods requested in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

---

[2] The final four digits of the federal tax ID numbers for River City Renaissance, LC and River City Renaissance III, LC, respectively, are 8910 and 8102.

[3] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

---

Robert H. Chappell, III, Esq. (VSB No. 31698)
Neil E. McCullagh, Esq. (VSB No. 39027)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:         (804) 697-2000
Facsimile:           (804) 697-2100
*Counsel for the Debtors & Debtors-In-Possession*

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED in all respects;

2. The Debtors exclusively shall have through and including June 26, 2015 to file a chapter 11 plan, during which time no other party in interest may file a chapter 11 plan.

3. The Debtors exclusively shall have through and including August 25, 2015 to solicit votes as to their chapter 11 plan, during which time no other party in interest may solicit votes as to a chapter 11 plan

4. This Order and the relief granted herein is without prejudiced to the Debtors' rights to seek further extensions of time as to the periods governed by 11 U.S.C. § 1121, and the Debtors' related rights are expressly reserved.

5. Any stay that would otherwise delay the effectiveness of this Order is hereby WAIVED, and this Order shall be effective immediately upon entry on the Court's docket.

6. This Court shall retain exclusive jurisdiction over any and all matters, disputes, or issues arising from or related to the implementation or interpretation of this Order.

DATED:

                                                                  _____
                                                                  United States Bankruptcy Judge

ENTERED ON DOCKET:

*I Ask For This*:

/s/
Robert H. Chappell, III, Esq. (VSB No. 31698)
Neil E. McCullagh, Esq. (VSB No. 39027)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:    (804) 697-2000
Facsimile:    (804) 697-2100
*Counsel for the Debtors &*
*Debtors-In-Possession*

## CERTIFICATION

The undersigned certifies that the foregoing Order has been endorsed by or served on all necessary parties as required by Local Bankruptcy Rule 9022(C)(1).


February [  ], 2015                             /s/ James K. Donaldson
 Date                                            Counsel

3

**PARTIES TO RECEIVE COPIES**:

Robert H. Chappell, III, Esq.
Neil E. McCullagh, Esq.
Jennifer J. West, Esq.
James K. Donaldson, Esq.
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219

Robert B. Van Arsdale, Esquire
Office of the U.S. Trustee
701 E. Broad St., Suite 4304
Richmond, VA 23219