UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |
|---|---|
| *In re*: ) | Chapter 11 |
| ) | (Joint Administration) |
| River City Renaissance, LC, & ) | |
| River City Renaissance III, LC, ) | |
| ) | |
| *Debtors*. ) | Case No. 14-34080-KLP |
| ) | |

**INTERIM ORDER (I) SCHEDULING INTERIM AND FINAL HEARINGS ON
PROPOSED SALE OF DEBTORS' PROPERTIES;
(II) APPROVING BID INCREMENTS AND BID PROTECTIONS;
(III) ESTABLISHING NOTICE PERIODS AND BID DEADLINES;
AND (IV) GRANTING RELATED RELIEF**

On the motion (the "Motion"[1]) of River City Renaissance, LC ("RCR") and River City Renaissance III, LC ("RCR III"; collectively, the "Debtors"), as debtors and debtors-in-possession, through counsel and pursuant to 11 U.S.C. §§ 105(a), 363, and 365 and Rules 2002, 3003, 6004, 6006, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking interim and final relief, including approval of the sale of all or substantially all of the Debtors' real property assets, and associated personal property, free and clear of liens, claims, interests, and encumbrances; assuming and assigning leases to the Buyer; affording to the Buyer, bid protections; establishing notice periods and bid deadlines; and granting related relief as is just and proper, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the requested relief under 28 U.S.C. §§ 157 and 1334; and in consideration that the Motion and the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Robert H. Chappell, III, Esq. (VSB No. 31698)
Timothy G. Moore, Esq. (VSB No. 41730)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:     (804) 697-2000
Facsimile:      (804) 697-2100
*Counsel for the Debtors & Debtors-In-Possession*

requested relief presents a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court under 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the circumstances; and no other or further notice needing to be provided, except as set forth herein; and the relief requested in the Motion being in the best interests of the Debtors, their creditors, the Tenants, and all other parties-in-interest; and the Court having reviewed the Motion and having held an interim hearing on March 19, 2015 (the "Interim Hearing") with the appearance of parties-in-interest, as well testimony and evidence presented on the record; and based on the findings of fact and conclusions of law stated by the Court on the record at the Interim Hearing, which findings and conclusions are expressly incorporated into this Order by reference; and the Court having determined that the legal and factual bases set forth in the Motion and at the Interim Hearing establish just cause for the relief granted herein, which relief is in the best interests of the Debtors and their bankruptcy estates, and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY ORDERS AS FOLLOWS**:[2]

1. The interim relief requested in the Motion is GRANTED, as modified by the statements on the record before the Court at the Interim Hearing and as set forth below, including the modification to the Buyer's Sale Agreement in the form of that certain "*First Amendment To Purchase And Sale Agreement*" (the "Amendment") between the Debtors and DIV River City Renaissance, LLC (the "Buyer"), which was marked as Debtors' Exhibit 1 at the Interim Hearing. (Doc. No. 470.)

2. Unless expressly modified or superseded by the terms of this Interim Order, the terms and provisions of prior orders concerning the sale process, including, without limitation the

---

[2] Conclusions of law shall be construed as findings of fact, and findings of fact shall be construed as conclusions of law. *See* Fed. R. Bankr. P. 7052.

Sale & Bid Procedures Order, the Assumption Procedures Order, the Credit Bid Order, and the Re-Solicitation Order, shall remain in effect.  The Sale & Bid Procedures approved by the Sale & Bid Procedures Order shall remain applicable.  This Interim Order: (A) expressly ratifies, adopts, and incorporates the following Sections of the Sale & Bid Procedures: II. Property To Be Sold; IV. Participation Requirements; and XII. Miscellaneous Terms A through E; and (B) vacates the following Sections of the Sale & Bid Procedures: VIII. Potential Stalking Horse Bidder; IX. Auctions; and XI. Co-Brokerage Fees.  Remaining terms of the Sale & Bid Procedures are incorporated into this Interim Order, except to the extent that any terms or provisions of this Interim Order conflict with the Sale & Bid Procedures or the Sale & Bid Procedures Order, in which case the terms of the Interim Order shall control.

3. The Debtors shall allow any and all interested, potential purchasers to conduct due diligence and inspections of all Properties provided that (i) such diligence must be complete on or before April 10, 2015; and (ii) prior to commencing diligence, any such potential purchaser must execute and deliver to the Debtors, a confidentiality and indemnity agreement substantially similar to the form approved by the Sale & Bid Procedures Order, as available in the Data Room.

4. On or before April 2, 2015, the Debtors shall file with the Court the form of the proposed Sale Order.  On or before April 7, 2015, the Debtors shall serve a copy of the form of the proposed Sale Order on: (i) the Core Parties, (ii) those Tenants that requested opt-in service and notice in accordance with the Assumption Procedures Order, and (iii) those Tenants who entered into lease agreements after entry of the Assumption Procedures Order that did not receive prior notice, which Tenants will also receive the Assumption, Assignment, & Cure Notice, as defined in the Assumption Procedures Order.

