## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

_____

| | ) | |
|---|---|---|
| *In re*: | ) | Chapter 11 |
| | ) | (Joint Administration) |
| River City Renaissance, LC, & | ) | |
| River City Renaissance III, LC, | ) | |
| | ) | |
| *Debtors*. | ) | Case No. 14-34080-KLP |

_____)

### [*PROPOSED*] ORDER (I) APPROVING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF

On (A) the modified motion of River City Renaissance, LC ("RCR") and River City Renaissance III, LC ("RCR III"; collectively, the "Debtors"; each a "Debtor"), as debtors and debtors-in-possession, through counsel and pursuant to 11 U.S.C. §§ 105(a), 363, and 365 and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking (i) approval of the procedures (the "Sale & Bid Procedures", as modified), to be employed with respect to the proposed sales of all or substantially all of the Debtors' Properties; (ii) approving the form and manner of notice thereof; and (iii) granting related relief (the "Sale Procedures Motion"); on (B) the motion (the "Lease Motion") of the Debtors, through counsel and pursuant to 11 U.S.C. §§ 105(a) and 365 and Rules 2002 and 6006 of the Bankruptcy Rules, seeking (i) approval of the procedures (the "Assumption Procedures") to be employed with respect to the assumption and assignment of the unexpired residential lease agreements (the

_____
Robert H. Chappell, III, Esq. (VSB No. 31698)
Timothy G. Moore, Esq. (VSB No. 41730)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:        (804) 697-2000
Facsimile:        (804) 697-2100
*Counsel for the Debtors & Debtors-In-Possession*

"Leases") between the Debtors and the current tenants in the Debtors' apartments located on the Properties (the "Tenants"); (ii) approving the form and manner of notice thereof (the "Assumption, Assignment, & Cure Notice" and the "Assignment Schedule", each as defined in the Lease Motion); and (iii) granting related relief as is just and proper, as more fully described in the Lease Motion; and on (C) the motion seeking approval of the sale of the Properties and the Agreement For Purchase And Sale Of Real Property (the "Sale Agreement"), as amended, entered into by and among the Debtors DIV River City Renaissance, LLC (the "Buyer"), filed with the Court on March  13, 2015 (the "DIV Sale Motion", and together with the Sale Procedures Motion and the Lease Motion, the "Motions"); and due and proper notice of the Motions having been provided; and no other or further notice needing to be provided; and the relief requested in the Motions being in the best interests of the Debtors, their bankruptcy estates, their creditors, and parties-in-interest; and the Court having reviewed the Motions and having held a hearing on April 20, 2015 (the "Sale Hearing"), at which parties-in-interest appeared; and the Court having determined that the legal and factual bases set forth in the Motions and at the Sale Hearing establish just cause for the relief granted herein, and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY FINDS AND DETERMINES THAT**:

A.     On July 30, 2014, each Debtor filed with the Court a voluntary petition seeking relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1532 (the "Bankruptcy Code").

B.     On October 15, 2014, the Court entered that certain "*Order Under 11 U.S.C. §§ 327(a) and 329 Authorizing Employment And Retention Of Development Specialists, Inc. As Liquidating Representative For The Debtors*", which approved the Debtors' retention of

2

Development Specialists, Inc. for which Joseph J. Luzinski is the primary designee, as their liquidating representative (the "Liquidating Representative").  (Doc. No. 148.)

C.        On November 6, 2014, the Court entered that certain "*Interim Order (I) Approving Sale And Bid Procedures; (II) Approving The Form And Manner Of Notice; And (III) Granting Related Relief*" (the "Sale & Bid Procedures Order"), which approved the Sale & Bid Procedures that governed the auction of the Debtors' Properties that commenced on or about December 18, 2014 (the "Auction").  (Doc. No. 201.)

D.        On December 5, 2014, the Court entered that certain "*Order (I) Approving Lease Assumption And Assignment Procedures; (II) Approving The Form And Manner Of Notice; And (III) Granting Related Relief*" (the "Assumption Procedures Order").  (Doc. No. 248.)

E.        On December 5, 2014, the Court entered that certain "*Order Determining Credit Bid Rights Of Holders*" (the "Credit Bid Order"), which determined, conditioned, and established the credit-bid rights of the RCR III Holder at the Auction.  (Doc. No. 250.)

F.        On December 18, 2014, the Debtors commenced the Auction in order to facilitate the sale of all of the Debtors' Properties in accordance with the Sale & Bid Procedures Order.

G.        On January 16, 2015, the Court entered that certain "*Order (I) Authorizing Continuance; (II) Authorizing Amendment To Sale & Bid Procedures; And (III) Granting Related Relief*" (the "Re-Solicitation Order"), which granted to the Debtors the express authority to re-solicit bids for the purchase of the Properties in order to determine the market interest and willingness of interested parties to submit bids.  (Doc. No. 337, at 3.)

