**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| *In re*: ) | Chapter 11 |
| ) | (Joint Administration) |
| River City Renaissance, LC, & ) | |
| River City Renaissance III, LC[1], ) | |
| ) | |
| *Debtors*. ) | Case No. 14-34080-KLP |
| ) | |

**ORDER VERIFYING NOTICE OF SETTLEMENT AND SALE**

On the oral motion (the "Oral Motion") of River City Renaissance, LC ("RCR") and River City Renaissance III, LC ("RCR III"; collectively, the "Debtors"), as debtors and debtors-in-possession, through counsel and pursuant to 11 U.S.C. §§ 105(a), 363, and 365 and Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking approval of shortened, limited notice on certain former tenants that resided at the Debtors' residential apartment buildings and real properties as of the Petition Date but who have moved out post-petition (the "Former Tenants"), made by Debtors' counsel at the April 20, 2015 hearing (the "Sale Hearing") before the Court in connection with the Debtors' (A) "*Motion For Order (I) Approving Sale Of Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests; (II) Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases; And (III) Granting Related Relief*" (the "Sale Motion" [2]; Doc. No. 532); (B) "*Motion*

---

[1] The final four digits of the federal tax ID numbers for River City Renaissance, LC and River City Renaissance III, LC, respectively, are 8910 and 8102.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Motion.

Robert H. Chappell, III, Esq. (VSB No. 31698)
Timothy G. Moore, Esq. (VSB No. 41730)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:    (804) 697-2000
Facsimile:    (804) 697-2100
*Counsel for the Debtors & Debtors-In-Possession*

*Seeking Approval Of Settlement And Compromise*" (the "Settlement Motion"; Doc. No. 509); and (C) prior motions and orders related to the Sale Motion and the Settlement Motion, regarding notice of the Hearing, the Sale Motion, and the Settlement Motion; and based on the Debtors' filing of the Former Tenant Schedule on April 21, 2015 (Doc. No. 547), and notice of the Sale Motion and the Settlement Motion being provided on the Former Tenants as set forth therein, and the Debtors' filing of the Supplemental Former Tenant Schedule on April 24, 2015 (Doc. No. 564), and notice of the Sale Motion and the Settlement Motion being provided on the Former Tenants as set forth therein; and the Court having jurisdiction to consider the Oral Motion and the requested relief under 28 U.S.C. §§ 157 and 1334; and in consideration that the Oral Motion and the requested relief presents a core proceeding under 28 U.S.C. § 157(b); and venue being proper before the Court under 28 U.S.C. §§ 1408 and 1409; and the relief requested in the Oral Motion being in the best interests of the Debtors, their creditors, the Tenants, the Former Tenants, and all other parties-in-interest; and the Court having reviewed the Oral Motion, the Former Tenant Schedule, and the Supplemental Former Tenant Schedule, and having held a hearing on April 29, 2015 (the "Hearing") with the appearance of parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion, the Sale Motion, the Settlement Motion, the Sale Hearing, and at the Hearing establish just cause for the relief granted herein, which relief is fair, equitable, and in the best interests of the Debtors, their bankruptcy estates, their creditors, and all parties-in-interest, and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor;

       **THE COURT HEREBY ORDERS AS FOLLOWS**:[3]

       1.       The relief requested in the Oral Motion is GRANTED.

---

[3] Conclusions of law shall be construed as findings of fact, and findings of fact shall be construed as conclusions of law. *See* Fed. R. Bankr. P. 7052.

2. Based on the notice provided to Former Tenants as set forth in the Former Tenant Schedule and the Supplemental Former Tenant Schedule, and the fact that no Former Tenants have interposed any response, objection, or opposition to the relief sought in either the Sale Motion or the Settlement Motion, the Court's Order Granting Motion Seeking Approval Of Settlement And Compromise, entered on April 23, 2015 (Doc. No. 548), is final and effective in all respects as to the Former Tenants.

3. Based on the notice provided to Former Tenants as set forth in the Former Tenant Schedule and the Supplemental Former Tenant Schedule, and the fact that no Former Tenants have interposed any response, objection, or opposition to the relief sought in either the Sale Motion or the Settlement Motion, the Court's Order (I) Approving Sale Of Assets Free And Clear Of Liens, Claims, Encumbrances, And Interests; (II) Approving The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases; And (III) Granting Related Relief (Doc. No. 549), is final and effective in all respects as to the Former Tenants.

4. Any objections to the relief sought in either the Sale Motion or the Settlement Motion that have not been overruled, withdrawn, or resolved are overruled and denied in all respects on the merits.

5. The requirement under Local Bankruptcy Rule 9013-1(G), of a separate memorandum of points and authorities to accompany a motion, is hereby waived with respect to the Oral Motion.

6. Notwithstanding any applicable Bankruptcy Rule or Local Rule of the U.S. Bankruptcy Court for the Eastern District of Virginia that may otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be effective and enforceable immediately upon entry on the Court's docket.

7.      This Court shall retain exclusive jurisdiction over any and all matters, disputes, or issues arising from or related to the implementation or interpretation of this Order and any related transactions.

DATED:  Apr 29 2015

/s/ Keith L. Phillips
_____
United States Bankruptcy Judge

ENTERED ON DOCKET:

Entered on Docket:  Apr 29 2015

*I Ask For This*:

/s/ James K. Donaldson
Robert H. Chappell, III, Esq. (VSB No. 31698)
Timothy G. Moore, Esq. (VSB No. 41730)
Jennifer J. West, Esq. (VSB No. 47522)
James K. Donaldson, Esq. (VSB No. 80307)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Telephone:   (804) 697-2000
Facsimile:    (804) 697-2100
*Counsel for the Debtors & Debtors-In-Possession*

## **CERTIFICATION**

      The undersigned hereby certifies that the foregoing Order has been endorsed by or served on all necessary parties as required by Local Rule 9022-1(C)(1).

Date: April 29, 2015                                                      /s/ James K. Donaldson

Case 14-34080-KLP    Doc 572    Filed 04/29/15    Entered 04/29/15 15:15:57    Desc Main
Document      Page 5 of 6

**PARTIES TO RECEIVE COPIES**:

Robert H. Chappell, III, Esq.
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219

Robert B. Van Arsdale, Esq.
Office of the U.S. Trustee - Region 4
701 East Broad Street, Suite 4304
Richmond, Virginia 23219