5. The Bid Deadline shall be April 13, 2015 at 2:00 PM, by which date and time any

potential purchasers that wish for their competing offers for acquisition of the Properties ("Competing Bids"), as contemplated by the Sale Agreement, must serve on the Debtors any Competing Bid.  Competing Bids **must**: (a) be in writing in substantially similar form as the Form Purchase Agreement provided in the Debtors' virtual data room; (b) conform to the terms of this Interim Order; and (c) be served, so as to be actually received no later than **April 13, 2015, at 2:00 PM, prevailing Eastern time**, via e-mail on (i) the Debtors' counsel: Robert H. Chappell, III, rchappell@spottsfain.com; and (ii) the Debtors' Liquidating Representative: Joseph J. Luzinski, jluzinski@dsi.biz.  Provided that any financial information or other commercially sensitive information remains confidential, the Debtors shall, upon request, share Competing Bids and related offers with the Holders and the Buyer.

6.      On or before April 15, 2015 at 4:00 PM, the Debtors shall file with the Court the Sale Approval Motion, to which the Bid Report and proposed Sale Order will be attached.  The Bid Report shall identify each bidder, bid price, relevant Properties, and certain other terms deemed material by the Debtors in their discretion.  The Debtors may limit service and notice, via e-mail, of the Sale Approval Motion to the following parties, only, or their counsel as applicable: (a) the Office of the U.S. Trustee; (b) the Holders; (c) Chevron; (d) the Buyer; (e) Bellona; (f) any parties that submit Competing Bids for either or both Debtors' Properties; and (g) any parties-in-interest that request notice via e-mail.

7.      Parties-in-interest that wish to respond or object to the Sale Approval Motion must file with the Court and serve on the Debtors via e-mail any objections or responses thereto on the earlier of either (i) forty-eight (48) hours after the date and time of filing the Sale Approval Motion, or (ii) April 17, 2015 at 2:00 PM.

8.      The Court shall convene a final hearing on or about April 20, 2015 at 2:00 PM (the

"Final Hearing"), subject to any requested continuance, at which date and time the Debtors will request approval of the Sale Agreement between the Debtors and the Buyer, or, in the event that the Debtors receive higher and/or better offers for the acquisition of the Properties that conform with the terms of this Order, the Debtors may request approval from the Court of such higher and/or better offer(s).

9. In the event that the Debtors do not consummate the Sale Agreement with the Buyer because the Court approves higher and/or better offers submitted by the Debtors, the Debtors are authorized to pay, at Closing, the Break-Up Fee to the Buyer in the amount of $125,000.00.

10. The Overbid Requirement is approved as modified in accordance with the statements on the record at the Interim Hearing, and Competing Bids must meet the Overbid Requirement, as follows:

   a. Any initial overbids must exceed the sum of (i) the Buyer's Purchase Price and (ii) the Break-Up Fee by no less than $75,000.00. Initial overbids that present offers for the RCR Properties alone must submit purchase prices that exceed the Buyer's RCR purchase price by no less than $160,000.00, and initial overbids that present offers for the RCR III Properties alone must submit purchase prices that exceed the Buyer's RCR III purchase price by no less than $40,000.00.

   b. Thereafter, subsequent overbids must exceed the initial overbid or prior overbids by no less than $50,000.00. Offers and overbids submitted as to the RCR Properties alone, however, must be in subsequent increments of no less than $40,000.00, and offers and overbids submitted as to the RCR III Properties alone, however, must be in subsequent increments of no less than $10,000.00.

   c. Any Competing Bids for the entirety both Debtors' portfolios must allocate and apportion bid prices to each Debtor consistent with this Overbid Requirement.

11. The Buyer shall have the right to increase its Purchase Price to better its offer in response to any overbids and Competing Bids.

12. In the event that DIV River City Renaissance, LLC, as the Buyer, either (i) exercises its rights to terminate the Sale Agreement prior to expiration of the Investigation Period, or (ii) fails to place into escrow its deposit, or any portion thereof, then, without further Court authorization, the Debtors may designate—pursuant to that certain "*Agreement For Purchase And Sale Of Real Property*" (the "Neighborhood APA") filed with the Court on the evening of March 19, 2015 (Doc. No. 469)—Neighborhood Investments-RVA, LLC as a Buyer under the terms of this Interim Order. In that event, Neighborhood Investments-RVA, LLC shall be the Buyer, hereunder, and shall enjoy all rights, including, without limitation, the Break-Up Fee provisions of this Interim Order, and fulfill all obligations hereunder pursuant to the Neighborhood APA. The Debtors shall promptly file with the Court notice of such designation and serve such designation via e-mail on (a) the Office of the U.S. Trustee; (b) the Holders; (c) Chevron; (d) the Buyer; (e) Bellona; (f) any parties that submit Competing Bids for either or both Debtors' Properties; and (g) any parties-in-interest that request notice via e-mail. Upon DIV River City Renaissance, LLC's fulfillment of its deposit obligations at Section 4 of the Amendment, then the Debtors shall provide notice of such fulfillment to Neighborhood's counsel within forty-eight (48) hours, at which time Neighborhood's status as a back-up bidder under this Interim Order shall terminate. If, however, DIV River City Renaissance, LLC does not meet its deposit obligations in Section 4 of the Amendment, then the Debtors shall provide notice of such failure to Neighborhood's counsel within forty-eight (48) hours.