H.        On March 13, 2015, the Debtors filed with the Court that certain "*Motion For Order (I) Scheduling Interim And Final Hearings On Proposed Sale Of Debtors' Properties; (II) Approving Bid Increments And Bid Protections; (III) Establishing Notice Periods And Bid*

*Deadlines; And (IV) Granting Related Relief*" (the "DIV Sale Motion"), which sought interim

and final relief, ultimately, to convey the Properties at an aggregate price of $37.1 million for

each Debtor's portfolios of Properties to the Buyer subject to higher and/or better offers.  (Doc.

No. 445.)

I.      On March 19, 2015, the Court presided over a hearing on the DIV Sale Motion

(the "Interim Hearing"), and on March 27, 2015, the Court entered that certain "*Interim Order (I)*

*Scheduling Interim And Final Hearings On Proposed Sale Of Debtors' Properties; (II)*

*Approving Bid Increments And Bid Protections; (III) Establishing Notice Periods And Bid*

*Deadlines; And (IV) Granting Related Relief*" (the "Interim Sale Order"), which granted interim

relief requested in the DIV Sale Motion, including, (i) designating the Buyer as a stalking-horse

bidder to acquire the Properties at an increased, aggregate price of $37,350,000.00, with

$30,825,000.00 apportioned to RCR and $6,525,000.00 apportioned to RCR III; (ii) establishing

bid deadlines; (iii) establishing notice procedures; and (iv) scheduling the Sale Hearing for April

20, 2015.  (Doc. Nos. 468, 470, 494.)

J.      This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157(b) and

1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

K.      Venue of the Debtors' chapter 11 proceedings and the Motions before this Court

in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

L.      As evidenced by the affidavits and certificates of service filed with the Court and

based on the representations of counsel at the Sale Hearing, due and sufficient notice of the Sale

Procedures Motion, the Lease Motion, the DIV Sale Motion, the Assumption, Assignment, &

Cure Notice, the Interim Hearing, the Sale Hearing, and the relief granted herein has been

provided under 11 U.S.C. §§ 105(a), 363, and 365 and Rules 2002, 6004, and 6006 of the

Bankruptcy Rules, and the Debtors have complied in all respects with the procedures and notice requirements, as may be applicable, set forth in the Sale & Bid Procedures, as modified, the Sale & Bid Procedures Order, the Assumption Procedures, the Assumption Procedures Order, the Re-Solicitation Order, and the Interim Sale Order, and no other or further notice need be given.

M.      A reasonable opportunity to object and be heard with respect to the DIV Sale Motion, the Sale Procedures Motion, and the Lease Motion has been afforded to all interested persons and entities, including, without limitation, the Tenants and/or any non-Debtor counterparties to any Leases, as applicable.

N.      As evidenced by the testimony and other evidence proffered or adduced at the Sale Hearing and based on the representations of counsel at the Sale Hearing, the Debtors marketed the Properties and conducted the sale in compliance with the Sale & Bid Procedures, as modified, the Sale & Bid Procedures Order, the Re-Solicitation Order, and the Interim Sale Order, as each may be applicable.

O.      The Debtors, through the Liquidating Representative, have demonstrated good, sufficient, and sound business purpose and justification for the sale of the Properties to the Buyer because, among other things, the Debtors diligently and in good faith analyzed all other available options in connection with the disposition of the Properties and determined that: (a) the terms and conditions set forth in the Sale Agreement between the Debtors and the Buyer; (b) the transfer to the Buyer of the Properties pursuant thereto; and (c) the Purchase Price are all fair and reasonable and together constitute the highest and best value that may be obtained for the Properties under the circumstances.

P.      The Properties constitute property of each respective Debtor's bankruptcy estate and title thereto is vested in their bankruptcy estates within the meaning of 11 U.S.C. § 541.

RCR is the sole and lawful owner of the fee simple interests in the RCR Properties, which includes any right, title, and interest in all associated personal property, fixtures, and appliances and warranties, located on, within, or used in connection with the RCR Properties that are owned by RCR. RCR III is the sole and lawful owner of the fee simple interests in the RCR III Properties, which includes any right, title, and interest in all associated personal property, fixtures, and appliances and warranties, located on, within, or used in connection with the RCR III Properties that are owned by RCR III.

Q.      The Buyer is not an "insider" of either Debtor as that term is defined in 11 U.S.C. § 101(31).

R.      The Buyer has acted in good faith under 11 U.S.C. § 363(m).

S.      The Buyer has not colluded or otherwise acted in manner that would implicate 11 U.S.C. § 363(n).

T.      The consideration provided by the Buyer for the Properties pursuant to the Sale Agreement: (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the Properties; (iii) will maximize the recovery for the Debtors' creditors, bankruptcy estates, equity security holders, stakeholders, and other parties-in-interest; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, commonwealth, or possession thereof, or the District of Columbia.

U.      The sale of the Properties must be approved and consummated promptly to obtain the value provided under the terms of the Sale Agreement.