13. The Debtors, and their professionals, including, without limitation, the Auctioneer, are authorized to continue to re-solicit bids for the purchase of the Properties.

14. Notice of the Motion is deemed good and sufficient notice under the circumstances. Further, as expeditiously as possible after entry of this Interim Order, the Debtors are directed to

serve a copy of this Interim Order on (i) the Core Parties, (ii) those Tenants that requested opt-in service and notice in accordance with the Assumption Procedures Order, and (iii) those Tenants who entered into lease agreements after entry of the Assumption Procedures Order that did not receive prior notice, which Tenants will also receive the Assumption, Assignment, & Cure Notice, as defined in the Assumption Procedures Order:

15. Any objections to the relief sought in this Interim Order that have not been adjourned, overruled, withdrawn, or resolved are overruled and denied in all respects on the merits.

16. In the event of any inconsistency between this Interim Order and the Motion, this Interim Order shall govern in all respects.

17. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

18. The requirement under Local Bankruptcy Rule 9013-1(G), of a separate memorandum of points and authorities to accompany a motion, is hereby waived with respect to the Motion.

19. Notwithstanding any applicable Bankruptcy Rule or Local Rule of the U.S. Bankruptcy Court for the Eastern District of Virginia that may otherwise delay the effectiveness of this Interim Order, the terms and conditions of this Interim Order shall be effective and enforceable immediately upon entry on the Court's docket.

20. This Court shall retain exclusive jurisdiction over any and all matters, disputes, or issues arising from or related to the implementation or interpretation of this Interim Order and any related transactions.

DATED: Mar 26 2015

/s/ Keith L. Phillips
United States Bankruptcy Judge

ENTERED ON DOCKET: Mar 27 2015

*I Ask For This*:

/s/ James K. Donaldson
Robert H. Chappell, III, Esq. (VSB No. 31698)
Timothy G. Moore, Esq. (VSB No. 41730)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:     (804) 697-2000
Facsimile:      (804) 697-2100
*Counsel for the Debtors & Debtors-In-Possession*


*Seen And Agreed*:

/s/ Jonathan L. Hauser (*by James Donaldson with permission via e-mail on March 20, 2015*)
Jonathan L. Hauser, Esq. (VSB No. 18688)
Troutman Sanders, LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
*Counsel for DIV River City Renaissance, LLC*


*Seen And Agreed*:

/s/ Vernon E. Inge, Jr. (*by James Donaldson with permission via e-mail on March 20, 2015*)
Vernon E. Inge, Jr., Esq. (VSB No. 32699)
LeClairRyan PC
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
*Counsel for Neighborhood Investments-RVA, LLC*

*Seen And Objected To For The Reasons Stated On
The Record At The March 19, 2015 Hearing*:

/s/ Mark D. Taylor (*by James Donaldson with permission via e-mail on March 23, 2015*)
Mark D. Taylor, Esq. (VSB No. 42416)
VLP Law Group
1629 K. Street, NW, Suite 300
Washington, DC 20006
*Counsel for the Holders*

Robbin S. Rahman, Esq. (*admitted pro hac vice*)
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528
*Counsel for the Holders*

*Seen And Objected To For The Reasons Stated On
The Record At The March 19, 2015 Hearing*:

/s/ John T. Farnum (*by James Donaldson with permission via e-mail on March 23, 2015*)
Gabrielle DuVall, Esq. (*admitted pro hac vice*)
John T. Farnum, Esq. (VSB No. 74075)
Linowes & Blocher LLP
7200 Wisconsin Ave., Suite 800
Bethesda, MD 20184
*Counsel for FCP Fund II REIT Investor, LLC*

## CERTIFICATION

    The undersigned hereby certifies that the foregoing Order has been endorsed by or served on all necessary parties as required by Local Rule 9022-1(C)(1).

Date: March 23, 2015                      /s/ James K. Donaldson

661294.v.4.doc

**PARTIES TO RECEIVE COPIES**:

Robert H. Chappell, III, Esq.
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219

Robbin S. Rahman, Esq.
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528



Robert B. Van Arsdale, Esquire
Office of the U.S. Trustee
701 E. Broad St., Suite 4304
Richmond, VA 23219



Elizabeth Godwin-Jones, Esq.
Godwin-Jones & Price, P.C.
20 South Auburn Avenue
Richmond, VA 23221-2910



Mark D. Taylor, Esq.
VLP Law Group
1629 K. Street, NW, Suite 300
Washington, DC 20006



Gabrielle DuVall, Esq.
John T. Farnum, Esq.
Linowes & Blocher LLP
7200 Wisconsin Ave., Suite 800
Bethesda, MD 20184



Vern Inge, Esq.
LeClairRyan PC
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219

Jonathan L. Hauser, Esq.
Troutman Sanders, LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462