V.      The transfer of the Properties to the Buyer is a legal, valid, and effective transfer of the Properties, and shall vest the Buyer with all right, title, and interest of the Debtors to the Properties, such transfer is free and clear of any lien, claim, or interest in the Properties of any

entity other than the applicable Debtor's bankruptcy estate, including, without limitation, mortgages, deeds of trust, tax liens and any statutory or common law liens, possessory or otherwise, charge, pledge, security interest, option or other encumbrance, including the filing of, or agreement to give, any financing statement under the Uniform Commercial Code of any jurisdiction, and any monetary amounts which are secured by any liens (collectively, the "<u>Liens</u>"), except for those items defined in the Sale Agreement, and which are referred to hereinafter as the "<u>Permitted Exceptions</u>".

W.     If the sale of the Properties by the Debtor were not free and clear of any and all Liens, except for the Permitted Exceptions, as set forth in the Sale Agreement and this Order, or if the Buyer would, or in the future could, be liable for any of the Liens, the Buyer would not have entered into the Sale Agreement or submitted an offer for the Properties and would not consummate the Sale contemplated by the Sale Agreement, thus adversely affecting the Debtors, their bankruptcy estates, their creditors, their equity security holders, their stakeholders, and other parties-in-interest.

X.     The Debtor may sell its interest in the Properties free and clear of all Liens, except the Permitted Exceptions, because in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) is satisfied.  All holders of any Liens that did not object to the Sale Procedures Motion, the Lease Motion, the Auction, or the DIV Sale Motion, or that withdrew their objections thereto, are deemed to have consented to the sale of the Properties pursuant to 11 U.S.C. § 363(f)(2) and all holders of Liens are adequately protected within the meaning of 11 U.S.C. § 363(e) by having their Liens attach to the cash proceeds of the sale ultimately attributable to the property against or in which they claim an interest with the same priority, validity, force, and effect as they were attached to such property immediately before the closing

of the sale.

Y.      Subject to entry of this Order, each Debtor has full corporate power and authority to execute and deliver the Sale Agreement and to perform all of their respective obligations thereunder, and the sale of the Properties and assumption and assignment of the Assumed and Assigned Leases has been duly and validly authorized by all corporate authority necessary to consummate the sale.  No consents or approvals, other than as expressly provided for in the Sale Agreement and the entry of this Order, are required by the Debtors to consummate the sale.

Z.      The assumption of the Assumed and Assigned Leases by the Debtors and the assignment thereof to the Buyer, as applicable, pursuant to the terms of the Assumption Procedures Order and this Order, is integral to the Sale Agreement and is in the best interests of the Debtors, their bankruptcy estates, their creditors, their equity security holders, their stakeholders, and other parties-in-interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtors.  Accordingly, such assumption and assignment is reasonable and enhances the value of the Debtors' bankruptcy estates.  No provision of any Assumed and Assigned Lease that purports to prohibit, restrict, or condition the assignment of any such Assumed and Assigned Lease in connection with the sale shall have any force or effect. Pursuant to 11 U.S.C. § 365(f), the Assumed and Assigned Leases shall be assigned and transferred to, and remain in full force and effect for the benefit of the Buyer.

AA.     The Debtors have met all requirements of 11 U.S.C. § 365(b) for each of the Assumed and Assigned Leases.  The Debtors have provided adequate assurance of cure of any default, if any, existing prior to the Closing Date under any of the Assumed and Assigned Leases, within the meaning of 11 U.S.C. § 365(b)(1)(A), and provided adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from such default

under any of the Assumed and Assigned Leases within the meaning of 11 U.S.C. § 365(b)(1)(B).

BB.     The Buyer has provided adequate assurance of its future performance of and under the Assumed and Assigned Leases, within the meaning of 11 U.S.C. § 365(b)(1)(C), to the extent applicable, including, without limitation, any  provisions, obligations, and responsibilities concerning Tenants' security deposits and related refund obligations.   The Buyer shall be obligated to the Tenants to perform all duties, obligations, and responsibilities as lessor and landlord under the terms of the Assumed and Assigned Leases, including, without limitation, any provisions, obligations, and responsibilities concerning Tenants' security deposits and related refund obligations.  At Closing, the Debtor or CompassRock Real Estate, LLC, in its capacity as the court appointed receiver for the Properties, as may be applicable, shall transfer to the Buyer all funds held in escrow or maintained in other accounts that constitute the Tenants' security deposits.

CC.     The Tenants and other non-Debtor counterparties to the Assumed and Assigned Leases were provided with notice and the opportunity to object and be heard with respect to the sale, the Assumption, Assignment, & Cure Notice, and the Assignment Schedule, in accordance with the Assumption Procedures and the Assumption Procedures Order, and are deemed to have consented to assumption and assignment pursuant to 11 U.S.C. § 363(f)(2).  Except as expressly set forth in the Sale Agreement and in this Order, the transfer of the Assumed and Assigned Leases will not subject the Buyer to any liability whatsoever prior to the Closing Date, or by reason of such transfer under the laws of the United States, any state, commonwealth, territory, or possession thereof, or the District of Columbia, based, in whole or in part, on any theory of law or equity.

DD.     The Sale is not for the purpose of hindering, delaying, or defrauding creditors

under the Bankruptcy Code and under the laws of the United States, any state, commonwealth, territory, or possession thereof, or the District of Columbia.  Each of the Debtors and the Buyer are not and will not be entering into the Sale Agreement fraudulently.

EE.    The sale and assignment of the Properties outside of a plan of reorganization pursuant to the Sale Agreement neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for the Debtors.  The sale of the Properties and the Sale Agreement do not constitute a *sub rosa* chapter 11 plan.

FF.    Time is of the essence in consummating the sale of the Properties.  In order to maximize the value of the Properties, it is essential that the sale and assignment of the Properties and the Assumed and Assigned Leases occur within the time constraints set forth in the Sale Agreement.  The sale must be approved and consummated promptly in order to preserve the viability of the Properties as going concerns, to maximize the value to the Debtors, their bankruptcy estates, their creditors, their equity security holders, their stakeholders, and parties-in-interest.  There exists cause to lift any applicable stay that would delay the effectiveness of the entry of this Order, including, without limitation, the stays imposed by Rules 6004 and 6006 of the Bankruptcy Rules and any Local Rules of the Court.

GG.    The Debtors' decision to enter into the Sale Agreement is a reasonable exercise of the Debtors' business judgment, exercised through the Liquidating Representative, and is in the best interests of the Debtors, their bankruptcy estates, their creditors, their equity security holders, their stakeholders, and all other parties-in-interest; therefore

**THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES THAT**:

1.    The Motions are GRANTED as to the Debtors and the Properties, as modified by

the terms of this Order.

2.      All objections to the Motions, the Sale & Bid Procedures Order, and the Assumption Procedures Order, the Interim Sale Order, and this Order, or the relief granted herein, that have not been overruled, withdrawn, waived, settled, or otherwise resolved, are hereby overruled and denied on the merits with prejudice.

3.      The Court's findings of fact and conclusions of law in each of the Sale & Bid Procedures Order, and the Assumption Procedures Order, the Re-Solicitation Order, and the Interim Sale Order, as well as the records of the Interim Hearing and the Sale Hearing, and any other hearings related thereto, are expressly incorporated herein by reference.

4.      Pursuant to 11 U.S.C. § 363, the Sale Agreement and each of the transactions contemplated thereby are approved in their entirety, and the Debtors are authorized, empowered, and directed to enter into and perform its obligations under the Sale Agreement, and to execute and perform such agreements or documents and take any other actions as necessary and desirable to effectuate the terms of the Sale Agreement.

5.      At Closing, the Debtors are authorized to pay and disburse Customary and Reasonable Closing Costs, as defined in the Sale & Bid Procedures Order, as modified.

6.      Pursuant 11 U.S.C. §§ 105, 363(b), and 363(f), the sale of the Properties to the Buyer, free and clear of all Liens other than the Permitted Exceptions, is approved.  Further, upon consummation and closing of the Sale Agreement, the Debtors' rights, title, and interest in and to the Properties shall be transferred to the Buyer free and clear of all Liens other than Permitted Exceptions, with all such Liens, including, without limitation, any and all "claims" as defined in 11 U.S.C. § 101(5), to attach to amounts payable to the Debtors under the Sale Agreement with same validity, force, and effect as the same had with respect to the assets and

the Properties at issue prior to the sale.

7.      The Debtors are authorized, empowered, and directed to have assumed and assigned the Assumed and Assigned Leases to the Buyer.  The Buyer is authorized, empowered, and directed to perform all of the Debtors' obligations, responsibilities, and duties under the terms and provisions of the Assumed and Assigned Leases, including, without limitation, any and all obligations, responsibilities, and duties related to the Tenants' security deposits and the refunding of security deposits.  At Closing, the Debtors or CompassRock Real Estate, LLC, in its capacity as the court appointed receiver for the Properties, as may be applicable, shall transfer to the Buyer all funds held in escrow or maintained in other accounts that constitute the Tenants' security deposits.

8.      If any creditor, person, or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Liens on or against the Properties shall not have delivered to the Debtors prior to the Closing of the Sale, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens that the person or entity has with respect to the Properties, or otherwise, then (a) the Debtors are hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Properties; and (b) the Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, when filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Liens on or against the Properties of any kind or nature whatsoever except for the Permitted Exceptions.

9.      This Order (a) shall be effective as a determination that, upon the Closing of the sale, all Liens of any kind or nature whatsoever existing as to either Debtor or the Properties

prior to the Closing of the sale, except for the Permitted Exceptions, have been unconditionally released, discharged, and terminated, other than any surviving obligations, and that the conveyances described herein have been effected; and (b) shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, clerks of court, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Properties, or any portions thereof.

10.    All persons and entities, including, without limitation, all debt security holders, all equity security holders, governmental, tax, and regulatory authorities, lenders, trade stakeholders, and other stakeholders, holding Liens of any kind or nature whatsoever against or in the Debtors or the Properties, except the Permitted Exceptions, whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated, arising under or out of, in connection with, or in any way relating to the Properties prior to the Closing of the sale, the transfer of the Properties to the Buyer, hereby are forever barred, estopped, and permanently enjoined from asserting such persons' or entities' Liens against the Buyer, its successors or assigns, its property, or the Properties, such persons' or entities' Liens.

11.    The consideration provided by the Buyer for the Properties under the Sale Agreement constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and under the laws of the United States, and any state, commonwealth, territory, or possession thereof, or

the District of Columbia.  Accordingly, the sale of the Properties may not be avoided under 11

U.S.C. § 363(n) or any other provision of the Bankruptcy Code.

12.      Upon the Closing of the sale, this Order shall be construed as and shall constitute,

for any and all purposes, a full and complete general assignment, conveyance, and transfer of the

Properties or a bill of sale transferring good and marketable title in the Properties to the Buyer

pursuant to the terms of the Sale Agreement.

13.      The Sale Agreement and any related agreements, documents, or other instruments

may be modified, amended, or supplemented by the parties thereto, only in a writing signed by

such parties, and in accordance with the terms thereof, without further order of the Court,

provided that any such modification, amendment, or supplement does not have a material

adverse effect on the Debtors or their bankruptcy estates.  The Debtors and the Buyer are

expressly authorized, without further order of this Court, to execute amendments to the Sale

Agreement to provide for the Closing to occur on or before the Closing Date.  Any modification,

amendment, or supplement to the Sale Agreement that has a materially adverse effect on the

Debtors or their bankruptcy estates must be approved by order of the Court following the filing

of a motion to approve such proposed modification, amendment, or supplement, and notice

thereof and an opportunity to be heard by all interested parties.

14.      The failure specifically to include any particular provisions of the Sale

Agreement, which is expressly incorporated herein by reference, in this Order shall not diminish

or impair the effectiveness of such provisions, it being the intent of the Court that the Sale

Agreement is hereby authorized and approved in its entirety, as it may be amended or

supplemented in accordance with its terms and this Order.

15.      This Order and the Sale Agreement shall be binding in all respects upon the

Debtors, all stakeholders of the Debtors, whether known or unknown, and any subsequent trustees appointed in either Debtor's chapter 11 proceeding or upon a conversion of either proceeding to a case under chapter 7 of the Bankruptcy Code.

16.    Unless expressly stated in either this Order or the Sale Agreement, the Buyer and its respective affiliates, predecessors, successors, assigns, members, partners, officers, directors, principals, and shareholders, or the equivalent, are not and shall not be (i) deemed a "successor" in any respect to the Debtors or their bankruptcy estates as a result of the consummation of the sale, or the transactions contemplated thereby, or the Sale Agreement or any other event occurring in the Debtors' chapter 11 proceedings under any theory of law or equity; (ii) deemed to have *de facto*, or otherwise, merged, or consolidated with or into the Debtors or their bankruptcy estates; (iii) deemed to have a common identity with either Debtor; (iv) deemed to have a continuity of enterprise with the Debtors; or (v) deemed to be a continuation or substantial continuation of the Debtors or any enterprise of the Debtors.  Except for any liabilities relating to the Assumed and Assigned Leases, including the security deposit refund obligations due to Tenants, the Buyer shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of any of the Debtors or their bankruptcy estates, including, without limitation, any bulk sales law, successor liability, liability or responsibility for any claim against the Debtors or against an insider of the Debtors, or similar liability, except as otherwise expressly provided in the Sale Agreement.  The Motions contain sufficient notice of such limitation in accordance with the Bankruptcy Rules and any applicable Local Rule of the Court. Except as otherwise provided in this Order or the Sale Agreement, the transfer and assignment of the Properties and the Assumed and Assigned Leases to a Buyer, as applicable, under the Sale Agreement shall not result in the Buyer, or its respective affiliates, predecessors, successors,

assigns, members, partners, officers, directors, principals, vendors, professionals, and shareholders, or the equivalent (i) having any liability or responsibility for any claim against the Debtors or against an insider of the Debtors; (ii) having any liability whatsoever with respect to or be required to satisfy in any manner, whether at law or in equity, whether by payment, setoff or otherwise, directly or indirectly, any Liens; or (iii) having any liability or responsibility to the Debtors except as is expressly set forth in the Sale Agreement.

17.    Under 11 U.S.C. §§ 105(a), 363, and 365, and subject to and conditioned upon the consummation and Closing of the sale, the Debtors' assumption of the Assumed and Assigned Leases and assignment thereof to the Buyer, free and clear of any and all Liens pursuant to the terms set forth in the Sale Agreement, is expressly approved, and the requirements of 11 U.S.C. §§ 365(b)(1) and 365(f)(2), to the extent applicable, with respect thereto are deemed satisfied. Each Tenant and each non-Debtor counterparty to an Assumed and Assigned Lease is hereby forever barred, estopped, and permanently enjoined from raising or asserting against the Debtors, the Buyer, or the property or assets of any of such parties, any assignment fee, default, breach, claim, pecuniary loss, liability, or obligation, whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, known or unknown, liquidated or unliquidated, senior or subordinate, arising out of, in connection with, or in any way related to the Assumed and Assigned Leases existing as of the Closing Date or arising by reason of the assumption, assignment, sale, and/or Closing.  Notwithstanding the foregoing, pursuant to the terms and provisions of the Sale Agreement, the Buyer shall be liable for all obligations arising after the Closing Date under the Assumed and Assigned Leases, including, without limitation, any and all liabilities, responsibilities, duties, and obligations relating to the refund of security deposit obligations due to Tenants, and the Debtors shall not be liable for any such liabilities,

responsibilities, duties, and obligations.

18.     The Assumed and Assigned Leases shall be deemed to be valid and binding and in full force and effect and enforceable in accordance with their terms.  Upon the Closing, in accordance with 11 U.S.C. §§ 363 and 365, the Buyer shall be fully and irrevocably vested with all right, title, and interest of the Debtors under the Assumed and Assigned Leases.  The assignment of each Assumed Lease is deemed to be made in good faith under, and entitled to the protection of, 11 U.S.C. § 363(m).

19.     The Buyer has provided adequate assurance of its future performance under the relevant Assumed and Assigned Leases within the meaning of 11 U.S.C. §§ 365(b)(1)(C) and 365(f)(2)(B), as well as 11 U.S.C. § 365(b)(3) to the extent applicable.  All other requirements and conditions under 11 U.S.C. §§ 363 and 365 for the assumption by the Debtors and assignment to the Buyer of the Assumed and Assigned Leases have been satisfied.

20.     No sections or provisions of the Assumed and Assigned Leases that purport to (a) prohibit, restrict, or condition the Debtors' assignment of the Assumed and Assigned Leases, including, without limitation, the conditioning of such assignment on the consent of the Tenant or non-Debtor counterparty to such Assumed and Assigned Leases; (b) authorize the termination, cancellation, or modification of the Assumed and Assigned Leases based on the filing of a bankruptcy case, the financial condition of the Debtors, or similar circumstances; (c) declare a breach or default as a result of a change in control in respect of the Debtors; or (d) provide for additional payments, penalties, conditions, renewals, extensions, charges, other financial accommodations in favor of the non-Debtor third party to the Assumed and Assigned Leases, or modification of any term or condition upon the assignment of an Assumed Lease or the occurrence of the conditions set forth in subsection (b) above, shall have any force and effect,

17

and such provisions constitute unenforceable anti-assignment provisions under 11 U.S.C. § 365(f) and/or are otherwise unenforceable under 11 U.S.C. § 365(e). The entry of this Order constitutes the consent of the respective Tenants and non-Debtor parties to the Assumed and Assigned Leases to the assumption and assignment of such agreements without the necessity of obtaining such party's consent, written or otherwise, to such assumption or assignment. All Assumed and Assigned Leases shall remain in full force and effect, without existing default(s), subject only to payment of the applicable Cure Amount, if any, as set forth on the Assumption, Assignment, & Cure Notice, as filed with the Court on or about December 10, 2014, in accordance with the Sale Agreement.

21. There shall be no rent accelerations, assignment fees, increases, or any other fees charged to the Buyer, its successors or assigns, or the Debtors as a result of the assumption and assignment of the Assumed and Assigned Leases.

22. Payment of the Cure Amounts, if any, set forth in the Assumption, Assignment, & Cure Notice, or such other amount as may be agreed to by the Debtors and the Tenant and/or the non-Debtor counterparty to the applicable Assumed and Assigned Lease, in accordance with the Sale Agreement is hereby authorized. All defaults or other obligations of the Debtor shall be deemed cured and shall no longer exist upon the payment, or other satisfaction, of the Cure Amounts set forth in the Assumption, Assignment, & Cure Notice against which no timely objections are properly filed and served in accordance with the Assumption Procedures and the Assumption Procedures Order, or such other amount as may be agreed to by the Debtors and the Tenant and/or non-Debtor counterparty to the applicable or Assumed and Assigned Lease. Except for the Cure Amounts set forth in the Assumption, Assignment, & Cure Notice against which no timely objections are properly filed and served in accordance with the Assumption

18

Procedures and the Assumption Procedures Order, or such other amount as may be agreed to by the Debtors and the Tenant and/or non-Debtor counterparty to the applicable Assumed and Assigned Lease, there shall be no defaults existing under the Assumed and Assigned Leases, nor shall there exist any event or condition which, with the passage of time or giving of notice, or both, would constitute such a default.

23.    In accordance with the Assumption Procedures and the Assumption Procedures Order, the Debtors have served on all of the Tenants and/or non-Debtor counterparties to the Assumed and Assigned Leases, identified on the Assumption, Assignment, & Cure Notice, as filed with the Court, that included (i) the contracts and/or leases that are to be assumed by the Debtors and assigned to the Buyer in connection with the sale of the Properties; (ii) the Tenant Identifier and address of the respective Tenant under the Assumed and Assigned Lease; (iii) any applicable Cure Amounts; and (iv) the deadline by which any Tenant was required to have filed and served an objection to the proposed, applicable Cure Amounts.  No other or further notice is required.

24.    In accordance with the Assumption Procedures and the Assumption Procedures Order, the Debtors have served and filed with the Court, and the Assignment Schedule, that included (i) the name of the Buyer; (ii) the contracts and/or leases that are to be assumed by the Debtors and assigned to the Buyer in connection with the sale of the Properties; (iii) the Tenant Identifier and address of the respective Tenant under the Assumed Lease; (v) the proposed effective date of the assignment; (vi) a statement as to the ability of the Buyer, to perform the Debtors' obligations under such contracts and/or leases; and (vii) the deadline by which any Tenant was required to have filed and served an objection to the proposed assumption and assignment of the applicable Assumed and Assigned Leases.  No other or further notice is

required.

25.     To the extent that the Buyer seeks to include additional contracts or leases on the schedule of Assumed and Assigned Leases (the "Additional Contracts"), the Debtors shall file with the Court and serve on each non-Debtor counterparty, including Tenants as applicable, to such Additional Contracts an Assumption, Assignment, & Cure Notice in accordance with the Assumption Procedures and the Assumption Procedures Order.  The counterparty shall have until 4:00 p.m. prevailing Eastern Time on the date that is seven (7) days from the service of such Assumption, Assignment, & Cure Notice to file and serve any objection to the assumption and assignment of the Additional Contract and proposed Cure Amount, if any, in accordance with the Assumption Procedures.  If no objection is timely filed and served in accordance with the Assumption Procedures, such Additional Contract shall be deemed an Assumed Lease, then the payment of the proposed Cure Amount, or such other amount as may be agreed between the Debtors and the Tenant and/or non-Debtor counterparty, if any, shall be authorized, and the assumption and assignment of such Assumed Lease shall be hereby approved pursuant to this Order.

26.     Any Tenant and/or non-Debtor counterparty to an Assumed and Assigned Lease designated to be assumed and assigned to the Buyer who has not timely filed and served an objection in accordance with the Assumption Procedures and the Assumption Procedures Order shall thereafter be barred from objecting or asserting monetary or non-monetary defaults with respect to any such Assumed and Assigned Lease, and such Assumed and Assigned Lease shall be deemed assumed by the Debtors and assigned to the Buyer on the Closing Date pursuant to this Order.

27.     Notwithstanding anything to the contrary herein or in the Assumption Procedures,

the Assumption Procedures Order, the Sale & Bid Procedures, as modified, or the Sale & Bid

Procedures Order, no executory contract or lease shall be considered an Assumed and Assigned

Lease under this Order unless and until such executory contract or lease shall have been assumed

and assigned by the Debtors to the Buyer in accordance with the Assumption Procedures and the

Assumption Procedures Order.

28.    Any objection to the assumption and assignment of any Assumed and Assigned

Lease, including any Additional Contract, and/or proposed Cure Amount, if any, related thereto

that is filed and served in accordance with the Assumption Procedures and the Assumption

Procedures Order that has not been resolved, withdrawn, or overruled on or prior to the Closing

Date may be heard at a later date as set by the Court after the Closing of the Sale, provided,

however, that the Debtors may, in their sole discretion, settle any objections to proposed Cure

Amounts without any further notice to or action by any party or order of the Court, including,

without limitation, the payment of any agreed Cure Amount; provided that notice to and consent

of the Buyer shall be required to the extent, if any, that each Buyer is liable for such Cure

Amount pursuant to the Sale Agreement as may be modified by this Order.

29.    All Tenants and/or non-Debtor counterparties to the Assumed and Assigned

Leases shall cooperate and expeditiously execute and deliver, upon the reasonable request of the

Buyer, and shall not charge the Debtors or the Buyer for any instruments, applications, consents,

or other documents that may be required or requested to effectuate the applicable transfers and

assignments in connection with the Sale and the transactions contemplated thereby.

30.    Nothing in this Order, the Motions, the Assumption, Assignment, & Cure Notice,

the Assignment Schedule, or any other notice or other document is or shall be deemed to be an

admission by the Debtors that any contract or lease is an executory contract or must be assumed

and assigned pursuant to a Sale Agreement or in order to consummate and close the Sale and the transactions contemplated thereby.

31.    The failure of the Debtors or the Buyer to enforce at any time one or more terms or conditions of any Assumed and Assigned Leases shall not constitute a waiver of any such terms or conditions, or of the Debtors' or Buyer's rights to enforce every term and condition of an Assumed and Assigned Lease.

32.    Except as expressly provided in this Order or the Sale Agreement, nothing in this Order shall be deemed to waive, release, extinguish, or estop the Debtors or their bankruptcy estates from asserting, or otherwise impair or diminish any right, including, without limitation any right of recoupment, claim, cause of action, defense, offset, or counterclaim.

33.    The failure to include specifically or expressly in this Order any particular provisions of a Sale Agreement or related or ancillary agreements, which are expressly incorporated herein by reference, shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Debtors, and the Buyer that the Sale Agreement and any related or ancillary agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Order.  All of the provisions of this Order are nonseverable and mutually dependent.

34.    In the event of any inconsistency between this Order, the Motions, the Sale & Bid Procedures, as modified, Sale & Bid Procedures Order, the Assumption Procedures, the Assumption Procedures Order, the Re-Solicitation Order, and the Interim Sale Order, as well as any other or prior order, motion, or pleading filed or entered in these bankruptcy cases, this Order shall govern in all respects.

35.    To the extent that this Order is inconsistent with any provisions or terms of the

Sale Agreement, including, without limitation, any ancillary documents executed in connection with a Sale Agreement, this Order shall govern in all respects.

36.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

37.     The requirement under Local Bankruptcy Rule 9013-1(G), of a separate memorandum of points and authorities to accompany a motion, is hereby waived with respect to the Motions.

38.     Notice of: (i) the Motions, (ii) the assumption and assignment of the Assumed and Assigned Leases, (iii) the Assumption, Assignment, & Cure Notice, (iv) the Assignment Schedule, (v) the Auction, (vi) the Sale Hearing, and (vii) the sale, and all other hearings transactions contemplated thereby and related orders of this Court, was proper, fair, and equitable under the circumstances and complied in all respects with the Sale & Bid Procedures, as modified, Sale & Bid Procedures Order, the Assumption Procedures, the Assumption Procedures Order, and the Interim Sale Order, as applicable, as well as all applicable Bankruptcy Rules, the Local Rules of the Court, and the Bankruptcy Code.

39.     Notwithstanding any Bankruptcy Rule, including, without limitation, Rules 4001, 6004, and 6006, or any Local Rules of the Court that may otherwise delay the effectiveness of this Order, the requirements of each of which are hereby waived; the terms and conditions of this Order shall be effective and enforceable immediately upon entry on the Court's docket.  Time is of the essence and the Debtors and the Buyer intend to close the sale as soon as practicable.  Any party objecting to this Order must exercise due diligence in filing an appeal, pursuing a stay, and obtaining a stay prior to the Closing, or risk its appeal being foreclosed as moot.

40.     As to only acts necessary to, and in furtherance of, the Closing of the sale, the

automatic stay of 11 U.S.C. § 362 is hereby lifted with respect to the Debtors only to the extent necessary, without further order of the Court, to allow the Buyer to deliver any notice provided for in the Sale Agreement and allow the Buyer to take any and all actions under the Sale Agreement.

41.    This Court shall retain exclusive jurisdiction to (a) interpret, implement, and enforce the terms and provisions of this Order, the Sale & Bid Procedures, as modified, the Assumption Procedures, the Re-Solicitation Order, the Interim Sale Order, and the Sale Agreement, including all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith, in all respects; (b) decide any disputes concerning this Order and the Sale Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Sale Agreement and this Order including, without limitation, the interpretation of the terms, conditions, and provisions hereof and thereof, the status, nature, and extent of the Properties and any Assumed and Assigned Leases and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the assets free and clear of all Liens; and (c) enforce the injunctions set forth herein.

42.    Nothing contained in any chapter 11 plan confirmed in either Debtor's chapter 11 case or any order confirming such a plan or any other order in the Debtors' chapter 11 cases, including, without limitation, any order entered converting either of these chapter 11 cases to a case proceeding under chapter 7 of the Bankruptcy Code or after such a conversion, shall alter, conflict with, or derogate from, the provisions of this Order or the Sale Agreement, and to the extent of any such alteration, conflict, or derogation, the terms of this Order and the Sale Agreement shall control.

43.     As necessary and as may be requested by the other, the Debtors and the Buyer, as well as CompassRock Real Estate, LLC, in its capacity as the court-appointed receiver for the Properties, each as may be applicable, shall execute and deliver, or cause to be executed and delivered, all such documents or instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate and close the sale, including, without limitation, such actions as may be necessary to vest, perfect, or confirm, record or otherwise, in the Buyer, its right, title, and interest in and to the Properties and the Assumed and Assigned Leases.

DATED:

_____
United States Bankruptcy Judge

ENTERED ON DOCKET:

*I Ask For This*:

/s/
Robert H. Chappell, III, Esq. (VSB No. 31698)
Timothy G. Moore, Esq. (VSB No. 41730)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:    (804) 697-2000
Facsimile:    (804) 697-2100
*Counsel for the Debtors &*
*Debtors-In-Possession*

## CERTIFICATION

The undersigned certifies that the foregoing Order has been endorsed by or served on all necessary parties as required by Local Bankruptcy Rule 9022(C)(1).

April [X], 2015                                        /s/
Date                                                        Counsel

665057.v.2.doc

**[INSERT - PROPERTIES LIST, GPINs, LEGAL DESCRIPTIONS]**